IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BORIS BRYANT, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 4:08-cv-037744 |
| | § | |
| FMC TECHNOLOGIES, ET AL. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT PRO STAFF'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES**

Defendant, Dobbs Temporary Services, Inc. d/b/a Pro Staff Personnel Services, improperly named as Prostaff Personnel Acquisition Corp. ("Pro Staff"), files this Answer to Plaintiffs' Complaint for Damages ("Plaintiffs' Complaint"), as follows:

**I.
AFFIRMATIVE DEFENSES**

Defendant Pro Staff asserts the following affirmative defenses as authorized by Federal Rule of Civil Procedure 8(c).

**A.      No Standing/Failure to State a Claim**

Plaintiffs have failed to state a claim against Pro Staff upon which relief can be granted. Plaintiffs Darren Mayo and Lamar Newton were not employed by Pro Staff during the relevant times made the basis of this lawsuit and therefore, have no standing to file suit against Pro Staff. Additionally, some and/or all of the allegations asserted by the remaining Plaintiffs occurred after their employment with Pro Staff and therefore, Plaintiffs have no standing to file suit against Pro Staff regarding these claims.

**B.      Administrative and Procedural Prerequisites**

Plaintiffs' claims for race discrimination, national origin discrimination, retaliation, and

hostile work environment are barred, in whole or in part, because Plaintiffs failed to satisfy the jurisdictional, administrative, or procedural prerequisites necessary to maintain all or part of these actions, including but not limited to the filing of a claim with the Equal Employment Opportunity Commission.

### C.    Reasonable Factors

All employment practices and decisions relating to Plaintiffs were based on reasonable factors other than race.

### D.    Mitigating Damages

Plaintiffs must mitigate any and all alleged damages, and Pro Staff is entitled to an offset for any amount Plaintiffs earned or reasonably should have earned.  Furthermore, to the extent Plaintiffs seek damages for emotional distress, Plaintiffs have failed to mitigate those alleged damages by remaining in an environment that is allegedly distressful to Plaintiffs and Defendants are entitled to an offset for the amount of damages Plaintiffs have failed to mitigate.

### E.    Damages Limitation

Plaintiffs' back pay award, if any, must be reduced in accord with the after-acquired evidence doctrine.  Additionally, Plaintiffs have no evidence that they suffered any economic damages as a result of their employment with Defendants.  Plaintiffs are currently employed and/or have been promoted with Defendant FMC Technologies, Inc. ("FMC").

### F.    No Malice or Reckless Indifference

Plaintiffs' claims for punitive damages are barred because Pro Staff did not possess malice or reckless indifference that it may have been acting in violation of federal law.

### G.    Good Faith Efforts

Plaintiffs' claims for punitive damages are barred because any discriminatory employment actions taken by agents of Pro Staff were contrary to Pro Staff's good-faith efforts to comply with Federal law and Texas law.

## II.
## ALLEGATIONS

Pleading further, if necessary, and without waiving the foregoing defenses, which are incorporated as appropriate below, Pro Staff answers the allegations of Plaintiffs' Complaint below by correspondingly numbered paragraphs:

### A.    Parties and Jurisdiction

1.    Pro Staff is without sufficient knowledge or information to either admit or deny the veracity of the representations made regarding Plaintiffs' race and/or ethnicity and therefore denies the allegations in paragraph 1 of Plaintiffs' Complaint.

2.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations regarding Plaintiff's residency and denies the allegations in paragraph 2 of Plaintiffs' Complaint.

3.    Pro Staff admits this Court has jurisdiction over Plaintiffs' federal claims.  Pro Staff denies the remaining allegations in paragraph 3 of Plaintiffs' Complaint, including but not limited to the validity of Plaintiffs' claims.

4.    Pro Staff admits this Court has supplemental jurisdiction over Plaintiffs' state claims. Pro Staff denies the remaining allegations in paragraph 4 of Plaintiffs' Complaint, including but not limited to the validity of Plaintiffs' claims.

5.     Pro Staff admits that venue is proper and denies the remaining allegations in paragraph 5 of Plaintiffs' Complaint, including but not limited to the allegation that any unlawful employment practices occurred.

6.     Pro Staff admits that Plaintiffs Boris Bryant, Edward Pierre, Lawrence Grice, Kevin McIntyre, Maurice Galimore, James Brown, Carlos Beatty, Marcus Parejo, John Lucas, and Carlton Sykes were hired by Pro Staff and assigned to work at FMC at various times. Pro Staff denies the remaining allegations in paragraph 6 of Plaintiffs' Complaint.

7.     Pro Staff is without sufficient information to admit or deny the allegations in paragraph 7 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 7 of Plaintiffs' Complaint.

8.     Pro Staff admits that that Plaintiffs Boris Bryant, Edward Pierre, Lawrence Grice, Kevin McIntyre, Maurice Galimore, James Brown, Carlos Beatty, Marcus Parejo, John Lucas, and Carlton Sykes received direction from FMC at various times and that it partners with FMC in regards to performance evaluations, hours, schedules and vacations.  Pro Staff is without sufficient information to admit or deny the remaining allegations in paragraph 8 of Plaintiffs' Complaint and therefore Pro Staff denies the remaining allegations in paragraph 8 of Plaintiffs' Complaint.

9.     Pro Staff admits that it is a Minnesota corporation operating in the State of Texas. Pro Staff admits that that Plaintiffs Boris Bryant, Edward Pierre, Lawrence Grice, Kevin McIntyre, Maurice Galimore, James Brown, Carlos Beatty, Marcus Parejo, John Lucas, and Carlton Sykes were hired by Pro Staff and assigned to work at

FMC at various times.  Pro Staff denies the remaining allegations in paragraph 9 of Plaintiffs' Complaint.

10.    Pro Staff denies the allegations in paragraph 10 of Plaintiffs' Complaint.

**B.    Exhaustion of Administrative Remedies**

11.    Pro Staff denies the allegations in paragraph 11 of Plaintiffs' Complaint.

**C.    Statement of Facts**

*Boris Bryant*

12.    Pro Staff denies the allegations in paragraph 12 of Plaintiffs' Complaint.  Plaintiff Boris Bryant was employed by Pro Staff on or about March 2, 2001.

13.    Pro Staff admits that Plaintiff was assigned to work at the FMC facility, located at 1777 Gears Road, Houston, Texas.  Pro Staff denies the remaining allegations in paragraph 13 of Plaintiffs' Complaint.

14.    Pro Staff admits that Plaintiff Boris Bryant was hired by FMC on or about October 1, 2001 as an Assembly Technician I.  Pro Staff denies the remaining allegations in paragraph 14 of Plaintiffs' Complaint.

15.    Pro Staff denies the allegations in paragraph 15 of Plaintiffs' Complaint.

16.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 16 of Plaintiffs' Complaint and therefore denies the allegations in paragraph 16 of Plaintiffs' Complaint.

17.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 17 of Plaintiffs' Complaint and therefore denies the allegations in paragraph 17 of Plaintiffs' Complaint.

18.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 18 of Plaintiffs' Complaint and therefore denies the allegations in paragraph 18 of Plaintiffs' Complaint.

19.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 19 of Plaintiffs' Complaint because Plaintiff Boris Bryant was not employed by Pro Staff after October 1, 2001 and therefore Pro Staff denies the allegations in paragraph 19 of Plaintiffs' Complaint.

20.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 20 of Plaintiffs' Complaint because Plaintiff Boris Bryant was not employed by Pro Staff after October 1, 2001 and therefore Pro Staff denies the allegations in paragraph 20 of Plaintiffs' Complaint.

21.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 21 of Plaintiffs' Complaint because Plaintiff Boris Bryant was not employed by Pro Staff after October 1, 2001 and therefore Pro Staff denies the allegations in paragraph 21 of Plaintiffs' Complaint.

22.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 22 of Plaintiffs' Complaint because Plaintiff Boris Bryant was not employed by Pro Staff after October 1, 2001 and therefore Pro Staff denies the allegations in paragraph 22 of Plaintiffs' Complaint.

23.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 23 of Plaintiffs' Complaint because Plaintiff Boris Bryant was not employed by Pro Staff after October 1, 2001 and therefore Pro Staff denies the allegations in paragraph 23 of Plaintiffs' Complaint.

24.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 24 of Plaintiffs' Complaint because Plaintiff Boris Bryant was not employed by Pro Staff after October 1, 2001 and therefore Pro Staff denies the allegations in paragraph 24 of Plaintiffs' Complaint.

25.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 25 of Plaintiffs' Complaint because Plaintiff Boris Bryant was not employed by Pro Staff after October 1, 2001 and therefore Pro Staff denies the allegations in paragraph 25 of Plaintiffs' Complaint.

26.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 26 of Plaintiffs' Complaint because Plaintiff Boris Bryant was not employed by Pro Staff after October 1, 2001 and therefore Pro Staff denies the allegations in paragraph 26 of Plaintiffs' Complaint.

27.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 27 of Plaintiffs' Complaint because Plaintiff Boris Bryant was not employed by Pro Staff after October 1, 2001 and therefore Pro Staff denies the allegations in paragraph 27 of Plaintiffs' Complaint.

28.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 28 of Plaintiffs' Complaint because Plaintiff Boris Bryant was not employed by Pro Staff after October 1, 2001 and therefore Pro Staff denies the allegations in paragraph 28 of Plaintiffs' Complaint.

29.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 29 of Plaintiffs' Complaint because

Plaintiff Boris Bryant was not employed by Pro Staff after October 1, 2001 and therefore Pro Staff denies the allegations in paragraph 29 of Plaintiffs' Complaint.

30.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 30 of Plaintiffs' Complaint because Plaintiff Boris Bryant was not employed by Pro Staff after October 1, 2001 and therefore Pro Staff denies the allegations in paragraph 30 of Plaintiffs' Complaint.

31.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 31 of Plaintiffs' Complaint and therefore denies the allegations in paragraph 31 of Plaintiffs' Complaint.

32.     Pro Staff admits that in October 2007 someone reported to it that there was a noose at the FMC facility in September 2007, but is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 32 of Plaintiffs' Complaint because Plaintiff Boris Bryant was not employed by Pro Staff after October 1, 2001 and therefore Pro Staff denies the allegations in paragraph 32 of Plaintiffs' Complaint.

33.     Pro Staff admits that a noose was found and reported at FMC in October of 2007. Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 33 of Plaintiffs' Complaint because Plaintiff Boris Bryant was not employed by Pro Staff after October 1, 2001 and therefore Pro Staff denies the remaining allegations in paragraph 33 of Plaintiffs' Complaint.

34.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 34 of Plaintiffs' Complaint because

Plaintiff Boris Bryant was not employed by Pro Staff after October 1, 2001 and therefore Pro Staff denies the allegations in paragraph 34 of Plaintiffs' Complaint.

35.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 35 of Plaintiffs' Complaint and therefore denies the allegations in paragraph 35 of Plaintiffs' Complaint.

36.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 36 of Plaintiffs' Complaint because Plaintiff Boris Bryant was not employed by Pro Staff after October 1, 2001 and therefore Pro Staff denies the allegations in paragraph 36 of Plaintiffs' Complaint.

37.     Pro Staff admits that a noose was found and reported at FMC in May 2008.  Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 37 of Plaintiffs' Complaint because Plaintiff Boris Bryant was not employed by Pro Staff after October 1, 2001 and therefore Pro Staff denies the remaining allegations in paragraph 37 of Plaintiffs' Complaint.

*Darren Mayo*

38.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 38 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 38 of Plaintiffs' Complaint.

39.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 39 of Plaintiffs' Complaint because

Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 39 of Plaintiffs' Complaint.

40.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 40 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 40 of Plaintiffs' Complaint.

41.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 41 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 41 of Plaintiffs' Complaint.

42.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 42 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 42 of Plaintiffs' Complaint.

43.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 43 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 43 of Plaintiffs' Complaint.

44.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 44 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 44 of Plaintiffs' Complaint.

45.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 45 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 45 of Plaintiffs' Complaint.

46.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 46 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 46 of Plaintiffs' Complaint.

47.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 47 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 47 of Plaintiffs' Complaint.

48.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 48 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 48 of Plaintiffs' Complaint.

49.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 49 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 49 of Plaintiffs' Complaint.

50.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 50 of Plaintiffs' Complaint because

Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 50 of Plaintiffs' Complaint.

51.     Pro Staff admits that a noose was found and reported at FMC in October 2007. Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 51 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the remaining allegations in paragraph 51 of Plaintiffs' Complaint.

52.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 52 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 52 of Plaintiffs' Complaint.

53.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 53 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 53 of Plaintiffs' Complaint.

54.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 54 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 54of Plaintiffs' Complaint.

55.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 55 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 55 of Plaintiffs' Complaint.

56.     Pro Staff admits that a noose was found and reported at FMC in May 2008. Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 56 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the remaining allegations in paragraph 56 of Plaintiffs' Complaint.

57.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 57 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 57 of Plaintiffs' Complaint.

58.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 58 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 58 of Plaintiffs' Complaint.

59.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 59 of Plaintiffs' Complaint because Plaintiff Darren Mayo was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 59 of Plaintiffs' Complaint.

*Edward Pierre*

60.     Pro Staff admits that Plaintiff Pierre has stated that he was in the United States military for twelve years, but is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 60 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 60 of Plaintiffs' Complaint.

61.     Pro Staff denies the allegations in paragraph 61 of Plaintiffs' Complaint.  Edward Pierre was employed by Pro Staff on or about April 2, 2007 and assigned to work at FMC.

62.     Pro Staff admits that Plaintiff Edward Pierre had a finger injury in May of 2007. Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 62 of Plaintiffs' Complaint and therefore Pro Staff denies the remaining allegations in paragraph 62 of Plaintiffs' Complaint.

63.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 63 of Plaintiffs' Complaint and therefore Pro Staff denies the remaining allegations in paragraph 63 of Plaintiffs' Complaint.

64.     Pro Staff admits Plaintiff Edward Pierre said he found and reported a noose at FMC in October 2007, and that he told Pro Staff that (i) he told Lamar Newton about the noose, (ii) Newton went to report it to Joe McHenry, and (iii) James Bryant cut it down.  Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 64 of Plaintiffs' Complaint and therefore Pro Staff denies the remaining allegations in paragraph 64 of Plaintiffs' Complaint.

65.     Pro Staff admits Plaintiff Edward Pierre said he found and reported a noose at FMC in October 2007, and that he told Pro Staff that (i) he told Lamar Newton about the noose, (ii) Newton went to report it to Joe McHenry, and (iii) James Bryant cut it down.  Pro Staff is without sufficient knowledge or information to

form a belief as to the veracity of the allegations in paragraph 65 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 65 of Plaintiffs' Complaint.

66.     Pro Staff admits that Paige Fuller from Pro Staff and Vicki Vargas of FMC interviewed Plaintiff Edward Pierre about the noose found in October 2007.  Pro Staff denies the remaining allegations in paragraph 66 of Plaintiffs' Complaint.

67.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 67 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 67 of Plaintiffs' Complaint.

68.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 68 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 68 of Plaintiffs' Complaint.

69.     Pro Staff admits Pierre filed a complaint with the Equal Employment Opportunity Commission. Pro Staff denies the remaining allegations in paragraph 69 of Plaintiffs' Complaint.

70.     Pro Staff admits that on or about March 19, 2008, Paige Fuller from Pro Staff and Susan Webb from FMC interviewed Plaintiff Edward Pierre regarding the concerns raised in the discrimination charge filed against FMC.  Pro Staff denies the remaining allegations in paragraph 70 of Plaintiffs' Complaint.

*Lawrence Grice*

71.     Pro Staff admits Plaintiff Lawrence Grice was employed by Pro Staff on March 15, 2001 and assigned to work at FMC as an assembly technician.

72.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 72 of Plaintiffs' Complaint because Plaintiff Lawrence Grice was not employed by Pro Staff after September 22, 2002 and therefore Pro Staff denies the allegations in paragraph 72 of Plaintiffs' Complaint.

73.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 73 of Plaintiffs' Complaint because Plaintiff Lawrence Grice was not employed by Pro Staff after September 22, 2002 and therefore Pro Staff denies the allegations in paragraph 73 of Plaintiffs' Complaint.

74.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 74 of Plaintiffs' Complaint because Plaintiff Lawrence Grice was not employed by Pro Staff after September 22, 2002 and therefore Pro Staff denies the allegations in paragraph 74 of Plaintiffs' Complaint.

75.     Pro Staff admits that a noose was found and reported at FMC in October 2007. Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 75 of Plaintiffs' Complaint because Plaintiff Lawrence Grice was not employed by Pro Staff after September 22, 2002 and therefore Pro Staff denies the remaining allegations in paragraph 75 of Plaintiffs' Complaint.

76.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 76 of Plaintiffs' Complaint because

Plaintiff Lawrence Grice was not employed by Pro Staff after September 22, 2002 and therefore Pro Staff denies the allegations in paragraph 76 of Plaintiffs' Complaint.

77.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 77 of Plaintiffs' Complaint because Plaintiff Lawrence Grice was not employed by Pro Staff after September 22, 2002 and therefore Pro Staff denies the allegations in paragraph 77 of Plaintiffs' Complaint.

78.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 78 of Plaintiffs' Complaint because Plaintiff Lawrence Grice was not employed by Pro Staff after September 22, 2002 and therefore Pro Staff denies the allegations in paragraph 78 of Plaintiffs' Complaint.

79.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 79 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 79 of Plaintiffs' Complaint.

80.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 80 of Plaintiffs' Complaint because Plaintiff Lawrence Grice was not employed by Pro Staff after September 22, 2002 and therefore Pro Staff denies the allegations in paragraph 80 of Plaintiffs' Complaint.

81.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 81 of Plaintiffs' Complaint because

Plaintiff Lawrence Grice was not employed by Pro Staff after September 22, 2002 and therefore Pro Staff denies the allegations in paragraph 81 of Plaintiffs' Complaint.

82.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 82 of Plaintiffs' Complaint because Plaintiff Lawrence Grice was not employed by Pro Staff after September 22, 2002 and therefore Pro Staff denies the allegations in paragraph 82 of Plaintiffs' Complaint.

83.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 83 of Plaintiffs' Complaint because Plaintiff Lawrence Grice was not employed by Pro Staff after September 22, 2002 and therefore Pro Staff denies the allegations in paragraph 83 of Plaintiffs' Complaint.

84.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 84 of Plaintiffs' Complaint because Plaintiff Lawrence Grice was not employed by Pro Staff after September 22, 2002 and therefore Pro Staff denies the allegations in paragraph 84 of Plaintiffs' Complaint.

85.     Pro Staff admits that a noose was found and reported at FMC in May 2008.  Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 85 of Plaintiffs' Complaint because Plaintiff Lawrence Grice was not employed by Pro Staff after September

22, 2002 and therefore Pro Staff denies the remaining allegations in paragraph 85 of Plaintiffs' Complaint.

86.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 86 of Plaintiffs' Complaint because Plaintiff Lawrence Grice was not employed by Pro Staff after September 22, 2002 and therefore Pro Staff denies the allegations in paragraph 86 of Plaintiffs' Complaint.

87.   Pro Staff admits that a noose was reported in September 2008 but that upon investigation it was determined that it was a slipknot, but that it is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 87 of Plaintiffs' Complaint because Plaintiff Lawrence Grice was not employed by Pro Staff after September 22, 2002 and therefore Pro Staff denies the allegations in paragraph 87 of Plaintiffs' Complaint.

88.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 88 of Plaintiffs' Complaint because Plaintiff Lawrence Grice was not employed by Pro Staff after September 22, 2002 and therefore Pro Staff denies the allegations in paragraph 88 of Plaintiffs' Complaint.

89.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 89 of Plaintiffs' Complaint because Plaintiff Lawrence Grice was not employed by Pro Staff after September 22, 2002 and therefore Pro Staff denies the allegations in paragraph 89 of Plaintiffs' Complaint.

90.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 90 of Plaintiffs' Complaint because Plaintiff Lawrence Grice was not employed by Pro Staff after September 22, 2002 and therefore Pro Staff denies the allegations in paragraph 90 of Plaintiffs' Complaint.

91.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 91 of Plaintiffs' Complaint because Plaintiff Lawrence Grice was not employed by Pro Staff after September 22, 2002 and therefore Pro Staff denies the allegations in paragraph 91 of Plaintiffs' Complaint.

**Kevin McIntyre**

92.     Pro Staff admits that Plaintiff Kevin McIntyre was employed by Pro Staff on or about October 10, 2005 and assigned to work at FMC.

93.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 93 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 93 of Plaintiffs' Complaint.

94.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 94 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 94 of Plaintiffs' Complaint.

95.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 95 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 95 of Plaintiffs' Complaint.

96.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 96 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 96 of Plaintiffs' Complaint.

97.     Pro Staff denies the allegations in paragraph 97 of Plaintiffs' Complaint.  Plaintiff Kevin McIntyre was hired as a full-time employee by FMC on or about February 24, 2007.

98.     Pro Staff admits that a noose was found and reported at FMC in October 2007. Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 98 of Plaintiffs' Complaint because Plaintiff Kevin McIntyre was not employed by Pro Staff after February 24, 2007 and therefore Pro Staff denies the remaining allegations in paragraph 98 of Plaintiffs' Complaint.

99.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 99 of Plaintiffs' Complaint because Plaintiff Kevin McIntyre was not employed by Pro Staff after February 24, 2007 and therefore Pro Staff denies the allegations in paragraph 99 of Plaintiffs' Complaint.

100.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 100 of Plaintiffs' Complaint because Plaintiff Kevin McIntyre was not employed by Pro Staff after February 24, 2007 and therefore Pro Staff denies the allegations in paragraph 100 of Plaintiffs' Complaint.

101.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 101 of Plaintiffs' Complaint because Plaintiff Kevin McIntyre was not employed by Pro Staff after February 24, 2007 and therefore Pro Staff denies the allegations in paragraph 101 of Plaintiffs' Complaint.

**Maurice Galimore**

102.   Pro Staff admits that Plaintiff Maurice Galimore was employed by Pro Staff on December 21, 2006 and assigned to work at FMC as an Assembly Technician. Pro Staff denies the remaining allegations in paragraph 102 of Plaintiffs' Complaint.

103.   Pro Staff admits that Plaintiff reported that he had received a negative performance evaluation for the time period alleged, but is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 103 of Plaintiffs' Complaint and therefore Pro Staff denies those allegations in paragraph 103 of Plaintiffs' Complaint.

104.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 104 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 104 of Plaintiffs' Complaint.

105.   Pro Staff admits that Plaintiff alleged that FMC lost his application on three separate occasions but is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 105 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 105 of Plaintiffs' Complaint.

106.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 106 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 106 of Plaintiffs' Complaint.

107.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 107 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 107 of Plaintiffs' Complaint.

108.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 108 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 108 of Plaintiffs' Complaint.

109.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 109 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 109 of Plaintiffs' Complaint.

110.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 110 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 110 of Plaintiffs' Complaint.

111.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 111 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 111 of Plaintiffs' Complaint.

112.   Pro Staff denies the allegations in paragraph 112 of Plaintiffs' Complaint.

113.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 113 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 113 of Plaintiffs' Complaint.

114.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 114 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 114 of Plaintiffs' Complaint.

115.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 115 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 115 of Plaintiffs' Complaint.

116.    Pro Staff admits that Plaintiff Maurice Galimore met with Paige Fuller from Pro Staff in March, 2008.  Pro Staff denies the remaining allegations in paragraph 116 of Plaintiffs' Complaint.

117.    Pro Staff admits that Plaintiff met with Susan Webb in May 2008, but is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 117 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 117 of Plaintiffs' Complaint.

118.    Pro Staff admits that a noose was found and reported at FMC in May 2008.  Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 118 of Plaintiffs' Complaint and therefore Pro Staff denies the remaining allegations in paragraph 118 of Plaintiffs' Complaint.

119.    Pro Staff admits that John Troxell requested that Pro Staff write Plaintiff up on the day in question, that it did so, and that Plaintiff signed the write up.  Pro Staff denies the remaining allegations in paragraph 119 of Plaintiffs' Complaint.

120.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 120 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 120 of Plaintiffs' Complaint.

121.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 121 of Plaintiffs' Complaint because Plaintiff Maurice Galimore was not employed by Pro Staff after August 25, 2008 and therefore Pro Staff denies the allegations in paragraph 121 of Plaintiffs' Complaint.

122.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 122 of Plaintiffs' Complaint because Plaintiff Maurice Galimore was not employed by Pro Staff after August 25, 2008 and therefore Pro Staff denies the allegations in paragraph 122 of Plaintiffs' Complaint.

*James Brown*

123.    Pro Staff admits that James Brown was originally employed by Pro Staff in March 2006 and assigned to work at FMC as an Assembly Technician.

124.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 124 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 124 of Plaintiffs' Complaint.

125.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 125 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 125 of Plaintiffs' Complaint.

126.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 126 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 126 of Plaintiffs' Complaint.

127.    Pro Staff denies Plaintiff James Brown's allegations in paragraph 127 of Plaintiffs' Complaint.  Plaintiff James Brown was hired full time by FMC on or about March 5, 2007.

128.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 128 of Plaintiffs' Complaint because Plaintiff James Brown was not employed by Pro Staff after March 5, 2007 and therefore Pro Staff denies the allegations in paragraph 128 of Plaintiffs' Complaint.

129.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 129 of Plaintiffs' Complaint because Plaintiff James Brown was not employed by Pro Staff after March 5, 2007 and therefore Pro Staff denies the allegations in paragraph 129 of Plaintiffs' Complaint.

130.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 130 of Plaintiffs' Complaint because Plaintiff James Brown was not employed by Pro Staff after March 5, 2007 and therefore Pro Staff denies the allegations in paragraph 130 of Plaintiffs' Complaint.

131.    Pro Staff admits that in July 2008 it received a report that the letters "KKK" were inscribed in one of the bathrooms, but is without sufficient knowledge or

information to form a belief as to the veracity of the remaining allegations in paragraph 131 of Plaintiffs' Complaint because Plaintiff James Brown was not employed by Pro Staff after March 5, 2007 and therefore Pro Staff denies the allegations in paragraph 131 of Plaintiffs' Complaint.

132.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 132 of Plaintiffs' Complaint because Plaintiff James Brown was not employed by Pro Staff after March 5, 2007 and therefore Pro Staff denies the allegations in paragraph 132 of Plaintiffs' Complaint.

*Carlos Beatty*

133.   Pro Staff admits that Carlos Beatty was employed by Pro Staff on or about October 20, 2005 and was assigned to work at FMC as an Assembly Technician.

134.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 134 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 134 of Plaintiffs' Complaint.

135.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 135 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 135 of Plaintiffs' Complaint.

136.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 136 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 136 of Plaintiffs' Complaint.

137.   Pro Staff admits that Plaintiff Carlos Beatty was hired by FMC on or about February 26, 2007.  Pro Staff is without sufficient knowledge or information to

form a belief as to the veracity of the remaining allegations in paragraph 137 and therefore Pro Staff denies the remaining allegations in paragraph 137 of Plaintiffs' Complaint.

138.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 138 of Plaintiffs' Complaint because Plaintiff Carlos Beatty was not employed by Pro Staff after February 26, 2007 and therefore Pro Staff denies the allegations in paragraph 138 of Plaintiffs' Complaint.

139.   Pro Staff admits that a noose was found and reported at FMC in May 2008.  Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 139 of Plaintiffs' Complaint because Plaintiff Carlos Beatty was not employed by Pro Staff after February 26, 2007 and therefore Pro Staff denies the remaining allegations in paragraph 139 of Plaintiffs' Complaint.

140.   Pro Staff admits that a noose was reported in September 2008 but that upon investigation it was determined that it was a slipknot, but is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 140 of Plaintiffs' Complaint because Plaintiff Carlos Beatty was not employed by Pro Staff after February 26, 2007 and therefore Pro Staff denies the allegations in paragraph 140 of Plaintiffs' Complaint.

141.   Pro Staff denies the allegations in paragraph 141 of Plaintiffs' Complaint.

*Marcus Parejo*

142.    Pro Staff admits the allegations contained in paragraph 142 of Plaintiffs' Complaint.

143.    Pro Staff admits that Plaintiff Parejo notified it that he was from Trinidad & Tobago when he applied to Pro Staff, but it is without sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph 143 of Plaintiffs' Complaint and therefore Pro Staff denies those allegations.

144.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 144 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 144 of Plaintiffs' Complaint.

145.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 145 of Plaintiffs' Complaint and therefore Pro Staff denies the remaining allegations in paragraph 145 of Plaintiffs' Complaint.

146.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 146 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 146 of Plaintiffs' Complaint.

147.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 147 of Plaintiffs' Complaint because Plaintiff Marcus Parejo was not employed by Pro Staff after September 9, 2007 and therefore Pro Staff denies the allegations in paragraph 147 of Plaintiffs' Complaint.

148.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 148 of Plaintiffs' Complaint because Plaintiff Marcus Parejo was not employed by Pro Staff after September 9, 2007 and therefore Pro Staff denies the allegations in paragraph 148 of Plaintiffs' Complaint.

149.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 149 of Plaintiffs' Complaint because Plaintiff Marcus Parejo was not employed by Pro Staff after September 9, 2007 and therefore Pro Staff denies the allegations in paragraph 149 of Plaintiffs' Complaint.

150.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 150 of Plaintiffs' Complaint because Plaintiff Marcus Parejo was not employed by Pro Staff after September 9, 2007 and therefore Pro Staff denies the allegations in paragraph 150 of Plaintiffs' Complaint.

151.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 151 of Plaintiffs' Complaint because Plaintiff Marcus Parejo was not employed by Pro Staff after September 9, 2007 and therefore Pro Staff denies the allegations in paragraph 151 of Plaintiffs' Complaint.

152.     Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 152 of Plaintiffs' Complaint because Plaintiff Marcus Parejo was not employed by Pro Staff after September 9, 2007

153.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 153 of Plaintiffs' Complaint because Plaintiff Marcus Parejo was not employed by Pro Staff after September 9, 2007 and therefore Pro Staff denies the allegations in paragraph 153 of Plaintiffs' Complaint.

154.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 154 of Plaintiffs' Complaint because Plaintiff Marcus Parejo was not employed by Pro Staff after September 9, 2007 and therefore Pro Staff denies the allegations in paragraph 154 of Plaintiffs' Complaint.

155.    Pro Staff denies the allegations in paragraph 155 of Plaintiffs' Complaint.

156.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 156 of Plaintiffs' Complaint because Plaintiff Marcus Parejo was not employed by Pro Staff after September 9, 2007 and therefore Pro Staff denies the allegations in paragraph 156 of Plaintiffs' Complaint.

157.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 157 of Plaintiffs' Complaint because Plaintiff Marcus Parejo was not employed by Pro Staff after September 9, 2007 and therefore Pro Staff denies the allegations in paragraph 157 of Plaintiffs' Complaint.

158.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 158 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 158 of Plaintiffs' Complaint.

**Lamar Newton**

159.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 159 of Plaintiffs' Complaint because Plaintiff Lamar Newton was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 159 of Plaintiffs' Complaint.

160.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 160 of Plaintiffs' Complaint because Plaintiff Lamar Newton was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 160 of Plaintiffs' Complaint.

161.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 161 of Plaintiffs' Complaint because Plaintiff Lamar Newton was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 161 of Plaintiffs' Complaint.

162.    Pro Staff admits that a noose was found and reported at FMC in October 2007. Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 162 of Plaintiffs' Complaint because Plaintiff Lamar Newton was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 162 of Plaintiffs' Complaint.

163.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 163 of Plaintiffs' Complaint because

Plaintiff Lamar Newton was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 163 of Plaintiffs' Complaint.

164.  Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 164 of Plaintiffs' Complaint because Plaintiff Lamar Newton was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 164 of Plaintiffs' Complaint.

165.  Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 165 of Plaintiffs' Complaint because Plaintiff Lamar Newton was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 165 of Plaintiffs' Complaint.

166.  Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 166 of Plaintiffs' Complaint because Plaintiff Lamar Newton was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 166 of Plaintiffs' Complaint.

167.  Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 167 of Plaintiffs' Complaint because Plaintiff Lamar Newton was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 167 of Plaintiffs' Complaint.

168.  Pro Staff admits that a noose was reported in September 2008 but that upon investigation it was determined that it was a slipknot, but is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 168 of Plaintiffs' Complaint because Plaintiff Lamar

Newton was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 168 of Plaintiffs' Complaint.

169.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 169 of Plaintiffs' Complaint because Plaintiff Lamar Newton was not employed by Pro Staff and therefore Pro Staff denies the allegations in paragraph 169 of Plaintiffs' Complaint.

*John Lucas*

170.    Pro Staff admits that Plaintiff John Lucas was employed by Pro Staff on or about June 30, 2005 and assigned to work at FMC.

171.    Pro Staff admits that Plaintiff John Lucas was hired by FMC on or about January 22, 2006.   Pro Staff denies the remaining allegations in paragraph 171 of Plaintiffs' Complaint.

172.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 172 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 172 of Plaintiffs' Complaint.

173.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 173 of Plaintiffs' Complaint because Plaintiff John Lucas was not employed by Pro Staff after January 22, 2006 and therefore Pro Staff denies the allegations in paragraph 173 of Plaintiffs' Complaint.

174.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 174 of Plaintiffs' Complaint because Plaintiff John Lucas was not employed by Pro Staff after January 22, 2006 and

therefore Pro Staff denies the allegations in paragraph 174 of Plaintiffs' Complaint.

175.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 175 of Plaintiffs' Complaint because Plaintiff John Lucas was not employed by Pro Staff after January 22, 2006 and therefore Pro Staff denies the allegations in paragraph 175 of Plaintiffs' Complaint.

176.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 176 of Plaintiffs' Complaint because Plaintiff John Lucas was not employed by Pro Staff after January 22, 2006 and therefore Pro Staff denies the allegations in paragraph 176 of Plaintiffs' Complaint.

177.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 177 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 177 of Plaintiffs' Complaint.

178.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 178 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 178 of Plaintiffs' Complaint.

179.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 179 of Plaintiffs' Complaint because Plaintiff John Lucas was not employed by Pro Staff after January 22, 2006 and therefore Pro Staff denies the allegations in paragraph 179 of Plaintiffs' Complaint.

180.    Pro Staff admits that a noose was found and reported at FMC in October 2007. Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 180 of Plaintiffs' Complaint because Plaintiff John Lucas was not employed by Pro Staff after January 22, 2006 and therefore Pro Staff denies the allegations in paragraph 180 of Plaintiffs' Complaint.

181.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 181 of Plaintiffs' Complaint because Plaintiff John Lucas was not employed by Pro Staff after January 22, 2006 and therefore Pro Staff denies the allegations in paragraph 181 of Plaintiffs' Complaint.

182.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 182 of Plaintiffs' Complaint because Plaintiff John Lucas was not employed by Pro Staff after January 22, 2006 and therefore Pro Staff denies the allegations in paragraph 182 of Plaintiffs' Complaint.

183.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 183 of Plaintiffs' Complaint because Plaintiff John Lucas was not employed by Pro Staff after January 22, 2006 and therefore Pro Staff denies the allegations in paragraph 183 of Plaintiffs' Complaint.

184.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 184 of Plaintiffs' Complaint because

Plaintiff John Lucas was not employed by Pro Staff after January 22, 2006 and therefore Pro Staff denies the allegations in paragraph 184 of Plaintiffs' Complaint.

185.   Pro Staff admits that a noose was reported in September 2008 but that upon investigation it was determined that it was a slipknot, but is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 185 of Plaintiffs' Complaint because Plaintiff John Lucas was not employed by Pro Staff after January 22, 2006 and therefore Pro Staff denies the allegations in paragraph 185 of Plaintiffs' Complaint.

*Carlton Sykes*

186.   Pro Staff admits that Plaintiff Carlton Sykes was employed by Pro Staff on or about March 21, 2006 and was assigned to FMC as an assembly technician.

187.   Pro Staff admits that Plaintiff Carlton Sykes was injured on the job in September 2006.  Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 187 of Plaintiffs' Complaint and therefore Pro Staff denies the remaining allegations in paragraph 187 of Plaintiffs' Complaint.

188.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 188 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 188 of Plaintiffs' Complaint.

189.   Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 189 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 189 of Plaintiffs' Complaint.

190.    Pro Staff admits that FMC hired Plaintiff Carlton Sykes on or about March 4, 2007.  Pro Staff denies the remaining allegations in paragraph 190 of Plaintiffs' Complaint.

191.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 191 of Plaintiffs' Complaint because Plaintiff Carlton Sykes was not employed by Pro Staff after March 4, 2007 and therefore Pro Staff denies the allegations in paragraph 191 of Plaintiffs' Complaint.

192.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 192 of Plaintiffs' Complaint because Plaintiff Carlton Sykes was not employed by Pro Staff after March 4, 2007 and therefore Pro Staff denies the allegations in paragraph 192 of Plaintiffs' Complaint.

193.    Pro Staff admits that a noose was found and reported at FMC in October 2007. Pro Staff denies the remaining allegations in paragraph 193 of Plaintiffs' Complaint.

194.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 194 of Plaintiffs' Complaint because Plaintiff Carlton Sykes was not employed by Pro Staff after March 4, 2007 and therefore Pro Staff denies the allegations in paragraph 194 of Plaintiffs' Complaint.

195.    Pro Staff is without sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 195 of Plaintiffs' Complaint and therefore Pro Staff denies the allegations in paragraph 195 of Plaintiffs' Complaint.

**D.    Claims for Relief**

196.    Pro Staff incorporates by reference the responses made in the preceding paragraphs of this Answer as though set forth fully herein.

197.    Pro Staff denies the allegations in paragraph 197 in Plaintiffs' Complaint.

198.    Pro Staff denies the allegations in paragraph 198 in Plaintiffs' Complaint.

199.    Pro Staff denies the allegations in paragraph 199 in Plaintiffs' Complaint.

200.    Pro Staff denies the allegations in paragraph 200 in Plaintiffs' Complaint.

201.    Pro Staff denies the allegations in paragraph 201 in Plaintiffs' Complaint.

202.    Pro Staff denies the allegations in paragraph 202 in Plaintiffs' Complaint.

203.    Pro Staff incorporates by reference the responses made in the preceding paragraphs of this Answer as though set forth fully herein.

204.    Pro Staff denies the allegations in paragraph 204 in Plaintiffs' Complaint.

205.    Pro Staff denies the allegations in paragraph 205 in Plaintiffs' Complaint.

206.    Pro Staff denies the allegations in paragraph 206 in Plaintiffs' Complaint.

207.    Pro Staff denies the allegations in paragraph 207 in Plaintiffs' Complaint.

208.    Pro Staff denies the allegations in paragraph 208 in Plaintiffs' Complaint.

209.    Pro Staff denies the allegations in paragraph 209 in Plaintiffs' Complaint.

210.    Pro Staff incorporates by reference the responses made in the preceding paragraphs of this Answer as though set forth fully herein.

211.    Pro Staff denies the allegations in paragraph 211 in Plaintiffs' Complaint.

212.    Pro Staff denies the allegations in paragraph 212 in Plaintiffs' Complaint.

213.    Pro Staff denies the allegations in paragraph 213 in Plaintiffs' Complaint.

214.    Pro Staff denies the allegations in paragraph 214 in Plaintiffs' Complaint.

215.    Pro Staff denies the allegations in paragraph 215 in Plaintiffs' Complaint.

216.    Pro Staff denies the allegations in paragraph 216 in Plaintiffs' Complaint.

217.    Pro Staff incorporates by reference the responses made in the preceding paragraphs of this Answer as though set forth fully herein.

218.    Pro Staff denies the allegations in paragraph 218 in Plaintiffs' Complaint.

219.    Pro Staff denies the allegations in paragraph 219 in Plaintiffs' Complaint.

220.    Pro Staff denies the allegations in paragraph 220 in Plaintiffs' Complaint.

221.    Pro Staff denies the allegations in paragraph 221 in Plaintiffs' Complaint.

222.    Pro Staff denies the allegations in paragraph 222 in Plaintiffs' Complaint.

223.    Pro Staff denies the allegations in paragraph 223 in Plaintiffs' Complaint.

224.    Pro Staff incorporates by reference the responses made in the preceding paragraphs of this Answer as though set forth fully herein.

225.    Pro Staff denies the allegations in paragraph 225 in Plaintiffs' Complaint.

226.    Pro Staff denies the allegations in paragraph 226 in Plaintiffs' Complaint.

227.    Pro Staff denies the allegations in paragraph 227 in Plaintiffs' Complaint.

228.    Pro Staff denies the allegations in paragraph 228 in Plaintiffs' Complaint.

229.    Pro Staff denies the allegations in paragraph 229 in Plaintiffs' Complaint.

230.    Pro Staff denies the allegations in paragraph 230 in Plaintiffs' Complaint.

231.    Pro Staff incorporates by reference the responses made in the preceding paragraphs of this Answer as though set forth fully herein.

232.     Pro Staff denies the allegations in paragraph 232 in Plaintiffs' Complaint.

233.     Pro Staff denies the allegations in paragraph 233 in Plaintiffs' Complaint.

234.     Pro Staff denies the allegations in paragraph 234 in Plaintiffs' Complaint.

235.     Pro Staff denies the allegations in paragraph 235 in Plaintiffs' Complaint.

236.     Pro Staff denies the allegations in paragraph 236 in Plaintiffs' Complaint.

237.     Pro Staff denies the allegations in paragraph 237 in Plaintiffs' Complaint.

238.     Pro Staff incorporates by reference the responses made in the preceding paragraphs of this Answer as though set forth fully herein.

239.     Pro Staff denies the allegations in paragraph 239 in Plaintiffs' Complaint.

240.     Pro Staff denies the allegations in paragraph 240 in Plaintiffs' Complaint.

241.     Pro Staff denies the allegations in paragraph 241 in Plaintiffs' Complaint.

242.     Pro Staff denies the allegations in paragraph 242 in Plaintiffs' Complaint.

243.     Pro Staff denies the allegations in paragraph 243 in Plaintiffs' Complaint.

244.     Pro Staff denies the allegations in paragraph 244 in Plaintiffs' Complaint.

245.     Pro Staff incorporates by reference the responses made in the preceding paragraphs of this Answer as though set forth fully herein.

246.     Pro Staff denies the allegations in paragraph 246 in Plaintiffs' Complaint.

247.     Pro Staff denies the allegations in paragraph 247 in Plaintiffs' Complaint.

248.     Pro Staff denies the allegations in paragraph 248 in Plaintiffs' Complaint.

249.     Pro Staff denies the allegations in paragraph 249 in Plaintiffs' Complaint.

250.     Pro Staff denies the allegations in paragraph 250 in Plaintiffs' Complaint.

251.     Pro Staff denies the allegations in paragraph 251 in Plaintiffs' Complaint.

252.   Pro Staff incorporates by reference the responses made in the preceding paragraphs of this Answer as though set forth fully herein.

253.   Pro Staff denies the allegations in paragraph 253 in Plaintiffs' Complaint.

254.   Pro Staff denies the allegations in paragraph 254 in Plaintiffs' Complaint.

255.   Pro Staff denies the allegations in paragraph 255 in Plaintiffs' Complaint.

256.   Pro Staff denies the allegations in paragraph 256 in Plaintiffs' Complaint.

257.   Pro Staff incorporates by reference the responses made in the preceding paragraphs of this Answer as though set forth fully herein.

258.   Pro Staff denies the allegations in paragraph 258 in Plaintiffs' Complaint.

259.   Pro Staff denies the allegations in paragraph 259 in Plaintiffs' Complaint.

260.   Pro Staff denies the allegations in paragraph 260 in Plaintiffs' Complaint.

261.   Pro Staff denies the allegations in paragraph 261 in Plaintiffs' Complaint.

262.   Pro Staff incorporates by reference the responses made in the preceding paragraphs of this Answer as though set forth fully herein.

263.   Pro Staff denies the allegations in paragraph 263 in Plaintiffs' Complaint.

264.   Pro Staff denies the allegations in paragraph 264 in Plaintiffs' Complaint.

265.   Pro Staff denies the allegations in paragraph 265 in Plaintiffs' Complaint.

266.   Pro Staff denies the allegations in paragraph 266 in Plaintiffs' Complaint.

267.   Pro Staff denies the allegations in paragraph 267 in Plaintiffs' Complaint.

268.   Pro Staff denies the allegations in paragraph 268 in Plaintiffs' Complaint.

269.   Pro Staff incorporates by reference the responses made in the preceding paragraphs of this Answer as though set forth fully herein.

270.   Pro Staff denies the allegations in paragraph 270 in Plaintiffs' Complaint.

271.    Pro Staff denies the allegations in paragraph 271 in Plaintiffs' Complaint.

272.    Pro Staff denies the allegations in paragraph 272 in Plaintiffs' Complaint.

273.    Pro Staff denies the allegations in paragraph 273 in Plaintiffs' Complaint.

274.    Pro Staff denies the allegations in paragraph 274 in Plaintiffs' Complaint.

275.    Pro Staff denies the allegations in paragraph 275 in Plaintiffs' Complaint.

276.    Pro Staff incorporates by reference the responses made in the preceding paragraphs of this Answer as though set forth fully herein.

277.    Pro Staff denies the allegations in paragraph 277 in Plaintiffs' Complaint.

278.    Pro Staff denies that it acted improperly in regards to any Plaintiff and thus denies the allegations in paragraph 278 in Plaintiffs' Complaint.

279.    Pro Staff denies the allegations in paragraph 279 in Plaintiffs' Complaint.

280.    Pro Staff denies the allegations in paragraph 280 in Plaintiffs' Complaint.

281.    Pro Staff denies the allegations in paragraph 281 in Plaintiffs' Complaint.

282.    Pro Staff denies the allegations in paragraph 282 in Plaintiffs' Complaint.

283.    Pro Staff incorporates by reference the responses made in the preceding paragraphs of this Answer as though set forth fully herein.

284.    Pro Staff denies the allegations in paragraph 284 in Plaintiffs' Complaint.

285.    Pro Staff denies the allegations in paragraph 285 in Plaintiffs' Complaint.

286.    Pro Staff denies the allegations in paragraph 286 in Plaintiffs' Complaint.

287.    Pro Staff denies the allegations in paragraph 287 in Plaintiffs' Complaint.

288.    Pro Staff denies the allegations in paragraph 288 in Plaintiffs' Complaint.

289.    Pro Staff denies the allegations in paragraph 289 in Plaintiffs' Complaint.

290.   Pro Staff incorporates by reference the responses made in the preceding paragraphs of this Answer as though set forth fully herein.

291.   Pro Staff denies the allegations in paragraph 291 in Plaintiffs' Complaint.

292.   Pro Staff denies the allegations in paragraph 292 in Plaintiffs' Complaint.

293.   Pro Staff denies the allegations in paragraph 293 in Plaintiffs' Complaint.

294.   Pro Staff denies the allegations in paragraph 294 in Plaintiffs' Complaint.

295.   Pro Staff denies the allegations in paragraph 295 in Plaintiffs' Complaint.

296.   Pro Staff denies the allegations in paragraph 296 in Plaintiffs' Complaint.

**E.     Demand for Jury Trial**

297.   Paragraph 297 of Plaintiffs' Complaint does not make any factual allegations that require a response.

**F.     Prayer for Relief**

298.   Pro Staff denies that Plaintiffs are entitled to any relief sought in paragraph 298 entitled "Prayer for Relief," including but not limited to subparts A.-I. of this paragraph or their prayer for damages in Plaintiffs' Complaint.

WHEREFORE, PREMISES CONSIDERED, Defendant, Dobbs Temporary Services, Inc. d/b/a Pro Staff Personnel Services (misnamed by Plaintiffs as "Prostaff Personnel Acquisition Corp.) requests that Plaintiffs' Complaint be dismissed in its entirety with prejudice, and that Defendant, Dobbs Temporary Services, Inc. d/b/a Pro Staff Personnel Services be awarded its costs and attorney's fees, together with other and further relief as may be deemed appropriate.

Respectfully submitted,


By:＿＿ /s/ W. Jackson Wisdom＿＿＿＿＿＿＿
      W. Jackson Wisdom
      State Bar No. 21804025
      Federal I.D. No. 13756
MARTIN, DISIERE , JEFFERSON & WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101
ATTORNEY-IN-CHARGE   FOR   DEFENDANT,
DOBBS  TEMPORARY  SERVICES,  INC.  D/B/A
PRO STAFF PERSONNEL SERVICES

OF COUNSEL:
James M. Cleary, Jr.
State Bar No. 00783838
Federal I.D. No. 15499
Diana Pérez
State Bar No. 24041674
Federal I.D. No. 13945
MARTIN, DISIERE & JEFFERSON, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Tel:  (713) 632-1700
Fax:  (713) 222-0101

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of Defendant Pro Staff's Answer to Plaintiffs' Complaint for Damages has been forwarded via e-filing, hand delivery, certified mail, return receipt requested, regular mail and/or facsimile in compliance with Rule 5 of the Federal Rules of Civil Procedure on this 17th day of February, 2009 to:

    Ms. Angela Alioto
    Mr. Steven L. Robinson
    Mr. Joshua D. Boxer
    LAW OFFICES OF MAYOR JOSEPH L. ALIOTO & ANGELA ALITO
    700 Montgomery Street
    San Francisco, California 94111


    ＿＿＿＿ /s/ James M. Cleary, Jr.＿＿＿＿＿
        James M. Cleary, Jr.