IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BORIS BRYANT, DARREN MAYO,           §
EDWARD PIERRE, LAWRENCE GRICE,       §
KEVIN MCINTYRE, MAURICE              §
GALIMORE, JAMES BROWN, CARLOS        §
BEATTY, MARCUS PAREJO, LAMAR         §
NEWTON, JOHN LUCAS, CARLTON          §
SYKES,                               §
                                     §
        Plaintiffs                   §
                                     §     NO. 04:08-CV-03744
vs.                                  §
                                     §
FMC TECHNOLOGIES, INC., PROSTAFF     §
PERSONNEL ACQUISITION CORP. ,        §
                                     §
        Defendants.                  §
                                     §

DEFENDANT FMC TECHNOLOGIES, INC.'S PARTIAL MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM

        The defendant, FMC Technologies, Inc. (FMCTI) moves under Rule 12(b)(6) of

the Federal Rules of Civil Procedure to dismiss claims made by the plaintiffs Boris

Bryant, Darren Mayo, Edward Pierre, Lawrence Grice, Kevin McIntyre, Maurice

Galimore, James Brown, Carlos Beatty, Marcus Parejo, Lamar Newton, John Lucas, and

Carlton Sykes.

## BACKGROUND

        This is an employment discrimination case in which 12 plaintiffs allege various

acts of employment discrimination and retaliation by their employers FMC Technologies,

Inc. (FMCTI) and Dobbs Temporary Services, Inc. d/b/a Pro Staff Personnel Acquisition

Services (Pro Staff), arising under Title VII of the Civil Rights Act of 1964 and Chapter

21 of the Texas Labor Code. The plaintiffs further assert causes of action for race discrimination and retaliation *in violation of public policy* and intentional infliction of emotional distress. Texas law does not recognize a claim of discrimination or retaliation in violation of public policy. Furthermore, a reading of the plaintiffs' complaint demonstrates that the plaintiffs would not be entitled to relief on their claim for intentional infliction of emotional distress.

## STANDARD OF REVIEW

Rule 12(b)(6) allows a defendant to seek dismissal for failure to state a claim upon which relief can be granted. Under Rule 12(b)(6), a court may dismiss a plaintiff's claims if the plaintiff cannot present any set of facts in support of his claim that entitles him to relief. Because the purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a plaintiff's complaint, the court's inquiry is limited to whether the challenged pleadings set forth allegations sufficient to make out the elements of a right to relief. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). To withstand a Rule 12(b)(6) motion to dismiss, the complaint "must set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Podiatrist Ass'n, Inc. v. La Cruz Azul de Puerto Rico, Inc.*, 332 F.3d 6, 19 (1st Cir. 2003).

## ARGUMENT

A.     The Plaintiffs' Public Policy Claims Fail As a Matter of Law Because Texas Does Not Recognize Such Causes of Action.

In addition to the Title VII and Chapter 21 claims of discrimination and retaliation against FMCTI, the plaintiffs assert the following two causes of action: discrimination in

- 2 -

violation of public policy and retaliation in violation of public policy. The Court should dismiss these causes of action as neither are recognized by Texas common or statutory law.

Texas already provides a statutory remedy for violations of its public policy against employment discrimination and retaliation. *See* TEX. LABOR CODE § 21.001-21.405 (Texas' statutory prohibition against employment discrimination and retaliation and remedies for such violations); *see also Andrews Transport, Inc. v. CNA Reinsurance Co.*, 37 Fed. Appx. 87, 2002 WL 971369, at \*3 (5th Cir. 2002) (unpublished decision) (recognizing that the State of Texas expresses its public policy in its statutes). In its common law, Texas has only recognized a public policy tort in limited circumstances arising from a wrongful discharge claim. *See Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985) (establishing narrow public policy exception to the at-will employment doctrine where the employee is terminated for the sole reason that he refused to commit an illegal act). The limited public policy exception recognized by the Texas Supreme Court in *Sabine Pilot* has no application here, as none of the plaintiffs allege discharge from FMCTI, much less that they suffered adverse action as a result of any refusal to commit an illegal act.

Where discrimination and retaliation claims of the sort covered under Chapter 21 or Title VII are concerned, Texas does not recognize an independent common law tort for violations of public policy. *See Moore v. Dallas Area Rapid Transit*, No. Civ.A. 304CV1901L, 2006 WL 148735 (N.D. Tex. Jan. 18, 2006) (unpublished memorandum opinion) (dismissing, for failure to state a claim, the plaintiff's public policy discrimination cause of action). In *Moore*, the plaintiff brought Title VII discrimination

and retaliation claims, as well as the claim of "Public Policy Tort." Regarding the tort claim, the plaintiff asserted that the defendant's conduct in discriminating against him "violated the public policies of the State of Texas as expressed in its common-law, judicial decisions and statutes." The court granted the defendant's 12(b)(6) motion, stating that the court could find no factual or legal basis for, or existence of, such a public policy claim in Texas. *Id.* at *3, n.4. Likewise, the plaintiffs' claims here based on violations of public policy should be dismissed.

B.    Plaintiffs' Intentional Infliction of Emotional Distress Claims Should Be Dismissed Because the Gravamen of Plaintiffs' Complaint is Covered By Title VII and Chapter 21 of the Texas Labor Code.

The plaintiffs' intentional infliction claims should similarly be dismissed because Texas Supreme Court precedent establishes that, where a statutory remedy is available for the type of wrong asserted in a complaint, a plaintiff cannot simultaneously maintain a claim for intentional infliction of emotional distress. *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438 (Tex. 2004). In *Hoffmann-LaRoche*, the court recognized that the tort for intentional infliction of emotional distress was, "first and foremost, a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim *has no other recognized theory of redress*." *Id.* at 446 (emphasis added). Here, the plaintiffs clearly have other recognized theories of redress upon which to rely, as they have asserted claims under both Title VII and Chapter 21. Both of these statutes permit an award of compensatory damages and, under certain circumstances, an award of punitive damages. 42 U.S.C. § 1981a(b); TEX. LAB. CODE § 21.2585(a)-(b). However, Title VII and Chapter 21 limit the amount of the plaintiffs'

- 4 -

compensatory damages and punitive damages to $300,000. 42 U.S.C. § 1981a(b)(3): TEX. LAB. CODE § 21.2585(d). It appears that the plaintiffs are attempting to circumvent the limitations on damages on their statutory claims under Title VII and Chapter 21 by pleading an intentional infliction of emotional distress claim. Nevertheless, like the plaintiff in *Hoffmann-LaRoche*, the plaintiffs cannot rely on their claim for intentional infliction of emotional distress "to thwart legislative limitations on statutory claims for mental anguish and punitive damages." *Hoffmann-LaRoche*, 144 S.W.3d at 447.

Nor may the plaintiffs rely upon the same factual allegations used to support their Title VII claims in their assertion of intentional infliction of emotional distress. Where a plaintiff's intentional infliction claim centers around the same factual allegations as his Title VII claim, "the former is preempted." *Pittman v. Gen. Nutrition Corp.*, No. Civ.A.H-04-3174, 2005 WL 1668017, at *6 (S.D. Tex. July 13, 2005) (Atlas, J.) (citing *Stewart v. Houston Lighting & Power Co.*, 998 F.Supp. 746, 757 (S.D. Tex. 1998) (Kent, J). In these situations, the use of Rule 12(b)(6) is appropriate. *Pittman*, 2005 WL 1668017, at *6-7 (granting motion to dismiss plaintiffs' IIED claims where they arose from "identical factual allegations" as their Title VII actions). Here, the complaint presents no additional factual allegations in its ninth and tenth claims for relief (asserting intentional infliction) that are not also presented in the 13 other claims for relief. *See* Pls. Compl. 32-48 ("incorporat[ing] by reference [into each of the 13 claims for relief] each of the facts alleged in paragraphs 1 through 195 as if fully pleaded at length [t]herein"). Because the plaintiffs have simply asserted no independent set of facts—separate and apart from those facts related to their Chapter 21 and Title VII claims—that would support intentional infliction causes of action, these claims are preempted and should be

- 5 -

dismissed.

C.     Plaintiffs' Intentional Infliction of Emotional Distress Claims Also Fail As a
Matter of Law Because Plaintiffs Have Not Alleged Any Intentional or Extreme and
Outrageous Conduct by FMCTI.

Alternatively, the plaintiffs' claims of intentional infliction of emotional distress

should also be dismissed because plaintiffs have not alleged a sufficient factual basis to

support them.   To state a claim for intentional infliction of emotional distress, the

plaintiffs must establish that (1) the defendant acted intentionally or recklessly, (2) its

conduct was extreme and outrageous, (3) its actions caused the plaintiffs emotional

distress, and (4) the emotional distress was severe. *See Hoffman-LaRoche*, 144 S.W.3d at

445.   Extreme and outrageous conduct is that which is so extreme in degree, or so

outrageous in character, as to go beyond all bounds of decency, to be regarded as

atrocious, and utterly intolerable in a civilized community. *Id.* Liability does not extend

to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

*Id.*

It is for the Court to determine, in the first instance, whether the defendant's

conduct may reasonably be regarded as so extreme and outrageous as to permit recovery.

*McKethan v. Tex. Farm Bureau*, 996 F.2d 734, 742 (5th Cir. 1993); *Hoffman-LaRoche*,

144 S.W.3d at 445.   Moreover, a claim for intentional infliction of emotional distress may

be dismissed on a Rule 12(b)(6) motion. *Pittman*, 2005 WL 1668017, at *6-7 (granting

defendant's 12(b)(6) motion where the IIED claims were both preempted by Title VII

and did not reach the "level of egregiousness" that the Texas Supreme Court requires);

*Brown v. Daimlerchrysler Corp.*, No. Civ. A. 399CV1286D, 1999 WL 766021, *3 (N.D.

Tex. Sept. 24, 1999) (finding plaintiff failed to state a claim for intentional infliction of

emotional distress where the employer's conduct, as alleged, was not "beyond all bounds of decency," "regarded as atrocious," or "utterly intolerable in civilized society").

In the employment context, "[t]he essential ingredient of extreme and outrageous conduct required for such a claim has been narrowly construed." *Brown*, 1999 WL 766021, at \*3. As described above, plaintiffs' claims for intentional infliction of emotional distress are based solely on the allegations related to their discrimination claims. The Fifth Circuit has held, however, that an employer's deplorable conduct does not constitute "extreme and outrageous" conduct "except in the most unusual cases." *Prunty v. Arkansas Freightways, Inc.*, 16 F.3d 649, 654 (5th Cir. 1994); *see also Brown*, 1999 WL 766021, at \*3. Indeed, in examining the standard for extreme and outrageous conduct, the Texas Supreme Court has unequivocally declared that "except in circumstances bordering on *serious criminal acts*, we repeat that [even heinous] acts will rarely have merit as intentional infliction claims." *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 817 (Tex. 2005) (emphasis added).

FMCTI's alleged conduct as characterized in the plaintiffs' complaint was not intentional, did not border on serious criminal acts, and was not extreme and outrageous. Even with regard to the most inflammatory of the plaintiffs' allegations—the alleged nooses that were purportedly found at FMCTI worksites—nowhere in the plaintiffs' complaint do they assert that agents of FMCTI displayed any nooses or engaged in other *intentional conduct by FMCTI*. The plaintiffs' complaint is that FMCTI did not remedy a hostile work environment, which is not intentional conduct. The plaintiffs do not allege that FMCTI intentionally or recklessly endorsed or condoned the presence of nooses in the workplace. On the contrary, plaintiffs' own complaint shows that once reported,

- 7 -

these alleged incidents were investigated by FMCTI and racial sensitivity training was held for all employees. All other conduct alleged in the complaint relate to adverse employment decisions that the plaintiffs allege were based on race. The plaintiffs' complaint simply lacks any allegations showing that FMCTI acted intentionally or recklessly with extreme and outrageous behavior of the type that would support an intentional infliction of emotional distress claim. Accordingly, this Court should dismiss the plaintiffs' claims for intentional infliction of emotional distress.

## CONCLUSION

This Court should dismiss the plaintiffs' common law claims for discrimination and retaliation in violation of public policy because Texas courts do not recognize such causes of action. The Court should also dismiss the plaintiffs' intentional infliction of emotional distress claims, as these claims are intended under Texas law to be gap-filler claims only. Here, the plaintiffs have availed themselves of statutory remedies under Title VII and Chapter 21, leaving the Court with no gap to fill. Moreover, because the claims are based on the same factual allegations as the plaintiffs' statutory claims, they are preempted and should be dismissed. Additionally, the plaintiffs have failed to state a claim for intentional infliction of emotional distress by setting forth factual allegations as to each material element of the cause of action. Because they have failed to sufficiently plead intentional conduct by FMCTI that meets the "extreme and outrageous" standard, as set forth by Texas law, their intentional infliction of emotional distress claims should be dismissed.

Respectfully submitted,

Of Counsel:

Tim McInturf
State Bar No. 00788020
Federal ID No. 18058
Sarah Stoffregen
State Bar No. 24066151
Federal ID No. 966164
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1301 McKinney Street
Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)

/s/ Kerry E Notestine
Kerry E Notestine (Attorney-in-Charge)
State Bar No. 15116950
Federal ID No. 2423
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1301 McKinney Street
Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)

ATTORNEYS FOR DEFENDANT
FMC TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

I certify that I sent a copy of Defendant FMC Technologies, Inc.'s Partial Motion to Dismiss for Failure to State a Claim to the following via electronic means, through the Court's electronic filing system, on this 9th day of March 2009:

Joshua D. Boxer
LAW OFFICES OF MAYOR JOSEPH L. ALIOTO & ANGELA ALIOTO
700 Montgomery Street
San Francisco, CA 94111

W. Jackson Wisdom
James M. Cleary, Jr.
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, TX 77002

/s/ Sarah Stoffregen
Sarah Stoffregen

Firmwide:88629158.1 042176.1117

- 9 -