IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BORIS BRYANT, DARREN MAYO, EDWARD PIERRE, LAWRENCE GRICE, KEVIN MCINTYRE, MAURICE GALIMORE, JAMES BROWN, CARLOS BEATTY, MARCUS PAREJO, LAMAR NEWTON, JOHN LUCAS, CARLTON SYKES, <br><br> Plaintiffs <br><br> vs. <br><br> FMC TECHNOLOGIES, INC., ET AL., <br><br> Defendants. | § § § § § § § § § § § § § § § § § | NO. 04:08-CV-03744 |

## DEFENDANT PRO STAFF'S RESPONSE TO PLAINTIFF MARCUS PAREJO'S MOTION FOR JUDICIAL NOTICE

Defendant Dobbs Temporary Services, Inc. d/b/a Pro Staff Personnel Services, improperly named as Pro Staff Personnel Acquisition Corp. ("Pro Staff"), responds to Plaintiff Marcus Parejo's ("Parejo") Motion for Judicial Notice (Dkt. 62), as follows:

### I.
### INTRODUCTION

Motions for judicial notice are designed to dispense with formal proof of a fact that is easily determinable. Parejo, however, did not file this motion to save the Court time, but to defeat Pro Staff's summary judgment motion, given that the motion was filed contemporaneously with Plaintiffs' Opposition to Pro Staff's summary judgment motion. Thus, Parejo is not only trying to establish that these two documents were filed with the EEOC, but that Pro Staff had actual or constructive notice of them. Because Parejo has submitted no evidence of actual notice and is wrong on the case law, his motion must be denied or, in the alternative,

granted only for the limited purpose that these documents were filed with the EEOC.

## II.
## DISCUSSION

A. **Legal Standard**

The Fifth Circuit has made the following pronouncements on taking judicial notice:

- "The effect of taking judicial notice is 'to relieve one of the parties to a controversy of the burden of resorting to the usual forms of evidence.'" *United States v. Schmitt*, 748 F.2d 249, 256 (5th Cir. 1984) (citing *Ohio Bell Telephone Co. v. Public Utilities Commission*, 301 U.S. 292, 301-02, 57 S. Ct. 724, 729, 81 L. Ed. 1093 (1937));

- "A fact that has been judicially noticed is not subject to dispute by the opposing party-indeed, that is the very purpose of judicial notice." *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998);

- "Care should be taken by the court to identify the fact it is noticing, and its justification for doing so. This is particularly necessary when a document, such as a court judgment, from which any number of distinct facts might be drawn, is the object of the notice." *Colonial Leasing Co. of N. Eng., Inc. v. Logistics Control Group Int'l*, 762 F.2d 454, 459 (5th Cir. 1985).

Thus, if the Court takes judicial notice of these "facts," they will be in front of the fact-finder without further evidentiary proof on behalf of Plaintiffs. As a result, the Court must be careful as to what exact facts the fact-finder can take from its notice.

B. **Filing Does Not Equal Notice**

While Parejo's motion simply appears to be a request that the two documents in question were filed with the EEOC, it is clear from Plaintiffs' Opposition to Pro Staff's summary judgment motion, that he is seeking the Court to take notice that he satisfied the administrative

requirements to file a Title VII claim against Pro Staff.

Parejo does not appear to contest the basic proposition that filing an EEOC charge is a prerequisite to bringing a Title VII suit in federal court. *See, e.g., Grice v. FMC Techs., Inc.*, 216 Fed. Appx. 401, 405 (5th Cir. 2007) (citing *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990)). Further, it does not appear that he challenges the principle that a party must be labeled as a respondent in a charge in order to subsequently be found liable for violating Title VII or the TCHRA. *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988); *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 754-55 (S.D. Tex. 2001); *Ajaz v. Continental Airlines*, 156 F.R.D. 145, 147 (S.D. Tex. 1994) (citing *Terrell v. United States Pipe & Foundry Co.*, 644 F.2d 1112, 1122 (5th Cir. 1981), *vacated on other grounds*, 456 U.S. 955 (1982)).

Parejo does challenge, however, Pro Staff's argument that he did not satisfy his administrative prerequisites on the grounds that he listed it in his intake questionnaire. *See* Plaintiff's Opposition to Pro Staff's Motion for Summary Judgment at 28-29. Thus, even though he concedes that Pro Staff is not mentioned in his charge of discrimination, he is still entitled to bring a Title VII claim against it because its name appeared once in his unsworn intake questionnaire, a document that Pro Staff never received prior to the filing of this lawsuit. *See* Pro Staff's Appendix in Support of its Motion for Summary Judgment at Exhibit "A" at ¶ 19.[1]

To this end, Parejo cites numerous cases that ostensibly allow him to bring a Title VII claim in these circumstances. None of these cases, however, apply to the facts at bar. First, there is no evidence that the intake questionnaire was publicly available prior to the filing of the lawsuit. Second, and related to the first point, there is no evidence that Pro Staff had notice that it was named in the intake questionnaire. All of the cases cited by Plaintiffs involve situations in which the defendant employer had notice of the plaintiff's claims. *See Cooper v. Wal-Mart*

---

[1] The same is true in regards to the charge of discrimination filed by Plaintiff Maurice Galimore. *See id.*

*Tranp. LLC*, 662 F. Supp. 2d 757, 772-73 (S.D. Tex. 2010) (seven pages of handwritten notes detailing complaints provided employer with sufficient notice because they were attached to the charge which employer/respondent received); *Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1280 (5th Cir. 1994) (employer had adequate notice of equal pay claim because she set forth a separate claim in her charge for sex discrimination which was provided to employer/respondent); *Harris v. Honda*, 213 Fed. Appx. 258, 262 (5th Cir. 2006) (unsworn intake questionnaire not sufficient to satisfy administrative prerequisites to bring a TCHRA claim).

In fact, in one of the cases cited by Plaintiffs in their opposition, the Fifth Circuit has cited with approval a Seventh Circuit decision finding that "equating intake questionnaires to charges, without more, would be the equivalent of dispensing with the requirement to notify the prospective defendant." *Harris*, 213 Fed. Appx. at 262. The Fifth Circuit then dismissed the case on the grounds that the defendant had not received notice:

> We have previously permitted a pro se plaintiff to satisfy her obligation to commence administrative proceedings by filing an intake questionnaire; however, the defendant in that case was on notice of all the plaintiff's allegations. *Price*, 687 F.2d at 78 (questionnaire was sufficient because the charged party had notice of the allegations contained in the questionnaire and the EEOC had already investigated the allegations of the questionnaire); *see also Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1280-81 (5th Cir.1994) (questionnaire considered in determining whether the plaintiff had exhausted administrative remedies because during the investigation the EEOC pursued all of the alleged claims). Harris has failed to provide any evidence that Honda received notice that the plaintiff was pursuing a discrimination claim based upon his July 2003 interview; in light of these facts, we find that the intake questionnaire cannot substitute for a proper charge.

*Id.*

Yet Parejo is attempting to do through this motion – requesting this Court to take notice that he satisfied the administrative prerequisites to filing a Title VII claim – what the Fifth Circuit previously rejected. In sum, because Pro Staff was not listed in the charge, nor was it

4

invited to participate in conciliation, it cannot be sued for violations of Title VII. *See Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993); *Ajaz*, 156 F.R.D. at 147 (quoting *Terrell*, 644 F.2d at 1123).[2]

## C. In the Alternative, Judicial Notice Must Be Limited

As pointed out by the Fifth Circuit, "[c]are should be taken by the court to identify the fact it is noticing, and its justification for doing so. This is particularly necessary when a document, such as a court judgment, from which any number of distinct facts might be drawn, is the object of the notice." *Colonial Leasing Co.*, 762 F.2d at 459. Given the confusion that may result from judicially noticing the two documents requested by Parejo, this Court should limit any notice simply to the fact that they were filed by Parejo with the EEOC, and nothing else.

## III.
## CONCLUSION

For these reasons, Defendant Pro Staff respectfully requests that this Court deny Plaintiff Parejo's Motion for Judicial Notice, and grant it whatever further relief to which it shows it is justly entitled.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By:   /s/ W. Jackson Wisdom
W. Jackson Wisdom
State Bar No. 21804025
808 Travis Street, Suite 1800
Houston, Texas 77002
Tel: (713) 632-1700

---

[2] Plaintiffs reliance on *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 128 S. Ct. 1147 (2008), is also misplaced. In that decision, the Supreme Court found, among other things, that in order for an intake questionnaire to be deemed a charge, the charging party must request agency action. 552 U.S. at 404-05, 128 S. Ct. at 1159. This requirement was satisfied in that case because the charging party supplemented the questionnaire with a six-page affidavit which, among other things, asked the EEOC to "force" her employer "to end their age discrimination plan." 552 U.S. at 405, 128 S. Ct. at 1159. In contrast, there is no request by Parejo in the intake questionnaire that the EEOC take action against Pro Staff.

<table>
<tr><td></td><td>Fax: (713) 222-0101</td></tr>
<tr><td></td><td>ATTORNEYS FOR DEFENDANT, ATTORNEY-IN-CHARGE FOR DEFENDANT, DOBBS TEMPORARY SERVICES, INC. D/B/A PRO STAFF PERSONNEL SERVICES</td></tr>
</table>

OF COUNSEL:
James M. Cleary, Jr.
State Bar No. 00783838
Federal I.D. No. 15499
Diana Pérez
State Bar No. 24041674
Federal I.D. No. 13945
MARTIN, DISIERE & JEFFERSON, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Tel: (713) 632-1700
Fax: (713) 222-0101

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant Pro Staff's Response to Plaintiff Marcus Parejo's Motion for Judicial Notice has been forwarded by electronic mail via CM/ECF on July 23, 2010 to:

Ms. Angela Alioto
Mr. Steven L. Robinson
Mr. Joshua D. Boxer
LAW OFFICES OF MAYOR JOSEPH L. ALIOTO & ANGELA ALITO
700 Montgomery Street
San Francisco, California 94111
*Attorneys for Plaintiffs*

Mr. Kerry E. Notestine
Ms. Kelley Edwards
Ms. Sarah Stoffregen
LITTLER MENDELSON
1301 McKinney Street, Suite 1900
Houston, TX 77010
*Attorneys for Defendant FMC Technologies, Inc.*

                                           /s/ James M. Cleary, Jr.
                                           James M. Cleary, Jr.