IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BORIS BRYANT, DARREN MAYO, EDWARD PIERRE, LAWRENCE GRICE, KEVIN MCINTYRE, MAURICE GALIMORE, JAMES BROWN, CARLOS BEATTY, MARCUS PAREJO, LAMAR NEWTON, JOHN LUCAS, CARLTON SYKES, <br><br> Plaintiffs <br><br> vs. <br><br> FMC TECHNOLOGIES, INC., PROSTAFF PERSONNEL ACQUISITION CORP., <br><br> Defendants. | § § § § § § § § § § § § § § § § § | NO. 04:08-CV-03744 |

FMC TECHNOLOGIES, INC.'S RESPONSE TO PLAINTIFF DARREN MAYO'S
OBJECTION TO TURNER DECLARATION

The defendant FMC Technologies, Inc. (FMCTI) responds to Plaintiff Darren Mayo's Objection to Exhibit 1 to Michael Turner's Declaration in Support of FMCTI's Motion for Summary Judgment (Mayo Objection), as follows:

Background

FMCTI's Motion for Summary Judgment currently is pending before this Court. Attached to FMCTI's Motion is Exhibit H, the Declaration of Michael Turner.  Exhibit 1 to Turner's Declaration is a document authored by Turner and entitled "Inappropriate Material Investigation" (Turner Report).  This report, dated May 14, 2010, describes the company-wide investigation conducted by Turner and other members of FMCTI's Human Resources Department over the course of eight months (and continuing to this day) into the inappropriate use of company computers, email, and network credentials by more than twenty FMCTI employees, including the plaintiff Darren Mayo. *See generally*, Turner Report; *see also* Turner Declaration  ¶ 3.  This investigation began after the company discovered significant amounts of

pornographic and other offensive material on Mayo's computer, email and network files in September 2009. *See id.* The sheer volume of the offensive material that Mayo saved to the company computer system and Mayo's conduct in distributing inappropriate material through company email to numerous other employees resulted in the termination of Mayo's employment on September 24, 2009. *See* Turner Report at pg 3-4.

In addition, the investigation did not end there. Turner and other investigators traced the sources and recipients of Mayo's emails containing inappropriate material and determined that other FMCTI employees violated the company's policy. Further, Mayo identified a list of twenty additional FMCTI employees whom he believed had engaged in similar misconduct in his termination meeting and subsequent complaint. *See id.* As a result, the HR department similarly investigated these additional employees. *See id.* By May 14, 2010, more than seventy current or former employees had been implicated in some way to the offensive material found on company computers and network space. *See id.* at pg 5.

Argument and Authority

The report entitled "Inappropriate Material Investigation" to which Mayo objects, is admissible under the business record exception to the hearsay rule, Rule 803(6) of the Federal Rules of Evidence. Turner's Declaration establishes that it was kept in the ordinary course of business, it was regular business practice of the HR Department to create such a document, it was made at or near the time of the events described therein, and it was made by a person with knowledge of the events described therein. *See* Turner Declaration ¶ 2; *see also* FED. R. EVID. 803(6). As a result, the Court should consider the report as appropriate summary judgment evidence.

Mayo objects that the report in question is a self-serving document prepared solely for the purposes of trial. *See* Mayo Objection at pg 1. This argument does not justify exclusion of the document and Mayo submits no evidence to support this contention even if it were sufficient to justify exclusion of the document from evidence. The company's HR employees have testified in

2

their depositions that a regular part of their jobs as HR professionals is to create reports summarizing any investigations conducted. *See* Livingston 141:7–149:14; Risinger 29:11–30:21 (attached to this response as Exhibit 1). The report by Mike Turner is no different. Moreover, other investigative reports prepared by the HR Department have been produced in this case—<u>nine</u> of which have been attached as exhibits in support of the company's Motion for Summary Judgment <u>without objection</u> from the plaintiffs.[1] *See* Exhibits to FMCTI's Motion for Summary Judgment: 2 to Ex. A; 213 to Ex. D; 2, 3, and 4 to Ex. H; and 6, 7, 15, and 56 to Ex. I. Therefore, this objection does not demonstrate that the report is inadmissible.

Mayo also objects that the report, which is dated May 14, 2010, was prepared years after what he claims are the events in question (Mayo's own receipt, transmission, and retention of inappropriate material) and eight months after his termination in September 2009. *See* Mayo Objection at pg 1-2. As explained in the report, although the majority of the offensive materials discovered on Mayo's computer files were, indeed, dated some years earlier, FMCTI only first discovered these files in September 2009. *See* Turner Report at pg 1 & 3. At that point, FMCTI began its investigation into Mayo and other employees' computer usage. It is this investigation, and the subsequent investigations springing from it, that drive the focus of the May 14, 2010 report. The multiple investigations outlined in the report began with the discovery of Mayo's material in September 2009 and continued throughout the remainder of the year and into 2010 as additional FMCTI employees were implicated. Indeed, the report references corrective actions that were issued to employees throughout the remainder of 2009 and as recently as March 10, 2010. *See* Turner Report at pg 5.

Moreover, the investigation is still ongoing. *See id.* at pg 2 & 6; *see also* Turner Declaration ¶ 3. Notably, the report states that as of May 14, 2010, only twenty-one of the seventy-one investigations into the implicated individuals had taken place. *See* Turner Report at

---

[1] Plaintiff John Lucas objected to a tenth report (Ex. 20 to Ex. A to FMCTI's Motion for Summary Judgment) on the grounds that it did not comply with Federal Rule of Evidence 1006, related to summaries of voluminous documents. FMCTI's response to Lucas's objection is being filed separately.

3

pg 5. The report additionally describes FMCTI's efforts during the first quarter of 2010 to procure and install a new software application to assist the company with investigating the remaining individuals and states that the company expected to have that tool operational by the end of May 2010. *See id.* at pg 6. Turner's report in May therefore summarizes timely events, and the plaintiffs' objection to the use of the report as competent summary judgment evidence on behalf of FMCTI should be overruled.

### Conclusion

Because Turner's report was made and kept in the ordinary course of business, it was regular business practice of the HR Department to create such a document, it was made at or near the time of the events described therein, and it was made by a person with knowledge of the events described therein, the report qualifies as an admissible business record under Rule 803(6). Accordingly, Mayo's objection to this document should be overruled.

Of Counsel:

Kelley Edwards
State Bar No. 24041775
Federal ID No. 560755
Sarah Stoffregen
State Bar No. 24066151
Federal ID No. 966164
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)

Lynn Kappelman (appearing *Pro Hac Vice*)
MA State Bar No. 642017
MA Federal ID No. 642017
SEYFARTH SHAW, LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
617.946.4888 (Telephone)
617.790.5360 (Telecopier)

Respectfully submitted,

*/s/ Kerry E Notestine*
Kerry E Notestine (Attorney-in-Charge)
State Bar No. 15116950
Federal ID No. 2423
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)

ATTORNEYS FOR THE DEFENDANT
FMC TECHNOLOGIES, INC.

CERTIFICATE OF SERVICE

      I certify that I sent a copy of this document to the following on this 23rd day of July, 2010 via the Court's electronic filing system:

Joshua D. Boxer
Steven L. Robinson
LAW OFFICES OF MAYOR JOSEPH L.
ALIOTO & ANGELA ALIOTO
jboxer@aliotolawoffices.com
srobinson@aliotolawoffices.com

James M. Cleary, Jr.
W. Jackson Wisdom
MARTIN, DISIERE JEFFERSON & WISDOM, L.L.P.
cleary@mdjwlaw.com
wisdom@mdjwlaw.com

      /s/ Sarah Stoffregen
      Sarah Stoffregen

Firmwide:96405141.2 042176.1117