IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BORIS BRYANT, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 4:08-cv-03744 |
| | § | |
| FMC TECHNOLOGIES, ET AL. | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT'S MOTION IN LIMINE AND PROPOSED ORDER

Defendant, Dobbs Temporary Services, Inc. d/b/a Pro Staff Personnel Services, improperly named as Prostaff Personnel Acquisition Corp. ("Pro Staff"), requests that this Court enter an order prior to voir dire examination of the jury panel that instructs Plaintiff and opposing counsel and, through opposing counsel, any witness called on behalf of Plaintiff, to refrain from mentioning, interrogating, or otherwise referencing, directly or indirectly, in any manner whatsoever, including the offering of documentary evidence, the matters set forth in this motion.

Pro Staff further requests that the Court order that, if opposing counsel wishes to propose a theory of admissibility concerning any matters raised in this motion, she first request a ruling from the Court outside the presence and hearing of all prospective jurors and the jurors ultimately selected to hear this case.

I.

The matters set out below would be inadmissible in evidence for any purpose on proper and timely objection in that they are irrelevant, prejudicial and have no bearing on the issues in this case. Permitting interrogation of witnesses, comments to jurors or to prospective jurors, or offers of evidence concerning any of the matters set forth below would prejudice the jury.

Further, even if the Court sustains objections to such questions, statements, or evidence introduced by counsel or witnesses, that alone would not prevent prejudice, because substantial harm to Pro Staff already would be accomplished because the matter will have already been presented, either directly or indirectly, to the jury.

II.

The following matters should not be raised, mentioned, or discussed in the presence of the jurors or prospective jurors for any purpose:

1. Any reference to or testimony concerning conversations involving settlement discussions. FED. R. EVID. 408.

    GRANTED: _____    DENIED: _____

2. Any reference to or testimony concerning the fact that the law firm of Martin, Disiere, Jefferson & Wisdom, L.L.P. (1) specializes in representing management of companies or large companies; (2) specializes in the defense of lawsuits or employment lawsuits; or (3) is a large firm that has used any number of attorneys or received any amount of fees in defending this case. *See* FED. R. EVID. 403; *see also Bufford v. Rowan Cos., Inc.*, 994 F.2d 155, 157-58 (5th Cir. 1993)(when party makes unsupported, irresponsible attack on integrity of opposing counsel, it is the duty of the trial court to suppress it in a quick and unqualified manner).

    GRANTED: _____    DENIED: _____

3. Any reference to or testimony concerning alleged wrongful behavior by Pro Staff which Plaintiffs did not disclose in their depositions.

    GRANTED: _____    DENIED: _____

4. Any reference to or testimony concerning any complaints about conduct of Pro Staff employees which do not involve Plaintiffs. Additionally, any evidence or testimony regarding investigations conducted by Pro Staff regarding claims raised by, or relating to, individuals other than Plaintifs. Such testimony about individuals, or actions taken regarding individuals, not connected with Plaintiffs' claims against Pro Staff is irrelevant to this action. *See Wyvill v. United Cos. Life Ins. Co.,* 202 F.3d 295 (5th Cir. 2000) (finding an abuse of discretion in admitting testimony of other employees' anecdotal accounts of alleged discrimination because any such action cannot be probative of discrimination in plaintiff's discharge); *Bigoni v. Pay'N Pak Stores, Inc.*, 1990 WL 181735 *1-2 (D. Or., Nov. 8, 1990)(holding that evidence regarding harassment complaints made against other employees and actions taken by

2

the employer as to these other employees are not relevant to a claim for negligent hiring and retention); *Jones*, 793 F.2d at 721 n.7; *Collins*, 937 F.2d at 195; *McCleland*, 1995 WL 571324 at *4; *Campbell*, 770 F. Supp. at 1486 n.1; FED. R. EVID. 401, 402. In addition to being irrelevant, the admission of such testimony would necessarily result in unfair prejudice to Pro Staff: the jury would likely be swayed by the cumulative effect of testimony concerning allegations of wrongdoing raised by any discussion of complaints by employees other than Plaintiffs. FED. R. EVID. 403. The jury may also be misled or confused by testimony concerning other employee complaints or the investigations of claims raised by other employees. This confusion may lead to the erroneous award of damages to Plaintiffs based upon purported actions complained of by other employees. In order to counter this unfair prejudice, Pro Staff would be forced to conduct several trials within this trial to fully respond to every unfounded allegation or innuendo of wrongdoing thus causing undue delay. FED. R. EVID. 403; *see also Wyvill*, 212 F.3d at 303.

   GRANTED: _____   DENIED: _____

5. Any reference to or testimony concerning Pro Staff's alleged treatment of other employees that were not similarly situated to Plaintiffs or speculative testimony from supervisors or coworkers who were not involved in the employment decisions concerning Plaintiffs. Any speculative testimony by other employees is merely anecdotal evidence that is irrelevant and prejudicial to Pro Staff. *See Swanson v. General Services Admin.*, 110 F.3d 1180, 1190 (5th Cir. 1997) (affirming the exclusion of witnesses who "could offer any speculation that any adverse actions that they suffered were the result of racial discrimination or retaliation"). Additionally, testimony concerning unsubstantiated beliefs about supervisors and employees about which Plaintiffs were unaware is not relevant to Plaintiffs' claims. *Jones v. Flagship Int'l*, 793 F.2d 714, 721 (5th Cir. 1986), *cert. denied,* 112 S.Ct. 968 (1992)(excluding evidence of the treatment of other employees because "such testimony, though relevant to a class action suit, does not bear on [plaintiff's] individual claim in the absence of evidence that such incidents affected [plaintiff's] psychological well-being"); *Goff v. Continental Oil*, 678 F.2d 593, 596-97 (5th Cir. 1982); *Valdez v. Church's Fried Chicken, Inc.*, 683 F. Supp. 596, 620-21 (W.D. Fed. 1998)(refusing to consider actions of supervisor who was not the offender in question because they were irrelevant to plaintiff's claim).

   GRANTED: _____   DENIED: _____

6. Except for the purpose of demonstrating the bias of a witness against Pro Staff, any reference to, testimony concerning or introduction of documents regarding other harassment or discrimination claims, lawsuits or EEOC charges brought against Pro Staff by current or former Pro Staff employees. Such evidence is irrelevant to Plaintiffs' individual claims. FED. R. EVID. 401, 402. Testimony from or pertaining to other employees in other parts of the company, who held different positions under different supervisors and otherwise not similarly situated to Plaintiffs is not admissible to support an inference of discrimination in Plaintiffs' particular cases.

3

*Wyvill, supra*. The most that such evidence may indicate is that third parties have made discrimination claims against Pro Staff. *Yellow Bayou Plantation, Inc. v. Shell Chem., Inc.*, 491 F.2d 1239, 1242-43 (5th Cir. 1974); *Bumley Estate v. Iowa Beef Processors Inc.*, 704 F.2d 1351, 1356-57 (5th Cir. 1983). Furthermore exclusion of such evidence "of such faint probative value and high potential for unfair prejudice [is] well within the court's discretion." *Yellow Bayou*, 491 F.2d at 1243. The introduction of such evidence would lead to trials within a trial - resulting in confusion of the issues and undue delay. *Wyvill, supra; see also Ramos-Melendez v. Valdejully*, 960 F.2d 4, 6 (1st Cir. 1992) (exclusion of testimony of their employees with pending suits against plaintiff's former employer because it would have been necessary to try employee's cases as well as plaintiffs); *Kinan v. City of Brockton*, 876 F.2d 1029, 1034-35 (1st Cir. 1989) (excluding evidence of two prior civil rights actions against the city and nothing that evidence of the previous cases would "inevitably result in trying those cases . . . before the jury. . . [and] the merits of the two other cases would become extricable intertwined with the case at bar" resulting in confusion and waste of time); *Agristor Leasing v. Meuli*, 865 F.2d 1150, 1152-53 (10th Cir. 1988)(excluding evidence of prior litigation); *Brooks v. Chrysler Corp.*, 786 F.2d 1191, 1995 (D.C. Cir. 1986) (excluding exhibits relating to prior investigation because it could have distracted juror). Furthermore, evidence of past or pending claims is of little probative value to the claim being litigated. *See, e.g., Wilson v. Bicycle S., Inc.*, 915 F.2d 1503, 1510 (11th Cir. 1990) (evidence of similar incidents excluded in product liability suit as not probative because of the amount of extrinsic evidence required to show whether the incidents were sufficiently similar); *Coast-to-Coast Stores, Inc. v. Womack-Bowers, Inc.*, 818 F.2d 1398, 1404 (8th Cir. 1987)(excluding evidence in franchise case of alleged similar dealings and misrepresentations because it would force introduction of rebuttal testimony that would confuse issues and waste time).

GRANTED: _____ DENIED: _____

7. Any reference to or testimony concerning the hanging of nooses, graffiti and drawings displayed on walls and machinery, the wearing on a Ku Klux Klan hat made of paper, the viewing of racist websites, the displaying of a swastika, rebel flag or Aryan Nation spider tattoo, the Jenna 6, the killing of James Byrd in Jasper, Texas, the displaying of a picture of an employee in a Confederate hat, the displaying of a Confederate flag in an employee's car, unless such information has been previously disclosed to Defendant. The probative value of such information, if any, is outweighed by the danger of unfair prejudice to Pro Staff. FED. R. EVID. 403.

GRANTED: _____ DENIED: _____

8. Any reference to or testimony concerning racial slurs, jokes or other statements concerning a person's race, including but not limited to calling someone "boy," "monkey" or "slave driver," using the word "nigger" or "Creole nigger," statements concerning slavery or the Ku Klux Klan, unless such information has been previously

4

disclosed to Defendant. The probative value of such information, if any, is outweighed by the danger of unfair prejudice to Pro Staff. FED. R. EVID. 403.

    GRANTED: _____    DENIED: _____

9. Any reference to or testimony concerning or from any expert who was not properly designated.

    GRANTED: _____    DENIED: _____

10. The fact that this Motion in Limine has been filed, or any ruling by the Court on this Motion. FED. R. EVID. 401, 402 and 403.

    GRANTED: _____    DENIED: _____

11. The relative financial conditions or net worth of Plaintiffs and Defendants. FED. R. EVID. 801, 802.

    GRANTED: _____    DENIED: _____

12. Any reference to or testimony concerning any document or tangible item which Plaintiffs intend to introduce into evidence or use as demonstrative evidence that was not timely produced in response to any of Defendants' discovery requests.

    GRANTED: _____    DENIED: _____

13. Any discovery dispute, or pretrial ruling on discovery matters, concerning Defendants' production or non-production of documents or tangible items. FED. R. EVID. 401, 402 and 403.

    GRANTED: _____    DENIED: _____

14. Any speculation, comment, or argument on the failure of Defendants to call a witness or on the substance of the testimony if such witness had been called to testify in this matter. FED. R. EVID. 401, 402 and 403.

    GRANTED: _____    DENIED: _____

15. Any reference to objections to interrogatories or requests for production, or any denial of a request for admission, made by Defendants. FED. R. EVID. 401, 402 and 403.

    GRANTED: _____    DENIED: _____

16. Any reference to or testimony concerning any hearsay statement, specifically comments from other employees or former employees of Defendants concerning any

   alleged discriminatory or wrongful act or statement, for which no exception has been established. FED. R. EVID. 801, 802.

   GRANTED: _____   DENIED: _____

17. Any portions of a deposition constituting hearsay evidence or opinions for which no predicate has been established. FED. R. EVID. 801, 802.

    GRANTED: _____   DENIED: _____

18. Any evidence of alleged retaliation given that those claims were dismissed by the Court in its Memorandum Opinion and Order Dated September 16, 2010.

    GRANTED: _____   DENIED: _____

19. Any evidence of alleged discrimination suffered by Plaintiffs Beatty, Brown and McIntyre given that those claims were dismissed by the Court in its Memorandum Opinion and Order Dated September 16, 2010.

    GRANTED: _____   DENIED: _____

20. Any evidence of an alleged hostile work environment in regards to any plaintiff other than Plaintiffs Galimore, Parejo and Pierre because those three plaintiffs were the only plaintiffs to sue Pro Staff for hostile work environment.

    GRANTED: _____   DENIED: _____

21. Any evidence of, or making reference to, time-barred conduct.  Specifically, this Court should exclude any evidence of conduct that occurred before December 26, 2004.  *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004) (statute of limitations for § 1981 claim is four years).

    GRANTED: _____   DENIED: _____

22. Any evidence of, or making reference to, statements or testimony that constitute stray remarks, as such statements cannot support the plaintiffs' claims.  In order for comments to be "sufficient evidence of discrimination, they must be '(1) related [to the protected class of persons of which the plaintiff is a member]; (2) proximate in time to the employment decisions; (3) made by an individual with authority over the employment decision at issue; and (4) related to the employment decision at issue.'" *Krystek v. Univ. of So. Miss.*, 164 F.3d 251, 256 (5th Cir. 1999) (citing *Brown v. CSC Logic, Inc.*, 82 F.3d 651 (5th Cir. 1996)).  Otherwise, the comment is a stray remark, and cannot be supportive of discrimination.  *Id.*; a*lso see Fortier v. Ameritech Mobile Commc'n, Inc.*, 161 F.3d 1106, 1112 (7th Cir. 1998) (stating that a supervisor's comment about the need for a woman in a particular position is "not sufficiently

related, either logically or temporally, to the termination decision and therefore is not probative of [the employer's] intent at that time").

    GRANTED: _____      DENIED: _____

23. Any evidence of, or making reference to, statements or testimony that are outside the witness's personal knowledge. Fed. R. Evid. 602.

    GRANTED: _____      DENIED: _____

24. Any evidence regarding the subjective beliefs of the plaintiffs, their coworkers, and/or their supervisors that they were discriminated against or harassed because of their race, no matter how genuine that belief, because such subjective beliefs are not probative. *Southard v. Texas Bd. of Crim. Justice*, 114 F.3d 539, 555 (5th Cir. 1997) (a plaintiff's "subjective interpretation of [her supervisor's] comments is insufficient"); *see also Septimus*, 399 F.3d at 610; *Martin v. Kroger*, 65 F. Supp. 2d 516, 553 (S.D. Tex. 1999) ("an employee's own subjective belief of discrimination, no matter how genuine, cannot serve as the basis for judicial relief . . . Moreover, the subjective belief of a fellow employee, whether a supervisor, coworker, or in this instance, a subcontractor, suffers from the same defects as the plaintiff's subjective belief"). In an employment discrimination case, neither an employee's subjective belief that he was harassed nor a coworker's subjective belief that harassment occurred is sufficient to establish harassment did in fact occur.

    GRANTED: _____      DENIED: _____

25. Any testimony regarding the plaintiffs' alleged job performances from individuals who had no supervisory authority over the plaintiffs during the relevant time period. Fed .R. Evid. 401, 402, 403. Such testimony is not only irrelevant insofar as these witnesses have no personal knowledge of the plaintiffs' job performances relative to the performances of other similarly situated employees, but it would also only serve to confuse and mislead the jury, which would substantially prejudice the defendant. *See*, *e.g.*, *Hansard v. Pepsi-Cola Metro. Bottling Co.*, 856 F.2d 1461, 1465 (5th Cir. 1989); *Linetsky v. Eurpac Serv., Inc.*, 1998 WL 792554, at *8 (N.D. Tex. Nov. 7, 1998).

    GRANTED: _____      DENIED: _____

26. Any evidence of, make reference to, or provide an instruction or question regarding punitive damages. The plaintiffs have no evidence that Pro Staff acted with malice or reckless indifference to the plaintiffs' rights. Any reference to punitive damages, therefore, is irrelevant and unfairly prejudicial, confusing, and misleading. Fed. R. Evid. 402, 403; *see also Hatley v. Hilton Hotels Corp.*, 308 F.3d 473, 476 (5th Cir. 2002) (affirming trial court decision refusing to instruct jury on punitive damages because employer made a good faith effort to prevent and punish sexual harassment, even though supervisor may have acted with malice); *Green v. The Adm'rs of the*

*Tulane Educ. Fund*, 284 F.3d 642, 653 (5th Cir. 2002) (affirming trial court decision rejecting punitive damages where employer's antidiscrimination policy and practices demonstrated a good faith attempt to comply with Title VII); *Shoreline, Inc. v. Hisel*, 115 S.W.3d 21, 26 (Tex. App.—Corpus Christi, no pet.).

GRANTED: _____    DENIED: _____

27. Any evidence of, make reference to, or provide an instruction or questions regarding damages or the computation of the same not disclosed by the plaintiffs to the defendants in response to discovery seeking identification of the same. Rule 37(c)(1) of the Federal Rules of Civil Procedure provides, in part, "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).

GRANTED: _____    DENIED: _____

28. Any evidence of what Pro Staff's policies and practices regarding the investigation of harassment complaints should be. The law does not require Pro Staff to do more than what is reasonable under the circumstances. *See*, *e.g.*, *Bryant v. Compass Group USA, Inc.*, 413 F.3d 471, 478-79 (5th Cir. 2005). Moreover, statements regarding what Pro Staff's policies or practices should be is unfairly prejudicial to Pro Staff and is likely to confuse the issues and mislead the jury. Fed. R. Evid. 401, 402, 403. As such, this evidence should be excluded.

GRANTED: _____    DENIED: _____

## CONCLUSION

The Defendants thus request that the Court enter an order as follows: That counsel for the Plaintiffs, and through them any and all witnesses called on behalf of the Plaintiffs, be by the order instructed to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, of the matters set forth in this motion, including the offering of documentary evidence, without first requesting and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause in regard to any alleged theory of admissibility of such matters.

                    Respectfully submitted,

                    MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

                    By*:*      */s/ W. Jackson Wisdom*
                            W. Jackson Wisdom
                            State Bar No. 21804025
                            Federal I.D. No. 13756
                    808 Travis Street, Suite 1800
                    Houston, Texas 77002
                    Telephone: (713) 632-1700
                    Facsimile: (713) 222-0101

                    ATTORNEY-IN-CHARGE FOR DEFENDANT, DOBBS TEMPORARY SERVICES, INC. D/B/A PRO STAFF PERSONNEL SERVICES

OF COUNSEL:
James M. Cleary, Jr.
State Bar No. 00783838
Federal I.D. No. 15499
Diana Pérez Gomez
State Bar No. 24041674
Federal I.D. No. 13945
MARTIN, DISIERE & JEFFERSON, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Tel: (713) 632-1700
Fax: (713) 222-0101

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing pleading was served by ECF on September 27, 2010 upon the following:

Ms. Angela Alioto
Mr. Steven L. Robinson
Mr. Joshua D. Boxer
LAW OFFICES OF MAYOR JOSEPH L. ALIOTO & ANGELA ALITO
700 Montgomery Street
San Francisco, California 94111

Kerry Notestine
Kelley Edwards
Sarah Stoffregen
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1301 McKinney Street
Suite 1900
Houston, TX  77010

Lynn Kappelman
SEYFARTH SHAW, LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210

                                            /s/ W. Jackson Wisdom
                                              W. Jackson Wisdom