IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BORIS BRYANT, DARREN MAYO, EDWARD PIERRE, LAWRENCE GRICE, KEVIN MCINTYRE, MAURICE GALIMORE, JAMES BROWN, CARLOS BEATTY, MARCUS PAREJO, LAMAR NEWTON, JOHN LUCAS, CARLTON SYKES, <br><br> Plaintiffs <br><br> vs. <br><br> FMC TECHNOLOGIES, INC., PROSTAFF PERSONNEL ACQUISITION CORP. , <br><br> Defendants. | § § § § § § § § § § § § § § § § § §  <br><br> NO. 04:08-CV-03744 |

DEFENDANT FMC TECHNOLOGIES, INC.'S
PROPOSED VOIR DIRE EXAMINATION OF THE JURY PANEL

The defendant, FMC Technologies, Inc. (FMC), submits the following proposed voir dire examination as required by the Court's procedures. FMC has divided the questions based on subject matter to assist the court with identifying appropriate voir dire questions by topic, assuming that the Court already has some standard voir dire questions on certain topics.

Questions Related to the Identity of the Parties and Lawyers

    1.    The plaintiffs in this case are Boris Bryant, Darren Mayo, Edward Pierre, Lawrence Grice, Kevin McIntyre, Maurice Galimore, James Brown, Carlos Beatty, Marcus Parejo, Lamar Newton, John Lucas, and Carlton Sykes. Do you or any member of your family know any of the plaintiffs? If so, in what manner, i.e., are you related to him, or do you know him socially or through business?

2.  Have you or anyone in your immediate family had any business dealings with any of the plaintiffs? If so:

    a.  Please state the nature of those business dealings; and

    b.  Would those business dealings prevent you from being a fair and impartial juror in this case?

3.  Have any of you or has any member of your immediate family ever had a dispute, claim or lawsuit against or with any of the plaintiffs? If so, would the outcome of that dispute, claim or lawsuit prevent you from being a fair and impartial juror in this case?

4.  The plaintiffs in this case are represented by Angela Alioto, Josh Boxer, and Steven Robinson, attorneys working in San Francisco, California with the Law Offices of Mayor Joseph L. Alioto and Angela Alioto. Do any of you or any of your immediate family members know any of these attorneys? If so, in what manner, i.e., are you related to him, or do you know him socially or through business? If you are related to or have had any social or business dealings with any of these attorneys, please state the nature of the relationship or dealings and whether that relationship or those dealings would prevent you from being a fair and impartial juror in this case.

5.  Have any of you or any member of your immediate family ever had any dealings with Law Offices of Mayor Joseph L. Alioto and Angela Alioto in San Francisco or any of the individuals who work for that law firm? If so, state the nature of those dealings and whether those dealings would prevent you from being a fair and impartial juror in this case.

6.  The co-defendant in this case, Pro Staff, is represented by Jack Wisdom and Jim Cleary, attorneys working in Houston, Texas. Mr. Wisdom and Mr. Cleary are

attorneys with the law firm of Martin, Disiere, Jefferson, and Wisdom L.L.P.  Do any of you or any of your immediate family members know either of these attorneys?  If so, in what manner, i.e., are you related to him, or do you know him socially or through business?  If you are related to or have had any social or business dealings with any of these attorneys, please state the nature of the relationship or dealings and whether that relationship or those dealings would prevent you from being a fair and impartial juror in this case.

7. Have any of you or any member of your immediate family ever had any dealings with Martin, Disiere, Jefferson, and Wisdom L.L.P. or any of the individuals who work for that law firm?  If so, state the nature of those dealings and whether those dealings would prevent you from being a fair and impartial juror in this case.

8. The plaintiffs all worked at one time for a company called FMC Technologies, Inc..  Have any of you or has any member of your immediate family ever worked for FMC?  If so, please explain.

9. Do any of you know any persons who have worked for or who are currently working for FMC?  If so:

    a. Please state the name of that employee;

    b. Please state the nature of the acquaintance; and

    c. Would your acquaintance with that person prevent you from being a fair and impartial juror in this case?

10. Have you or has anyone in your immediate family ever had any business dealings with FMC?  If so:

    a. Please state the nature of those business dealings; and

    b. Would those business dealings prevent you from being a fair and impartial juror in this case?

11. Have any of you or has any member of your immediate family ever had a dispute, claim or lawsuit against or with FMC or another oil and gas services company? If so, please indicate that nature of the dispute, claim or lawsuit and the outcome? Would the outcome of that dispute, claim or lawsuit prevent you from being a fair and impartial juror in this case?

12. The attorneys representing the defendant in this lawsuit are Kerry Notestine, Lynn Kappelman, and Sarah Stoffregen. Mr. Notestine and Ms. Stoffregen are attorneys with the law firm of Littler Mendelson, in Houston, Texas. Ms. Kappelman is an attorney with the law firm of Seyfarth Shaw.

    a. Do any of you know any of these attorneys?

    b. Have any of you had any dealings with any of these attorneys?

    c. If so, please state the nature of those dealings.

13. Have any of you or any member of your immediate family had any dealings with the law firm of Littler Mendelson? With Seyfarth Shaw? If so, state the nature of those dealings and whether those dealings would prevent you from being a fair and impartial juror.

Questions Related to the Identity of Witnesses

14. The plaintiffs have listed the following witnesses who will testify on their behalf. I will read you the names of those witnesses who will testify on the plaintiffs' behalf. Do you know any of them, and, if so, in what manner?

*See Plaintiff's Witness List.*

15. FMC has listed the following witnesses who will testify on its behalf. I will read you the names of those witnesses and ask you if you know any of them. If so, in what manner.

*See FMC's Witness List.*

16. Pro Staff has listed the following witnesses who will testify on its behalf. I will read you the names of those witnesses and ask you if you know any of them. If so, in what manner.

*See Pro Staff's Witness List.*

<u>Questions Applicable to Employment Discrimination or Harassment Claims</u>

17. Do you believe you or any member of your immediate family has been discriminated against based on:

    a. race?

    b. sex, including harassment?

    c. color?

    d. religion?

    e. national origin?

    f. age?

    g. disability?

    h. union status?

    i. engaging in protected conduct?

18. Have you or has any member of your immediate family ever been a plaintiff or a defendant in a legal proceeding involving employment discrimination? If so:

    a. Please state whether you were a plaintiff or a defendant;

    b.  Please state the nature of the suit; and

    c.  Please state the name of the other party or parties who were involved in the lawsuit.

  19.  Have you or has any member of your immediate family ever worked for a firm or a company that has been a plaintiff or a defendant in an employment discrimination case? If so, please explain.

  20.  Have you or has any member of your immediate family been a witness in a case involving employment discrimination? If so, please explain.

  21.  Have any of you or has any member of your immediate family ever been fired or dismissed from a job? If so, please explain.

  22.  Have you or any member of your immediate family ever been laid off from a job? If so, please explain.

  23.  Are any of you members of a union? If so, what union?

  24.  Have any of you or has any member of your immediate family ever sued or threatened to sue an employer, supervisor, or fellow employee? If so, please explain.

  25.  Have any of you filed charges of discrimination with the Equal Employment Opportunity Commission, the Texas Commission of Human Rights, the Civil Rights Division of the Texas Workforce Commission, the National Labor Relations Board, or any other governmental agency? If so, please explain.

  26.  Have you or any member of your immediate family ever attempted or actually given evidence, deposition testimony, or live testimony in an administrative or court proceeding against your employer? If so, please explain.

  27.  Have you or has any member of your immediate family ever been a plaintiff or a defendant in a civil lawsuit or a workers' compensation proceeding? If so:

      a.    Please state whether you were a plaintiff or a defendant;

      b.    Please state the nature of the suit; and

      c.    Please state the name of the other party or parties who were involved in the lawsuit.

28.    Have you or has any member of your family utilized grievance procedures against an employer or fellow employee? If so, please explain.

<u>Questions Related to Individuals as Plaintiffs</u>

29.    Do any of you believe that a plaintiff, that is, a person who sues someone else, is automatically entitled to recover something just because he or she brought the lawsuit? If so, please explain.

30.    Do any of you believe that a plaintiff, that is, a person who sues a large company, is automatically entitled to recover something just because he or she brought the lawsuit and the company will perhaps be able to pay the judgment? If so, please explain.

31.    Do any of you feel that just because a group of individuals has filed a lawsuit together, it is more likely that they have been wronged in some way? If so, please explain.

32.    Does everyone here understand that each individual plaintiff must establish each element of his claims and that he cannot rely on the other plaintiffs to establish his claims?

33.    Does everyone here understand that each plaintiff's case should be heard and decided separately?

34.    Our judicial system provides that it is up to the plaintiff to prove his allegations by a preponderance of the credible evidence. It is not up to the defendants to

7

disprove the plaintiff's charges. If the plaintiffs fail to convince you that their allegations in this lawsuit are true, would any of you have any difficulty returning a verdict for the defendants?

Questions Related to Corporations as Defendants

35. Do any of you believe that a business, a company, or a corporation is not entitled to come into court and defend itself as you would have the right to do if you, individually, wanted to bring a lawsuit or to defend a lawsuit? If so, please explain.

36. Is there any member of the jury panel who thinks that the defendant must have done something wrong or it would not have been sued? If so, please explain.

37. Will the fact that FMC and ProStaff are businesses and will be represented by Littler Mendelson, Seyfarth Shaw, and Martin, Disiere, Jefferson, and Wisdom L.L.P.Martin in any way influence your decision in this case? If so, please explain.

38. The media often claims companies are only interested in profits and not people. Do any of you agree with the claim? If so, please explain.

Questions Applicable to Hostile Work Environment

39. Does everyone agree that whether an individual experienced a hostile work environment depends on what he personally witnessed or experienced in the workplace?

40. Is there any member of the jury panel who believes that an environment can be hostile even if there is no affect on an employee's ability to do his job?

41. Do any of you believe that simply hearing about an offensive act is just as upsetting as actually witnessing the act firsthand?

8

42. Does everyone agree that a claim for hostile work environment cannot be based on isolated acts or occasional discourteous comments?

Questions Applicable to Defenses or Affirmative Defenses

43. FMC and Pro Staff's business judgment is not at issue in this matter. Even if FMC or ProStaff somehow made a mistake in judgment regarding any of the plaintiffs, does everyone here understand that unless that entity treated a plaintiff badly because of his race, it did nothing illegal? Does anyone have a problem with that?

44. Is there anyone here who would hold an employer liable for the acts of its employees even if it could not have done anything to prevent them?

45. It is the plaintiff's burden to demonstrate hostile environment based on race. Even if the plaintiff's demonstrate a racially hostile environment, the defendants nevertheless are not liable under the law if they can establish that they exercised reasonable care to prevent and promptly correct any harassing behavior, and the plaintiffs unreasonably failed to take advantage of preventative or corrective opportunities or to avoid harm otherwise. Does anyone have a problem with this defense? Can everyone rule for the defendants based on this defense even if there was a racially hostile environment?

46. Who believes an employer is making good faith efforts to prevent harassment when it has anti-harassment policies and training, as well as multiple avenues for an employee to report harassment, including an anonymous hotline?

47. Who believes that employees have a duty to report conduct that they believe constitutes discrimination or harassment?

48. If an employee fails to report discrimination or harassment, do you think that person is acting unreasonably?

Capacity as Jurors

49. Have you or has any member of your immediate family ever sat on a jury before? If so, please state the nature of the case or cases, and whether a verdict was reached.

50. The Court will explain to you that you are not only the sole triers of the facts of this case, but also that you must make your determination in accordance with the Court's instructions and in accordance with the rules of law. No matter what your opinion of what the law ought to be, you are required to base your verdict on the law as given by the instructions of the Court, whether or not you personally feel that the verdict is fair. Do any of you feel that you cannot carry out this responsibility?

51. Have any of you, whether from anything you have heard, seen or read outside of the courtroom, either in the news media or in personal conversations or from anything you have heard in the courtroom, formed any opinion or conclusion as to how this particular case should be decided? If so, please explain.

52. Do any of you know any fact, or is there anything in your background, which, if it were known to the plaintiff or counsel for the defendant, might cause them to select some other juror in preference to you to sit in this case? If so, please explain.

53. Do any of you have any defects of hearing, seeing or feeling, or any other personal or mental defect or disease which would render you unsuitable to serve on the jury of this case if chosen to do so? If so, please explain.

54.     Do any of you have any personal or business problems which would preoccupy you and which would prevent you from giving your undivided attention to this case, if selected to serve on the jury? If so, please explain.

55.     Do any of you know of any reason why you cannot fairly and impartially try the issues of this case solely on the evidence presented and the law as given to you by the Court, if selected to be on the jury?   If so, please explain.

<table>
<tr><td>

Of Counsel:

Kelley Edwards
State Bar No. 24041775
Federal ID No.  560755
Sarah Stoffregen
State Bar No. 24066151
Federal ID No. 966164
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)

Lynn Kappelman (appearing *Pro Hac Vice*)
MA State Bar No. 642017
MA Federal ID No. 642017
SEYFARTH SHAW, LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
617.946.4888 (Telephone)
617.790.5360 (Telecopier)

</td><td>

Respectfully submitted,

*/s/ Kerry E Notestine* (by permission KRE)
Kerry E Notestine (Attorney-in-Charge)
State Bar No. 15116950
Federal ID No. 2423
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)

ATTORNEYS FOR THE DEFENDANT
FMC TECHNOLOGIES, INC.

</td></tr>
</table>

## CERTIFICATE OF SERVICE

    I certify that I sent a copy of this document to the following on this 27th day of September, 2010 via the Court's electronic filing system:

Joshua D. Boxer
Steven L. Robinson
LAW OFFICES OF MAYOR JOSEPH L.
ALIOTO & ANGELA ALIOTO
jboxer@aliotolawoffices.com
srobinson@aliotolawoffices.com

James M. Cleary, Jr.
W. Jackson Wisdom
MARTIN, DISIERE JEFFERSON & WISDOM, L.L.P.
cleary@mdjwlaw.com
wisdom@mdjwlaw.com

                                                     */s/ Kelley Edwards*
                                                      Kelley Edwards

Firmwide:97317756.2 042176.1117