## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **BORIS BRYANT, DARREN MAYO, EDWARD PIERRE, LAWRENCE GRICE, KEVIN MCINTYRE, MAURICE GALIMORE, JAMES BROWN, CARLOS BEATTY, MARCUS PAREJO, LAMAR NEWTON, JOHN LUCAS, CARLTON SYKES,** | **Case No.**  04:08-CV-03744 |
| **Plaintiffs,** | |
| **v.** | |
| **FMC TECHNOLOGIES, INC., PROSTAFF PERSONNEL ACQUISITION CORP.,** | |
| **Defendants.** | |

## PLAINTIFF'S PROPOSED INSTRUCTIONS TO THE JURY

The Plaintiffs submit the following proposed jury charge. The Plaintiffs submit these proposed instructions as required by the Court's Local Rules and Procedures, and do not waive their assertions that judgment as a matter of law is appropriate and do not waive their rights to amend or supplement this charge based upon the Court's decisions on pending motions or the

evidence presented at trial.

Respectfully submitted,

*/ S/ Angela Alioto*
_____
Angela Alioto
Attorney in Charge for Plaintiffs

Date: September 28, 2010

Court's Instruction No. ____1.1

## 1.1 PRELIMINARY INSTRUCTIONS

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence.

If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony.

Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits [may] [will] be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case—the parties,

the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source. In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it. Do not listen to any local radio or television newscasts until this trial is over, or read any local newspaper unless someone else first removes any possible reference to this trial.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

Court's Instruction No. ____
2.1

**2.1 FIRST RECESS**

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to give to me.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

Court's Instruction No. ____
2.3

## 2.3 STIPULATIONS OF FACT

The parties have agreed, or stipulated, that [_____].  This means that both sides agree that this
is a fact.  You must therefore treat this fact as having been proved.

Court's Instruction No. ___
2.4

## 2.4 JUDICIAL NOTICE

Although no evidence has been presented, I instruct you that you must accept as proved [state the facts].

Court's Instruction No. ____
2.6

## 2.6 PUBLICITY DURING TRIAL

If there is publicity about this trial, you must ignore it.  You must decide this case only from the evidence presented in the trial.  Do not read anything or listen to any TV or radio programs about the case.

Court's Instruction No. ___
2.7

## 2.7 BENCH CONFERENCES AND RECESSES

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess.  We meet because often during a trial something comes up that doesn't involve the jury.

Court's Instruction No. ___
2.8

## 2.8 DEMONSTRATIVE EVIDENCE

Exhibit [describe] is an illustration.  It is a party's [description or picture or model] to describe something involved in this trial.  If your recollection of the evidence differs from the exhibit, rely on your recollection.

Court's Instruction No. ____
2.9

## 2.9 WITNESS NOT CALLED

(Name of Witness) _____ was available to both sides.  Thus [the plaintiff] [the defendant] cannot complain that (Witness) was not called to testify, because (Party) could have called (Witness).  [*This instruction is appropriate only if the issue arises during closing argument or at some other time in trial.*]

Court's Instruction No. ____
2.10

## 2.10 SIMILAR ACTS—CAUTIONARY CHARGE

Evidence that an act was done at one time or on one occasion is not any evidence or proof whatever that the act was done in this case.

Then how may you consider evidence of similar acts?

You may consider evidence of similar acts for the limited purpose of showing the motive, opportunity, intent, knowledge, plan, identity, or absence of mistake or accident by Defendant FMC Technologies, Inc  and its managers  which are at issue in this case.

Such evidence may not be considered for any other purpose whatsoever.  You can't use it to reflect on the character of Defendant FMC Technologies, Inc.

Court's Instruction No. ____
2.11

## 2.11 DUTY TO DELIBERATE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Court's Instruction No. ____
2.12

## 2.12 INSTRUCTIONS ON DELIBERATION

When you retire to the jury room to deliberate, you may take with you [this charge and] the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. [Return this charge together with your written answers to the questions.] Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.

Court's Instruction No. ____
2.13

## 2.13 BIAS—CORPORATE PARTY INVOLVED

Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Court's Instruction No. ___
2.14

## 2.14 CLEAR AND CONVINCING EVIDENCE

Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the matter at issue.  This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard;  however, proof to an absolute certainty is not required.

Court's Instruction No. ____
2.15

## 2.15 LIMITING INSTRUCTION

You will recall that during the course of this trial I instructed you that I admitted certain testimony [and certain exhibits] for a limited purpose and I instructed you that you may consider some testimony [and documents] as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted.  [Specific limiting instructions may be repeated as appropriate.]

Court's Instruction No. ____
2.16

## 2.16 IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said [or did] something, [or failed to say or do something] that was different from the testimony he gave at the trial.

Court's Instruction No. ____
2.18

## 2.18 CONSIDERATION OF THE EVIDENCE

You must consider only the evidence in this case.  However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts.  The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Court's Instruction No. ____
2.19

## 2.19 EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

Court's Instruction No. ____
2.20

## 2.20 BURDEN OF PROOF WHEN ONLY PLAINTIFF HAS BURDEN

In this case, the plaintiff must prove every essential part of his claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

Court's Instruction No. ___
2.21

## 2.21 USE OF NOTES TAKEN BY JURORS

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

Court's Instruction No. ____
2.22

## 2.22 CAUTIONARY INSTRUCTION ON DAMAGES

You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.

Court's Instruction No. ____
2.23

**2.23 DEPOSITION TESTIMONY**

Certain testimony will now be presented to you through a deposition.  A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and answers will be read (shown) to you today.  This deposition testimony is entitled to the same consideration [and is to be judged by you as to credibility] [and weighed and otherwise considered by you insofar as possible in the same way] as if the witness had been present and had testified from the witness stand in court.

Court's Instruction No. ___
3.1

## 3.1 GENERAL INSTRUCTIONS FOR CHARGE

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.] [You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. [Do not decide who you think should win and then answer the questions accordingly.] Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted. (Specific limiting instructions may be repeated as appropriate.) ]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

[The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness. Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.]

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

[Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.]

When you retire to the jury room to deliberate on your verdict, you may take [this charge with you as well as] exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  [You may now retire to the jury room to conduct your deliberations.]

Court's Instruction No. ___
4.8

## 4.8 DAMAGES

If you find that the defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of the plaintiff's damages. You also will be asked to determine if the Defendant is liable for punitive damages, and, if so, you will be asked to fix the amount of those damages. Because the method of determining punitive damages and compensatory damages differ, I will instruct you separately on punitive damages. The instructions I now give you apply only to your award, if any, of compensatory damages.

Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages—what the law calls compensatory damages—that are recoverable. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the plaintiff whole, or to restore him to the position he would have been in if the accident had not happened.

You should consider the following elements of damages, to the extent you find that the plaintiff has established such damages by a preponderance of the evidence: physical pain and suffering including physical disability, impairment, and inconvenience, and the effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment in the normal progress in the plaintiff's earning capacity due to his physical condition; postmedical expenses; the reasonable value, not exceeding actual cost to the plaintiff, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

Some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the plaintiff for his injuries.

Any award you make to the plaintiff is not subject to income tax; neither the state nor the federal government will tax it. Therefore, you should determine the amount that plaintiff is entitled to receive without considering the effect of taxes upon it.

Court's Instruction No. ____
4.10

## 4.10 PUNITIVE DAMAGES

You may but are not required to award punitive damages against a defendant who has acted willfully and wantonly. The purpose of an award of punitive damages is to punish the defendant and to deter him and others from acting as he did.

A person acts willfully or wantonly if he acts in reckless or callous disregard of, or with indifference to, the rights of the plaintiff. An actor is indifferent to the rights of another, regardless of the actor's state of mind, when he proceeds in disregard of a high and excessive degree of danger that is known to him or was apparent to a reasonable person in his position.

Court's Instruction No. ___
4.12

## 4.12 LOSS OF FUTURE EARNINGS

If you find that the plaintiff is entitled to an award of damages for loss of future earnings, there are two particular factors you must consider.  First, you should consider loss after income taxes; that is, you should determine the actual or net income that plaintiff has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes.  You must award the plaintiff only his net earnings after tax.  This is so because any award you may make here is not subject to income tax.  The federal or state government will not tax any amount which you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to the plaintiff if he received the amount today than if he received the same amount in the future.  Therefore, if you decide to award plaintiff an amount for lost future earnings, you must discount it to present value by considering what return would be realized on a relatively risk free investment.

Court's Instruction No. ___
11.5.1

## 11.5.1 TITLE VII—DISCRIMINATION—DISPARATE TREATMENT—RACE

1. Plaintiffs Boris Bryant, Lawrence Grice, Lamar Newton and Carlton Sykes claim Defendants discriminated against because of their race.

2. Defendants deny Plaintiffs claims and contend all adverse employment actions were taken for reasons other than their race..

3. It is unlawful for an employer to discriminate against an employee because of the employee's race.

4. To prove unlawful discrimination, Plaintiffs must prove by a preponderance of the evidence that Defendants failed to train,  promote or wrongfully disciplined Plaintiffs because of their race.

5. Plaintiff does not have to prove that unlawful discrimination was the only reason Defendants failed to train or  promote Plaintiffs or that it  wrongfully disciplined Plaintiffs.

6. If you disbelieve the reasons Defendants have given for their decision, you may infer Defendants' failure to  train or promote Plaintiffs because of their race.

Court's Instruction No. ____

## 11.5.1 TITLE VII—DISCRIMINATION—DISPARATE TREATMENT—R NATIONAL ORIGIN

1. Plaintiff Marcus Parejo claims Defendants discriminated against him because of his national origin.

2. Defendants deny Plaintiff's claims and contend all adverse employment actions were taken for reasons other than his national origin..

3. It is unlawful for an employer to discriminate against an employee because of the employee's national origin.

4. To prove unlawful discrimination, Plaintiff must prove by a preponderance of the evidence that Defendants failed to hire, train, promote or that they wrongfully disciplined Plaintiff because of his national origin.

5. Plaintiff does not have to prove that unlawful discrimination was the only reason Defendants failed to hire, promote or hire Plaintiff, or wrongfully disciplined Plaintiff.

6. If you disbelieve the reasons Defendants have given for their decision, you may infer Defendants' failure to hire, train or promote Plaintiff or wrongfully disciplined Plaintiff because of his national origin.

Court's Instruction No. ___

## 11.5.2 TITLE VII—DISCRIMINATION—NON-SEXUAL HARASSMENT — SUPERVISOR HARASSMENT WITHOUT TANGIBLE EMPLOYMENT ACTION (HOSTILE WORK ENVIRONMENT)

1. Plaintiffs Boris Bryant, Lawrence Grice, Kevin McIntyre, Carlos Beatty, Lamar Newton and Marcus Parejo claim they were harassed by their supervisors because of their race or national origin and that their employer, Defendants, is responsible for the harassing conduct.

2. Defendants deny Plaintiff's claims..

3. It is unlawful for an employer to discriminate against an employee because of the employees race. This includes racial harassment.

4. For Defendant to be liable for racial harassment, the conduct must be sufficiently severe or pervasive to alter the terms or conditions of Plaintiff's employment and create a hostile or abusive work environment. To determine whether the conduct in this case rises to a level that alters the terms or conditions of Plaintiffs' employment, you should consider all the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Plaintiff's work performance. There is no requirement that the conduct be psychologically injurious.

5. Racial harassment may include extremely insensitive conduct because of race. Simple teasing, offhand comments, sporadic use of offensive language, occasional jokes related to race, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. Discriminatory intimidation, ridicule, or other verbal or physical conduct may be sufficiently extreme to alter the terms and conditions of employment.

6. In determining whether a hostile work environment existed, you must consider the evidence from both the individual Plaintiff's perspective and from the perspective of a reasonable person. First, the individual Plaintiff must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person, nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as the individual Plaintiff would find the conduct offensive.

7. If you find that an individual Plaintiff was racially harassed, then you must find for that Plaintiff unless Defendant proves by a preponderance of the evidence that (a) it exercised reasonable care to prevent and correct promptly any harassing behavior, and (b) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise. If Defendant proves (a) and (b), you must find for Defendant.

Court's Instruction No. ____

**11.5.3 TITLE VII—DISCRIMINATION— NON-SEXUAL HARASSMENT— CO-WORKER/DIRECT OR NON-DIRECT SUPERVISOR/THIRD-PARTY HARASSMENT (HOSTILE WORK ENVIRONMENT)**

1. Plaintiffs Boris Bryant, Lawrence Grice, Kevin McIntyre, Carlos Beatty, Lamar Newton and Marcus Parejo claims they was harassed by their co-workers and by third parties because of their race and that Plaintiffs' employer, Defendant, is responsible for the harassing conduct.

2. Defendant denies Plaintiffs claims.

3. It is unlawful for an employer to discriminate against an employee because of the employee's race. This includes harassment based on a person's race.

4. For Defendant to be liable for racial  harassment, the conduct must be sufficiently severe or pervasive to alter the terms or conditions of an individual Plaintiff's employment and create a hostile or abusive work environment. To determine whether the conduct in this case rises to a level that alters the terms or conditions of an individual Plaintiff's employment, you should consider all the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Plaintiff's work performance. There is no requirement that the conduct be psychologically injurious.

5. Unlawful harassment may include extremely insensitive conduct because of race. Simple teasing, offhand comments, sporadic use of offensive language, occasional racial jokes, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. Discriminatory intimidation, ridicule, or other verbal or physical conduct done because of Plaintiff's race may be sufficiently extreme to alter the terms and conditions of employment.

6. In determining whether a hostile work environment existed, you must consider the evidence from both the Plaintiff's perspective and from the perspective of a reasonable person. First, Plaintiff must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person, nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff would find the conduct offensive.

7. In determining whether Defendant knew or should have known of the harassment, Plaintiff must prove that (a) the harassment was known or communicated to a person who had the authority to receive, address, or report the complaint, even if that person did not do so, or (b) the harassment was so open and obvious that Defendant should have known of it.

8. Prompt remedial action is conduct by the Defendant that is reasonably calculated to stop the harassment and remedy the situation. Whether Defendant's actions were prompt and remedial

depends upon the particular facts, and you may look at, among other things, the effectiveness of any actions taken.

Court's Instruction No. ____
15.2

## 15.2 COMPENSATORY DAMAGES

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered. [Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury. If the plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of the defendant's conduct.]

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. [Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.] You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

[Select appropriate charges from Section 15.3, et seq.]

Court's Instruction No. ___
15.3

## 15.3 CALCULATION OF PAST AND FUTURE DAMAGES

A. Damages Accrued

If you find for the plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.

B. Calculation of Future Damages

If you find that the plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages. [In calculating future damages, you should consider the standard table of mortality as compiled by the United States Bureau of the Census, or other recognized mortality table.]

C. Reduction of Future Damages to Present Value

An award of future damages necessarily requires that payment be made now for a loss that plaintiff will not actually suffer until some future date. If you should find that the plaintiff is entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages.

If you award damages for loss of future earnings, you must consider two particular factors:

1. You should reduce any award by the amount of the expenses that the plaintiff would have incurred in making those earnings.

2. If you make an award for future loss of earnings, you must reduce it to present value by considering the interest that the plaintiff could earn on the amount of the award if he made a relatively risk-free investment. The reason why you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the plaintiff if he receives it today than if he received it in the future, when he would otherwise have earned it. It is more valuable because the plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money. Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that the plaintiff can earn on that amount in the future.

If you make any award for future medical expenses, you should adjust or discount the award to present value in the same manner as with loss of future earnings.

However, you must not make any adjustment to present value for any damages you may award for future pain and suffering or future mental anguish.

Court's Instruction No. ___
15.4

## 15.4 INJURY/PAIN/DISABILITY/DISFIGUREMENT/LOSS OF CAPACITY FOR ENJOYMENT OF LIFE

You may award damages for any bodily injury that the plaintiff sustained and any pain and suffering, mental anguish, and/or loss of capacity for enjoyment of life that the plaintiff experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

Court's Instruction No. ____
15.7

## 15.7 LOST EARNINGS/TIME/EARNING CAPACITY

Any earnings lost, Any working time lost in the past and any such loss in the future.

Court's Instruction No. ____
15.13

## 15.13 PUNITIVE DAMAGES

If you find that the defendant is liable for the plaintiff's injuries, you must award the plaintiff the compensatory damages that he has proven. You also may award punitive damages, if the plaintiff has proved that the defendant acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others. One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that the defendant's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter the defendant and others from engaging in similar conduct in the future. The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed a plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if the defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. You may consider the financial resources of the defendant in fixing the amount of punitive damages and you may impose punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts.

Court's Instruction No. ____
15.14

## 15.14 MULTIPLE CLAIMS— MULTIPLE DEFENDANTS

You must not award compensatory damages more than once for the same injury. For example, if the plaintiff prevails on two claims and establishes a dollar amount for his injuries, you must not award him any additional compensatory damages on each claim. The plaintiff is only entitled to be made whole once, and may not recover more than he has lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the plaintiff fully for all of his injuries.

With respect to punitive damages, you may make separate awards on each claim that plaintiff has established.

You may impose damages on a claim solely upon the defendant or defendants that you find are liable on that claim. Although there are [number] defendants in this case, it does not necessarily follow that if one is liable, all or any of the others also are liable. Each defendant is entitled to fair, separate and individual consideration of his case without regard to your decision as to the other defendants. If you find that only one defendant is responsible for a particular injury, then you must award damages for that injury only against that defendant.

You may find that more than one defendant is liable for a particular injury. If so, the plaintiff is not required to establish how much of the injury was caused by each particular defendant whom you find liable. Thus, if you conclude that the defendants you find liable acted jointly, then you may treat them jointly for purposes of calculating damages. If you decide that [two or more] [both] of the defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without determining individual percentages of liability.

Court's Instruction No. ____

**42 USC § 1981- Race Discrimination In Employment Discharge/Failure To Promote**

In this case Plaintiffs Boris Bryant Lawrence Grice, Carlton Sykes, Lamar Newton and Marcus Parejo make a claims under the Federal Civil Rights statutes that prohibit employers from discriminating against employees, including applicants for employment, in the terms and conditions of their employment because of race. More specifically, the Plaintiffs claim that they were denied employment and denied a promotional opportunity by the Defendants because of the Plaintiffs' race. The Defendants deny that the Plaintiffs were discriminated against in any way . In order to prevail on this claim, each of the Plaintiffs must prove each of the following facts by a preponderance of the evidence:

First:  That each Plaintiff was denied employment and/or denied a promotional opportunity by one or more of the Defendants; and

Second: That the Plaintiffs race was a substantial or motivating factor that prompted one or both of the Defendants to either deny employment and/or a deny promotional opportunity..

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee or applicant  because of the employee's or applicant's race. So far as you are concerned in this case, an employer may deny employment or fail to promote an employee applicant for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the Plaintiff to lead you to substitute your own judgment for that of the Defendant even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees or applicants because of their race.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's race was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that race was a determinative consideration that made a difference in the Defendant's decision.

If you find in the Plaintiff's favor with respect to each of the facts  that the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the Plaintiff would not have been employed or would not have been promoted for other reasons apart from the Plaintiff's race. If you find that the Plaintiff would have been denied employment or would not have been promoted for reasons apart from race, then your verdict should be for the Defendant.

If you find for the Plaintiff and against the Defendant on its defense, you must then decide the issue of the Plaintiff's damages:

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury --tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.]

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)  Net lost wages and benefits to the date of trial;

(b) Emotional pain and mental anguish.

[(c) Punitive damages, if any (as explained in the Court's instructions)]

The Plaintiffs also claim that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiffs to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing the Defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

So, an award of punitive damages would be appropriate only if you find for the Plaintiff and then further find from a preponderance of the evidence (1) that a higher management official of the Defendant personally acted with malice or reckless indifference to the Plaintiff's federally protected rights, and (2) that the employer itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages [and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts

Court's Instruction No. ___

Plaintiff's Special Instruction No. 1

**Continuing Violation**
Authority: National Railroad Passenger Corporation v, Morgan (202) 536 U.S. 101, 117

A hostile work environment claim is comprised of a series of separate acts that collectively constitute one "unlawful employment practice." It does not matter, for purpose of the statute, that some of the component acts of the hostile work environment fall outside the statute of limitations period, provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by you for the purposes of determining liability.

Court's Instruction No._____

Plaintiff's Special Instruction No. 2

**<u>Joint Employer</u>**

Authority: **<u>Trevino v. Celanese Corp.</u>**, 701 F.2d 397, 403 (5th Cir. 1983)

Plaintiffs sue Defendants FMC Technologies, Inc and Pro Staff as joint employers.

Joint employers may both be liable for the same wrongful act.

You may determine that FMC and Pro Staff are joint employers by considering any or all of the following factors:

(1) interrelation of operations,

(2) centralized control of labor relations,

 (3) common management, and

(4) common ownership or financial control.

## CERTIFICATE OF SERVICE

I certify that I sent a copy of this document to the following on this 4th day of October, 2010 via the Court's electronic filing system:

Kelley Edwards
Sarah Stoffregen
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1301 McKinney Street Suite 1900 Houston, TX 77010

Lynn Kappelman
SEYFARTH SHAW, LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210

James M. Cleary, Jr.
W. Jackson Wisdom
MARTIN, DISIERE JEFFERSON &WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002


    */s/ Steven Robinson*
Steven L. Robinson