## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| BORIS BRYANT, DARREN MAYO, EDWARD PIERRE, LAWRENCE GRICE, KEVIN MCINTYRE, MAURICE GALIMORE, JAMES BROWN, CARLOS BEATTY, MARCUS PAREJO, LAMAR NEWTON, JOHN LUCAS, CARLTON SYKES,<br><br>          Plaintiffs,<br><br><br>          v.<br><br><br>FMC TECHNOLOGIES, INC., PROSTAFF PERSONNEL ACQUISITION CORP.,<br><br>          Defendants. | Case No.  04:08-CV-03744<br><br><br><br><br>PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES <u>IN OPPOSITION TO</u> DEFENDANT FMC'S MOTION IN LIMINE |

TABLE OF CONTENTS

Page

Index of Authorities ............................................................................................ iii

1,   Introduction ............................................................................................... 1

2.   Harassing Acts  Not Personally Witnessed
     by Plaintiffs Is Admissible ................................................................ 2

        A.   Evidence Not Personally Perceived
             By Plaintiffs is Admissible to Show
             a Racially Hostile Work Environment ............................................2

        B.   Evidence of Other Acts
             Is Highly Probative ....................................................................4

        C.   There Should Be No Blanket
             Exclusionary Order .....................................................................4

3.   The Defendant's Blanket Motion to
     Exclude "Me Too" Evidence Should Be Denied .....................................5

4.   "Unspecified Persons and Events" ....................................................7

5.   The Issues after the Court's
     Summary Judgment Order ................................................................8

6.   Harassing Conduct Not Explicitly
     Racial Is Admissible to Show a
     Racially Hostile Work Environment .................................................9

7.   Evidence of Harassment of Members
     of Other Protected Classes Is Admissible .........................................9

8.   "Time Barred" Conduct Is Admissible as Part
     of a Continuing Violation and as "Background
     Evidence" ...................................................................................10

9.   Evidence Part of Plaintiff Grice's
     Prior Lawsuit Should Not Be
     Subject to a Blanket Exclusion...........................................................12

10.   **Defendant FMC's Hearsay
      Objections Are Without Merit** ...................................................................12

11.   **Evidence of Harassment
      at Other FMC Facilities** ...........................................................................14

12.   **Plaintiffs' Subjective Beliefs as
      to Racial Harassment Is Admissible** ........................................................15

13.   **Lay Opinion Testimony Is Admissible
      as to Plaintiffs' Job Performance** ............................................................15

14.   **FMC is Not Shielded from Punitive
      Damage Liability Simply Because it
      Published Anti-Discrimination Policies** ..................................................17

15.   **FMC's Motion to Sever Punitive
      Damages Should Be Denied** ....................................................................19

16.   **Defendant FMC's Miscellaneous
      Motions in Limine** ...................................................................................20

17.   **Conclusion** ..............................................................................................21

## INDEX OF AUTHORITIES

**Page**

1    **CASES**

Bryant v. FMC Technologies, Inc. 2010 U.S.Dist Lexis 96948 ..............................................8

Burks v. Oklahoma Publ. Co.,(10th Cir, 1996) 81 F.3d 975 ....................................................6

Bruso v. United Airlines Inc. (7th Cir, 2001) 239 F.3d 848 ............................................17, 18

Cadena v.Pacesetter (5th Cir, 2000) 224 F.3d 1203 ................................................................18

Estes v. Dick Smith, Inc. (8th Cir., 1988) 856 F.2d. 1097 .........................................................4

Frank v. Xerox Corp., (5th Cir, 2003) 347 F.3d 130 ...............................................................15

Glass v. Philadelphia Electric Co. (3d. Cir. 1994) 34 F.3d. 188 ..............................................5

Hansard v. Pepsi Cola Metro Bottling, Co.  (5th Cir, 1989) 865 F.2d 1461 ...............................................................................................16

Hardin v. S.C. Johnson & Son, Inc., (7th Cir. 1999) 2167 F.3d 340 ........................................................................................................9

Harris v. Forklift Sys., (1993) Inc., 510 U.S. 17.....................................................................15

Hawkins v. Anheuser- Busch (6th Cir, 2008) 517 F.3d 321....................................................3

Hawkins v. Hennepin Technical Center (8th Cir, 1990) 900 F.2d. 153 ...............................................................................................6

Hertzberg v. SRAM Corp., (5th Cir, 2001) 261 F.3d 651 ......................................................18

Heyne v. Caruso (9th Cir, 1995) 69 F.3d. 1475 ...................................................................6, 7

Holland v. Harmon, (ND Tx, 1999) 1999 U.S. Dist. LEXIS 108 ....................................19, 20

Hurley v. Atlantic City Police Dept (3d Cir, 1999) 174 F.3d 95 ........................................3, 4

Kelly v. Boeing (5th Cir, 1995) 61 F.3d. 350 ..........................................................................5

**Kolstad v. Amer. Dental Ass'n.,** (1999) 527 U.S. 526 ........................................................ 17

**Lewis v. Home Depot U.S.A., Inc.,** (WD Tx, 2007)
2007 U.S. Dist. LEXIS 26691*5,  89 Empl. Prac. Dec. (CCH) P42,821 ...................................6

**Lockett v. Home Depot** (D Miss, 2007) 2007 U.S. Dist LEXIS 89838 ...................................3

**Lopez v. Kempthorne,** (SD Tx,, 2010) 684 F. Supp. 2d 827 ...................................................11

**Martinez v. Marin Sanitary Serv. ,**
(ND Cal, 2004)  349 F. Supp. 2d 1234 ....................................................................................13

**National Railroad Passenger Railroad
Corporation v. Morgan** (2002) 536 U.S. 101 ...............................................................10, 11

**Ramsey v. Henderson,** (5th Cir, 2002) 286 F.3d 264 ............................................................ 11

**Ratliff v. Governor's Safety Program** (5th Cir, 1986) 791 F.2d 394 ...................................... 6

**Rodgers v. W.S. Life Ins, Co.** (7th Cir, 1993) 12 F. 3d 668 ......................................................3

**Rosales v. Honda Motor Co.,** (5th Cir, 1984) 726 F.2d 259 ..................................................19

**Schwapp v. Town of Avon,** (2d Cir, 1997) 118 F.3d 106 ...........................................3, 10, 14

**Snyder v. Barthelemy,** (ED La, 1995) 1995 U.S. Dist. LEXIS 14772 ...................................20

**Sprint/United Management Co. v. Mendelsohn,** (2007)  552 U.S. 379 ...........................5, 6

**Spulak v. K Mart Corp.,** (10th Cir, 1990)  894 F.2d 1150 .........................................................6

**Texas Dept. of Community Affairs
v. Burdine,** (1981) 450 U.S. 248 ..............................................................................................16

**Torres v. Pissano** (2d Cir, 1997) 116 F.3d 625 ................................................................. 3, 13

**Transportation Insurance Co. v. Moriel** (1994) 879 S.W.2d 10 ...........................................19

**Velez v. QVC, Inc.,** (E.D. Penn. 2002) 227 F. Supp. 2d 384 ..................................................13

**Watts v. Kroger Co.,** (5th Cir, 1999) 170 F.3d 505 ................................................................14

__Wyvill v. Waldrop__ (5th Cir, 2000) 212 F.3d 296 ................................................... 6, 7

2.      __STATUTES/RULES__

**Federal Rule of Civil Procedure**

Rule No.  42 ...................................................................................19

**Federal Rule of Evidence**

No.  105 ................................................................................. 12

No.  403 ...........................................................................2, 4,  7, 16

No. 404 ....................................................................................6

No.  701 .................................................................................16

No. 803 .................................................................................13

## 1,   **INTRODUCTION**

Defendant FMC brings a massive motion in limine, consisting of numerous sub-motions, which seeks relief on numerous grounds, but the gist of the various sub-motions are focused on an attempt to limit admission into evidence of racial harassment at the Defendant's Gears Road facility.

The Defendant's motions are: (1) To exclude evidence of harassment the Plaintiffs did not personally experience (2) To exclude evidence of "me too" evidence;[1] (3) To exclude evidence of "unspecified persons and events."; (4) To exclude evidence as to allegations dismissed on summary judgment ; (5) To limit the discrimination claims of the Plaintiffs herein pursuant to FMC's reading of this Court's summary judgment order; (6) To exclude evidence of discrimination claims other than promotion or training;[2] (7) To exclude evidence of harassment not based on race; (8) To exclude evidence of harassment directed at non African Americans; (9) To exclude evidence of "time barred" conduct; (10) Exclude evidence of prior allegations by Plaintiff Grice; (11) To exclude certain acts of harassment as "inadmissible" hearsay;

(12) To exclude evidence of statements made outside the presence of the witness's personal knowledge;[3] (13) To exclude evidence of conduct at other FMC facilities;(14)

---

[1] FMC also seeks to exclude evidence of discrimination complaints by other FMC employees. Plaintiffs will address this motion as part of their response to the motion to exclude "me too" evidence.

[2] Items 4, 5 and 6 will be treated together, below.

[3] Treated as part of the section regarding Plaintiffs "personal experience" of harassment.

To exclude evidence of plaintiffs subjective beliefs of discrimination or harassment; (15) To exclude evidence of lay opinion pertaining to Plaintiffs' job performance; (16) To exclude evidence of punitive damages because of FMC's published policies; (17) To sever from the case in chief any trial assessing the amount of punitive damages; (18) Exclusion of all witnesses or exhibits not previously disclosed; (19) Exclusion of expert witnesses; (20) Matters related to Plaintiffs' counsel - regarding information on Plaintiff's counsel's web site, introducing family members at trial, (20) - "Miscellaneous" - No reference to witnesses not called, No reference to "policies and practices" as they should be; Exclusion of witnesses or exhibits not designated and exclusion of references to defendant's law firm.

The Plaintiff will respond to each of these except for the section as to experts, which the Defendants placed in a separate motion.

## 2.   HARASSING ACTS  NOT PERSONALLY WITNESSED BY PLAINTIFFS

### A.   Evidence Not Personally Perceived By Plaintiffs is Admissible to Show a Racially Hostile Work Environment

Relying largely on unpublished authority, Defendant FMC seeks exclusion of all acts of harassment that the plaintiffs did not physically witness on the ground that such evidence would not be probative or, alternatively, relying on Fed R. Evid 403, that such evidence would create dangers of "unfair" prejudice. Both contentions are unfounded

It is well established that the finder of fact "[m]ay consider evidence of other acts

of harassment of which a plaintiff becomes aware during the period of his or her employment, even if the other acts were directed at others and occurred outside of the plaintiff's presence." **Hawkins v. Anheuser- Busch** (6th Cir, 2008) 517 F.3d 321, 335-336. **Torres v. Pissano** (2d Cir, 1997) 116 F.3d 625, 633 [Fact that sexually harassing statements were made "outside [plaintiff's] presence is .... no matter. An employee who knows that her boss is saying things of this sort behind her back may reasonably find her working environment hostile."] **Schwapp v. Town of Avon**, (2d Cir, 1997) 118 F.3d 106, 111-12 [holding that a plaintiff's second-hand knowledge of racially derogatory comments or jokes can impact the work environment]. **Rodgers v. W.S. Life Ins, Co.** (7th Cir, 1993) 12 F. 3d 668, 673-675 {Racial epithets targeted at other employees relevant to a plaintiff's hostile environment claim and considering epithets made outside plaintiff's presence]. See also **Lockett v. Home Depot** (D Miss, 2007) 2007 U.S. Dist LEXIS 89838*16-17

"Evidence of other acts of harassment is extremely probative as to whether the harassment was sexually discriminatory and whether [the employer] knew or should have known that sexual harassment was occurring despite the formal existence of an anti-harassment policy. Neither of these questions depends on the plaintiff 's knowledge of incidents; instead, they go to the motive behind the harassment, which may help the jury interpret otherwise ambiguous acts, and to the employer's liability..." **Hurley v. Atlantic City Police Dept** (3d Cir, 1999) 174 F.3d 95, 110-112.

**B.**     **Evidence of Other Acts**
           **Is Highly Probative**

FMC's challenge to the evidence of racially harassing acts not personally

witnessed by the Plaintiff on Rule 403 grounds must fail as such evidence is highly

probative.

In **Hurley v. Atlantic City Police Dep't,** supra, 174 F.3d at 110-112, the court

found evidence that women other than the plaintiff were subjected to a hostile work

environment was "in Rule 403 terms, this evidence is highly probative, hence it is

unlikely that any putative prejudice therefrom will be unfair or will outweigh its

value."

**C.**     **There Should Be No Blanket**
           **Exclusionary Order**

The defense argues that there should be a blanket exclusion of all testimony or

evidence regarding harassing acts the Plaintiffs did not themselves personally witness.

Regardless of the ultimate admissibility of the proffered evidence, this approach of

blanket exclusion is fundamentally unfair to the Plaintiffs because it essentially prevents

them from proving their case. For this reason, such blanket exclusions are disfavored.

Appellate courts have advised caution in excluding evidence in discrimination

cases because of "undue prejudice" because such blanket evidentiary exclusions can

cripple an employee's ability to present his case. **Estes v. Dick Smith, Inc.** (8th Cir., 1988)

856 F.2d. 1097, 1162-1163.

Circumstantial evidence of discrimination typically

> includes unflattering testimony about the employer's history and work practices - evidence which in other cases may well unfairly prejudice the jury against the defendant. In discrimination cases, however, such background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive. Id.

There is a policy of judicial hostility to blanket in limine exclusion of evidence in discrimination cases - especially with regard to evidence of discriminatory acts against other employees. **Glass v. Philadelphia Electric Co.** (3d. Cir. 1994) 34 F.3d. 188, 195. Appellate courts closely examine trial court in limine rulings excluding evidence on a blanket basis   **Kelly v. Boeing** (5th Cir, 1995) 61 F.3d. 350. 357.  On the other hand, the preferred approach is to examine the proffered testimony or evidence, on a case by case basis, outside the presence of the jury. See Id at 359-360.

## 3.   THE DEFENDANT'S BLANKET MOTION TO EXCLUDE "ME TOO" EVIDENCE SHOULD BE DENIED

FMC moves for a blanket exclusion from evidence of racial discrimination or harassment by any other current or former employee (i.e., "me too evidence") based on the claim that such evidence is inadmissible.

In **Sprint/United Management Co. v. Mendelsohn**, (2007) 552 U.S. 379,  the United States Supreme Court held that such  "me too evidence" is neither per se admissible or inadmissible. Id at 387.

> The question whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and

theory of the case. Applying Rule 403 to determine if evidence is prejudicial also requires a fact-intensive, context-specific inquiry. Id.

In cases, such as the present, in which the plaintiffs present claims of intentional discrimination, it can be an abuse of discretion for a trial court to exclude evidence of the atmosphere in which the Plaintiffs were compelled to work. **Ratliff v. Governor's Safety Program** (5th Cir, 1986) 791 F.2d 394, 402; **Kelly v. Boeing Petroleum Servs., Inc.,** supra, 61 F.3d at 358.

Evidence of other wrongs or acts may be admissible to prove, for example, defendant's motive, intent, plan, knowledge or absence of mistake in an employment discrimination case. **Fed. R. Evid. 404(b)**; **Burks v. Oklahoma Publ. Co.,**(10th Cir, 1996) 81 F.3d 975, 981; **Spulak v. K Mart Corp.,**(10th Cir, 1990) 894 F.2d 1150, 1156; **Heyne v. Caruso** (9th Cir, 1995) 69 F.3d. 1475, 1479-1480. ["[B]ecause an employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted at trial."]; **Hawkins v. Hennepin Technical Center** (8th Cir, 1990) 900 F.2d. 153, 155-156.

Consistent with the teachings of **Mendelsohn**, supra, **Wyvill v. Waldrop** (5th Cir, 2000) 212 F.3d 296, is not to be understood as supporting a *per se* rule excluding "me too evidence" but is, instead, a fact based determination of relevancy in a very specific context. Courts in the Fifth Circuit have declined to apply **Wyvill** when confronted with different facts. **Lewis v. Home Depot U.S.A., Inc.,** (WD Tx, 2007)

2007 U.S. Dist. LEXIS 26691*5, 89 Empl. Prac. Dec. (CCH) P42,821.

In this case, the facts are markedly different than in **Wyvill**. Here, all of the proffered witnesses were employed in the same workplace as the plaintiffs and worked under the same supervisors. Further, this case, as opposed to **Wyvill**, is based in part on a hostile environment theory. Many of the so called "me too" witnesses will be testifying as to the same environment experienced by the plaintiffs.

FMC also challenges "me too evidence" on **FRE  Rule 403** grounds. That challenge is not well taken. 'Undue prejudice' exists when there is a  "'possibility that the evidence will excite the jury to make a decision on the  basis of a factor other the issues properly before it.'[citation]" **Heyne v. Caruso.** supra, 69 F.3d. at 1481. There, the court found that there would be no undue prejudice; "There is a direct link between the issue before the jury - the employer's motive  behind firing the Plaintiff - and the factor on which the jury's decision is based - the harassment of other female employees." Id.

The Plaintiffs ask the court deny this blanket in limine challenge.

**4.    "UNSPECIFIED PERSONS AND EVENTS"**

FMC seeks exclusion of evidence or testimony as to "unspecified persons and events." The Plaintiffs are puzzled that this request would be made. This motion would seem to raise questions that go to credibility or weight of evidence, not admissibility. The Plaintiffs oppose this motion as they believe the finder of fact should be allowed to determine the weight of the evidence, assessing.

5.    **THE ISSUES AFTER THE COURT'S**
      **SUMMARY JUDGMENT ORDER**

Defendant FMC and the Plaintiffs differ as to the specific claims that survived summary judgment.  This court summed up its ruling as follows:

> Based on the foregoing analysis and discussion, the defendants' motions for summary judgment are hereby GRANTED in part and DENIED in part. Specifically, summary judgment is GRANTED for the defendants on McIntyre, Brown and Beatty's claims of Title VII and THRCA race discrimination, and on all plaintiffs' retaliation claims. *Summary judgment is DENIED on all other Title VII and THRCA race discrimination claims*, on Parejo's Title VII national origin discrimination claim, and on all plaintiffs' Title VII hostile work environment claims.  **Bryant v. FMC Technologies, Inc**. 2010 U.S.Dist Lexis 96948*35-36 [Emphasis added].

Notwithstanding this concise statement, the Defendants claim that all of the termination claims of Plaintiffs Darren Mayo and John Lucas were dismissed as well as all  discrimination claims of the Plaintiffs *other* than denial of promotion or training. Accordingly, the Defendants seek to exclude all discrimination claims of Plaintiffs Bryant, Mayo, Pierre, Grice, Galimore, Parejo, Newton, Lucas, and Sykes.

The Plaintiffs, for their part, contend that this Court's silence as to the 42 U.S.C. § 1981 discrimination claims as to Plaintiffs McIntyre, Brown and Beatty indicates that those particular claims remain viable.[4]

Given that litigation has been resolved as to several of the Plaintiffs [Mayo, Pierre, Galimore, Lucas, and Brown], much of FMC's motion in limine on this point is

---

[4] The court's specific language dismissing the Title VII and THRCA claims of race discrimination of Plaintiffs Beatty, Brown, and  McIntyre compared with the general language dismissing "all  plaintiffs' retaliation claims."

Bryant v. FMC, Case No. 04:08-CV-03744
Plaintiffs' Opposition to FMC's Motions in Limine

8

now moot, especially with regard to the termination claims of Lucas and Mayo.

With regard to the remaining Plaintiffs, of those Plaintiffs who have viable Title VII and THRA disparate treatment claims (Bryant, Grice, Newton Parejo, and Sykes). several of them have claims of wrongful discipline that appear to be embraced in the court's order denying summary judgment on "all other Title VII and THRCA race discrimination claims[.]"

Finally, as to the request by FMC that facts underlying the claims of the Plaintiffs that are no longer before this Court, the Plaintiffs object on the grounds that such facts may be relevant as to the claims of the Plaintiffs remaining in the lawsuit.

6. **HARASSING CONDUCT NOT EXPLICITLY RACIAL IS ADMISSIBLE TO SHOW A RACIALLY HOSTILE WORK ENVIRONMENT**

FMC seeks exclusion of all harassing conduct that is not *explicitly* racial. However, harassing conduct need not be overtly racial to support a hostile work environment claim.

> [W]e underscore that Anderson's conduct need not have been explicitly sexual or racial in order to create a hostile environment as the magistrate judge's opinion might appear to indicate. The complained of conduct must have either a sexual or racial character or *purpose* to support a Title VII claim. **Hardin v. S.C. Johnson & Son, Inc.,** (7th Cir. 1999) 2167 F.3d 340, 345 [Original emphasis].

7. **EVIDENCE OF HARASSMENT OF MEMBERS OF OTHER PROTECTED CLASSES IS ADMISSIBLE**

FMC wants to exclude evidence of harassment directed toward members of other protected classes. [E.g. Hispanics]. However, such evidence is relevant to establish a

racially hostile work environment. **Schwapp v. Town of Avon**, supra, 118 F.3d at 112. The finder of fact is entitled to consider whether such evidence, along with other evidence more directly targeting Plaintiffs' protected class, as part of the totality of the circumstances analysis in determining the existence of a racially hostile work environment. Id.

8.     **"TIME BARRED" CONDUCT IS ADMISSIBLE AS PART OF A CONTINUING VIOLATION AND AS "BACKGROUND EVIDENCE"**

Defendant FMC  seeks to exclude admission into evidence of conduct occurring before December 26, 2004, citing the four year statute of limitations for § 1981 claims.

The Plaintiffs oppose this motion on two grounds.

The first reason is that the motion is overly broad.  If granted it would exclude evidence admissible under the continuing violation doctrine. **National Railroad Passenger Railroad Corporation v. Morgan** (2002) 536 U.S. 101.

Under that doctrine, the proscribed employment practice is the racially hostile work environment, which can consist of numerous specific acts, such as racial epithets, that combine to create an unlawful employment practice for purposes of **Title VII.** "The "unlawful employment practice" therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." Id at 115.

Under **Morgan,**  acts occurring more than 300 days before the filing of the requisite administrative complaint may be considered as part of a hostile work

environment claim, pursuant to a theory of continuing violation,. Id at 118-119.  Thus, harassing acts, such as slurs or epithets, occurring before the statute of limitations, are admissible for liability purposes. To the extent FMC motion seeks exclusion of such evidence, it should be denied.

The second reason is this in limine request seeks exclusion of relevant, and admissible, "background evidence."  While discriminatory acts occurring before December 26, 2004, may not form the basis for liability for disparate treatment under **§ 1981** or **Title VII**, they may still be admissible as "background evidence" of unlawful employment practices continuing into the limitations period. **Morgan**, supra, 536 U.S. at 113 ["Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim."]. **Lopez v. Kempthorne**, (SD Tx,, 2010) 684 F. Supp. 2d 827, 852. **Ramsey v. Henderson,** (5th Cir, 2002) 286 F.3d 264, 268 ["Discriminatory incidents outside of the filing period may be relevant background information to current discriminatory acts."]

The facts of this case show a long history of racial discrimination and harassment at FMC's Gears Road facility. In order to fully present their case, the Plaintiffs necessarily will need to show the jury events dating back several years before the statute of limitations as background evidence to explain the current allegations of discrimination.

9.    **EVIDENCE PART OF PLAINTIFF GRICE'S
PRIOR LAWSUIT SHOULD NOT BE
SUBJECT TO A BLANKET EXCLUSION**

Defendant FMC seeks exclusion from evidence of facts raised in a prior

discrimination lawsuit against it by Plaintiff Lawrence Grice.

The Plaintiffs do not oppose excluding from evidence the fact that Plaintiff Grice

filed a prior lawsuit or that he made specific allegations in that lawsuit.  A review of the

pleadings show that Plaintiff Grice's current complaint is based upon facts arising from

after the resolution of his prior case.

However, the facts embraced in the prior lawsuit may be admissible as to the

claims of the other Plaintiffs in that case who were not a party to the present matter. Or

they may admissible background evidence in Grice's present case.

Under **FRE 105**, this Court has the power to instruct the jury as to the proper

purpose of such evidence and to not consider it otherwise.

10.    **DEFENDANT FMC'S HEARSAY
OBJECTIONS ARE WITHOUT MERIT**

Defendant FMC repackages its objections to evidence of harassment not

personally encountered by Plaintiffs and to "me too evidence" as hearsay objections.

However, he events and evidence in question are offered for non-hearsay purposes

and/or are subject to exceptions.

Testimony of the Plaintiffs that they learned of the hangman's nooses is

admissible for the non-hearsay purpose of notice [i.e., showing that they were aware of

the hangman's nooses in the FMC work place] and it is also admissible for the non-hearsay purpose of showing that they experienced a racially hostile work environment. **Martinez v. Marin Sanitary Serv.**, (ND Cal, 2004) 349 F. Supp. 2d 1234, 1246.

Furthermore, such testimony may be admissible as an excited utterance (E.g., "There is a noose in the hi-bay!") **FRE. 803(2))**[5] or even as a "present sense impression" if the declarant told the Plaintiff immediately after seeing a noose. **Rule 803(1)**.

The Plaintiffs also reiterate the point made in their opposition to the Defendant's motion for summary judgment that the hangman's nooses in the workplace could form the basis of a racially hostile work environment even if the Plaintiffs learned of them second hand. **Torres v. Pisano**, supra, 116 F.3d at 633. **Velez v. QVC, Inc.,** (E.D. Penn. 2002) 227 F. Supp. 2d 384, 411.

The same points pertain as to racial slurs not made in the presence of Plaintiffs, but of which they learned from others. Such evidence is not hearsay if offered for the purpose of showing the impact on the Plaintiffs. Indeed, it stands to reason that if an African American employee (e.g. Plaintiff Boris Bryant) learns their immediate supervisor (James Faucett) referred to a fellow African American co-worker (Freedom Nkomo) as a "black ass monkey," there would be an impact on that Plaintiff's perception of the work environment. Such evidence of "second hand" harassment is admissible to show a hostile work environment. **Schwapp v. Town of Avon**, supra, 118

---

[5]"A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition"

F.3d at 111 (Failure to consider epithets not heard personally by plaintiff error).

Some of the objections pertain to use of racial epithets or other harassing conduct by co-workers.  FMC objects to these on the grounds that the individuals were not managers and thus are inadmissible hearsay [i.e., Roy Bolton calling Boris Bryant "Boy," James Bryan referring to a hang man's noose "not a big deal"; and racial epithets by Brian Holden].  Harassment by co-workers is just as unlawful as that by supervisors or managers. E.g. **Watts v. Kroger Co.,** (5ᵗʰ Cir, 1999) 170 F.3d 505, 509 fn. 4. In any event, evidence of what Bolton or Bryant said, are not offered for the truth of the matter stated [e.g. that a hang m an's noose was "not a big deal'] but as "verbal acts" and as evidence of what Plaintiffs experienced.

## 11.   EVIDENCE OF HARASSMENT AT OTHER FMC FACILITIES

This case primarily concerns events at FMC Gears Road facility. The Plaintiffs only oppose this motion in limine to the extent it seeks to exclude from evidence harassing and discriminatory acts toward Plaintiffs that occurred at other FMC facilities, when they were required to work there.

Further, there is evidence of a hangman's noose in at least one other FMC facility in the Houston area during the time period in question.  The finding of a noose at another FMC facility may have a bearing on the good faith application of FMC's policies against discrimination and harassment.

## 12.   PLAINTIFFS' SUBJECTIVE BELIEFS AS TO RACIAL HARASSMENT IS ADMISSIBLE

Defendant FMC moves for an im limine order precluding the Plaintiffs from testifying as to their "subjective" beliefs as to whether they were discriminated against or harassed on account of their race. This motion is ill considered as a plaintiff's "subjective" beliefs is an element of their hostile work environment.

"The Plaintiffs must subjectively perceive the harassment as sufficiently severe or pervasive, and this subjective perception must be objectively reasonable." **Frank v. Xerox Corp.,** (5th Cir, 2003) 347 F.3d 130, 138 [citing **Harris v. Forklift Sys.,** (1993) Inc., 510 U.S. 17].

Thus, testimony of co-workers that a plaintiff expressed upset over a particular act of harassment (e.g., the display of a hangman's noose) is admissible testimony as to the subjective element of the hostile environment claim.

FMC has the right to defend itself - not by exclusion of evidence showing the subjective belief - but by evidence tending to show the subjective perception of the plaintiffs might not be reasonable and not be excluding evidence that is not only relevant, but is an essential element of the Plaintiffs' case.

**13.     LAY OPINION TESTIMONY IS ADMISSIBLE
          AS TO PLAINTIFFS' JOB PERFORMANCE**

FMC  moves this Court to exclude all testimony as to Plaintiffs' job performances from individuals not their supervisors. FMC makes a convoluted argument that testimony from such witnesses  would be inadmissible as those witnesses would not be aware of the "job performances relative to the performances of other similarly situated

employees, " then it makes a **FRE 403** argument that such evidence would "only serve to confuse and mislead the jury, which would substantially prejudice the defendant" and finally it makes a relevancy argument. Defendant FMC MIL, P. 18.

However, lay opinion testimony is admissible. "F.R.E. 701 requires only that opinions by lay witnesses be "rationally based on the perception of the witness and . . . helpful to . . . the determination of a fact in issue." **Hansard v. Pepsi Cola Metro Bottling, Co.** (5th Cir, 1989) 865 F.2d 1461, 1466.

The Plaintiffs will offer testimony of co-workers who observed Plaintiffs' performance in the FMC work place, as to their work habits, efficiency, and skill[6]. Since satisfactory job performance is an element of Plaintiffs' discrimination cases,[7] such testimony is relevant.

As to Defendant's other arguments, the contention that any witness testifying as to a particular Plaintiff's job performance would be unaware of the job performance of other similarly situated individuals in the work place is an argument that addresses the weight of the testimony, not its admissibility. As to the **Rule 403** argument, the defendant offers no factual basis for the argument that evidence of the Plaintiffs job performance would somehow be mislead the jury. To the contrary, such evidence is not only relevant, it is an element of Plaintiffs discrimination claim.

---

[6] **Hansard**, a case cited by FMC, not only supports the admission of lay opinion testimony as to the Plaintiffs' job performance but is authority for the proposition that opinion testimony as to a person's intent or motivation may be admissible in cases of employment discrimination. 865 F.2d at 1467.

[7] **Texas Dept. of Community Affairs v. Burdine,** (1981) 450 U.S. 248, 254, fn. 7.

14.     **FMC IS NOT SHIELDED FROM PUNITIVE DAMAGE LIABILITY SIMPLY BECAUSE IT PUBLISHED ANTI-DISCRIMINATION POLICIES**

The Defendant asks the court to not instruct the jury on punitive damages, citing **Kolstad v. Amer. Dental Ass'n.,** (1999) 527 U.S. 526, for the proposition that because FMC "maintained a strict and comprehensive policy against discrimination and harassment" plaintiffs should be precluded from introducing evidence in support of their punitive damage claims.  FMC Motion in Limine, P. 19.

The Defendant misses the point, utterly.  A defendant is not absolved from punitive damages solely because it publishes an anti-harassment policy or holds an occasional, pro forma meeting. "Although the implementation of a written or formal anti-discrimination policy is relevant to evaluating an employer's good faith efforts at Title VII compliance, it is not sufficient in and of itself to insulate an employer  from a punitive damages award." **Bruso v. United Airlines Inc.** (7th Cir, 2001) 239 F.3d 848, 858. Instead, the Defendant must present facts showing an actual good faith effort to prevent discrimination or harassment;

> **Kolstad** itself suggests that the good-faith-compliance standard requires the employer to make "good faith efforts to *enforce* an antidiscrimination policy." [527 U.S. at 546] (5th Circuit's emphasis). Therefore, even if an employer-defendant adduces evidence  showing it maintains on paper a strong non-discrimination policy and makes good faith efforts to educate its employees about that policy and Title VII, a plaintiff may still recover punitive damages  if she demonstrates the employer failed to adequately address Title VII violations of which it was aware.  **Cadena v.Pacesetter** (5th Cir, 2000) 224 F.3d 1203, 1210.

In **Cadena**, the court upheld punitive damages to a "good faith compliance" challenge because Cadena had "presented substantial evidence suggesting that Pacesetter knew about [the] sexually harassing conduct but failed to take any action to stop it." Id.[8]

Evidence that repeated complaints to managers were ineffective in stopping serial acts of harassment  creates a jury issue as to the employer's good faith efforts to enforce an anti-discrimination policy.  **Hertzberg v. SRAM Corp.,** (5th Cir, 2001) 261 F.3d 651, 663-664.  This is precisely the case here, where despite repeated complaints by plaintiffs, and others, FMC management was unable to eradicate racial epithets or graffiti from the workplace, in addition to the repeated appearances of hangman's nooses. Evidence that an employer disregarded its formal "zero tolerance for discrimination " policy also creates a jury question as to an employer's good faith. **Bruso v. United Airlines Inc.,** supra, 239 F.3d at 861.

Here, the facts show a jury question as to whether FMC implemented its forma "anti-discrimination policies" in good faith. For that reason, punitive damages must go to the jury.

## 15.   FMC's MOTION TO SEVER PUNITIVE DAMAGES SHOULD BE DENIED

---

[8] In **Cadena**, a manager responded to the plaintiff's complaints of sexually inappropriate behavior by stating "That's just the way he [the harasser] is . . . There's nothing nobody can do about it.." Id at 1207. This is precisely what an FMC manager responded to a complaint by Lawrence Grice as to racial misconduct by Stanley Norris.

Defendant FMC asks that trial of punitive damages be bifurcated from trial of liability and compensatory damages.

This is the THIRD motion for severance brought by this defendant. On each of the prior occasions, the FMC this Court denied the motion. It is true that on this third occasion, FMC only seeks the bifurcation of punitive damages. However, bifurcation of damages was never mentioned in either of the two prior motions. It is not clear why FMC waited until the Eleventh hour to raise the issue.

Nor is it clear what authority FMC relies upon in making its request, as it cites only cases from other circuits.

The bifurcation of trial "is primarily procedural in nature and . . . federal procedural law controls." [Citing **Rosales v. Honda Motor Co.**, (5th Cir, 1984) 726 F.2d 259, 260] **Fed. R. Civ. P. 42(b)** provides that a court may bifurcate any claim or separate issue in a trial in order to promote convenience or to avoid prejudice. The decision to bifurcate the damages and liability portions of a trial under Rule 42(b) is a matter within the sound discretion of the trial court. [Citing **Rosales**, 726 F.2d at 261]." **Holland v. Harmon**, (ND Tx, 1999) 1999 U.S. Dist. LEXIS 108*1-2.

Texas law requires bifurcation of punitive damages claims in civil actions or, rather , the bifurcation of trial as to the amount of punitive damages, from the rest of the case. **Transportation Insurance Co. v. Moriel** (1994) 879 S.W.2d 10, 30.

However, when - as is the case here -  federal claims are joined with state law claims, the District Court has the discretion to deny the motion to bifurcate. **Holland**,

supra, 1999 U.S. Dist. LEXIS 108*2-3.

Courts in the Fifth Circuit have denied motions to bifurcate punitive damages on grounds of judicial economy. **Snyder v. Barthelemy**, (ED La, 1995) 1995 U.S. Dist. LEXIS 14772*7.

Given the fact that this request is made on the eve of trial and the fact that the Texas substantive law claims are intertwined with Federal claims, the Plaintiffs request the court to exercise its discretion to deny this request.

16. **DEFENDANT FMC'S MISCELLANEOUS MOTIONS IN LIMINE**

FMC moves in limine for a whole series of matters, mostly pertaining to the conduct of trial.

One of them, barring Plaintiffs' counsel, from introducing family members to the jury, is puzzling. How would the introduction or recognition of such people by a lawyer have any impermissible impact? Aside from speculation, FMC does not say. As a practical matter, Plaintiffs' counsel is part of a family owned law firm and one of her son's, Joe Veronese, will be trying the case with her. Is counsel to be precluded from even mentioning that her fellow lawyer is her son?

As to the website of Plaintiffs' lawyer, this Court has the ability to instruct the jury to not "go there" when they are on the internet during the pendency of the trial. This instruction, it can only be presumed, will be followed by the jury.

The Plaintiffs, of course, have no intention of offering witnesses or evidence not

previously disclosed to the Defendant and will not produce evidence of damages that has not previously been disclosed to FMC and Pro Staff.

Finally, as to the oddly entitled request to preclude Plaintiff from offering evidence of "[HR] Policies and Practices As They Should Be." FMC wishes to defend itself by pointing to the policies against discrimination that it put down on paper. FMC having put their policies at issue, the Plaintiffs should be entitled to controvert those claims by showing (1) The policies themselves are not adequate to prevent discrimination; and (2) That the policies were not adequately put into practice at the FMC work place. Significantly, FMC cites not authority in support of this unusual in limine request.

17.     **CONCLUSION**

For all the reasons listed above, Defendant FMC's motions in limine should be

denied.

Date: October 6, 2010                    THE LAW OFFICES OF JOSEPH L. ALIOTO &
                                         ANGELA ALIOTO


                                           /s/ Angela Alioto
                                         ANGELA ALIOTO, California Bar No. 130328
                                         Southern Texas US  District Bar No. 957811
                                         Attorney-in-Charge
                                         **Law Offices of Mayor Joseph L. Alioto**
                                         **& Angela Alioto**
                                         700 Montgomery Street
                                         San Francisco, CA  94111
                                         Telephone: (415) 434-8700
                                         Facsimile: (415) 438-4638
                                         THE LAW OFFICES OF JOSEPH L.
                                         ALIOTO & ANGELA ALIOTO