IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BORIS BRYANT, DARREN MAYO, EDWARD PIERRE, LAWRENCE GRICE, KEVIN MCINTYRE, MAURICE GALIMORE, JAMES BROWN, CARLOS BEATTY, MARCUS PAREJO, LAMAR NEWTON, JOHN LUCAS, CARLTON SYKES, | § § § § § § § | |
| | § | NO. 04:08-CV-03744 |
| Plaintiffs | § § | |
| vs. | § § | |
| FMC TECHNOLOGIES, INC., PROSTAFF PERSONNEL ACQUISITION CORP. , | § § § | |
| Defendants. | § § | |

DEFENDANT FMC TECHNOLOGIES, INC.'S
OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST

The defendant, FMC Technologies, Inc. (FMCTI), files its Objections to Plaintiffs' Exhibit List.

FMCTI objects to Plaintiffs' Exhibit Number 7 on the basis of optional completeness. The plaintiffs have included documents Bates numbered 00198-00201 for this exhibit, but the full document also includes document Bates numbered 00197.

FMCTI objects to Plaintiffs' Exhibit Number 10 on the grounds of hearsay and relevance. FED. R EVID. 401, 402, 802. FMCTI further objects in that the document identified by Bates number BRYANT 000002 is a letter dated September 4, 2008.

FMCTI objects to Plaintiffs' Exhibits Numbers 13, 14, and 15 on the grounds of hearsay, relevance, prejudice and confusion, and lack of authenticity. FED. R. EVID. 401, 402, 403, 802, 901.

FMCTI objects to Plaintiffs' Exhibit Number 17 on the grounds of relevance. FED. R. EVID. 401, 402.

FMCTI objects to Plaintiffs' Exhibits Numbers 18 and 19 on the grounds of hearsay, relevance, prejudice and confusion, and lack of authenticity. FED. R. EVID. 401, 402, 403, 802, 901.

FMCTI objects to Plaintiffs' Exhibit Number 20 on the grounds of hearsay, relevance, lack of authenticity, and work product privilege. FED. R EVID. 401, 402, 802, 805, 901.

FMCTI objects to Plaintiffs' Exhibit Number 21 on the grounds of hearsay. FED. R EVID. 802.

FMCTI objects to Plaintiffs' Exhibits Numbers 25, 26, 27, and 28 on the grounds of relevance, prejudice and confusion. FED. R. EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibits Numbers 29, 30 and 31 on the grounds of hearsay, relevance, prejudice and confusion. FED. R. EVID. 401, 402, 403, 802, 805.

FMCTI objects to Plaintiffs' Exhibits Numbers 32, 33, and 34 on the grounds of relevance, prejudice and confusion. FED. R. EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibit Number 35 on the grounds of relevance, prejudice and confusion. FED. R. EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibits Numbers 36, 37, 38, and 39 on the grounds of hearsay, relevance, prejudice and confusion. FED. R. EVID. 401, 402, 403, 802.

FMCTI objects to Plaintiffs' Exhibit Number 40 on the grounds of relevance, prejudice and confusion, hearsay, and work product privilege. FED. R EVID. 401, 402, 403, 802, 805.

FMCTI objects to Plaintiffs' Exhibits Numbers 41, 42, and 43 on the grounds of relevance, prejudice and confusion.  FED. R. EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibit Number 44 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802.

FMCTI objects to Plaintiffs' Exhibit Number 45 on the grounds of relevance, prejudice and confusion.  FED. R. EVID. 401, 402, 403.  FMCTI further objects to Plaintiffs' Exhibit Number 45 in that it has not been properly identified by description or Bates number, and FMCTI cannot ascertain to which document this exhibit references.

FMCTI objects to Plaintiffs' Exhibits Numbers 46, 47, 48, 49, 50, and 51 on the grounds of relevance, prejudice and confusion.  FED. R. EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibit Number 52 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802.

FMCTI objects to Plaintiffs' Exhibits Numbers 53 and 54 on the grounds of relevance, prejudice and confusion.  FED. R. EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibit Number 55 on the grounds of relevance, prejudice and confusion.  FED. R. EVID. 401, 402, 403.  FMCTI further objects to Plaintiffs' Exhibit Number 55 in that it has not been properly identified by description or Bates number, and FMCTI cannot ascertain to which document this exhibit references.

FMCTI objects to Plaintiffs' Exhibit Number 60 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802.

FMCTI objects to Plaintiffs' Exhibit Number 72 on the grounds that it is material prepared in anticipation of litigation, and therefore constitutes privileged work product.  FMCTI further objects on the grounds of relevance, prejudice and confusion, and

hearsay.   FED. R EVID. 401, 402, 403, 802, 805.

FMCTI objects to Plaintiffs' Exhibit Number 73 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802.

FMCTI objects to Plaintiffs' Exhibit Number 74 on the grounds of relevance, prejudice and confusion.  FED. R EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibit Number 75 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802.

FMCTI objects to Plaintiffs' Exhibit Number 76 on the grounds of relevance, prejudice and confusion, hearsay, and in that it contains improper evidence of religious beliefs.  FED. R EVID. 401, 402, 403, 610, 802.

FMCTI objects to Plaintiffs' Exhibits Numbers 77, 78 and 79 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802, 805.

FMCTI objects to Plaintiffs' Exhibits Numbers 80, 81, and 82 on the grounds of relevance, prejudice and confusion.  FED. R. EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibit Number 83 on the grounds of relevance, prejudice and confusion.  FED. R. EVID. 401, 402, 403.  FMCTI further objects to Plaintiffs' Exhibit Number 83 in that it has not been properly identified by description or Bates number, and the document produced by the plaintiffs as Exhibit 83 does not match the description in the plaintiffs' exhibit list.  Accordingly, FMCTI cannot ascertain to which document this exhibit references.

FMCTI objects to Plaintiffs' Exhibit Number 84 in that the document identified as Bates number 0753-0757 is Lamar Newton's application, but the exhibit is identified as Maurice Galimore' application.  As a result, FMCTI cannot ascertain to which document

4

this exhibit references.  FMCTI further objects on the grounds of relevance, prejudice and confusion.  FED. R EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibit Number 89, 92, and 93 on the grounds of relevance, prejudice and confusion, hearsay, and lack of authenticity.  FED. R EVID. 401, 402, 403, 802, 901.

FMCTI objects to Plaintiffs' Exhibit Number 94 on the grounds of hearsay.  FED. R EVID. 802, 805.  FMCTI further objects to Exhibit 94 on the grounds that it is material prepared in anticipation of litigation, and therefore constitutes privileged work product.

FMCTI objects to Plaintiffs' Exhibit Number 105 on the grounds of relevance, prejudice and confusion, hearsay, and lack of authenticity.  FED. R EVID. 401, 402, 403, 802, 901.

FMCTI objects to Plaintiffs' Exhibit Number 121 on the grounds of relevance, prejudice and confusion, hearsay, and lack of authenticity.  FED. R EVID. 401, 402, 403, 802, 901.

FMCTI objects to Plaintiffs' Exhibit Number 122 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R. EVID. 401, 402, 403, 802, 805.  FMCTI further objects to Exhibit 122 on the grounds that it is material prepared in anticipation of litigation, and therefore constitutes privileged work product.

FMCTI objects to Plaintiffs' Exhibit Number 127 on the grounds of hearsay and lack of authenticity.  FED. R EVID. 802, 901.

FMCTI objects to Plaintiffs' Exhibits Numbers 129, 130, 131, and 132 on the grounds of relevance, prejudice and confusion, hearsay, and lack of authenticity.  Fed. R Evid. 401, 402, 403, 802, 901.  FMCTI further objects to Exhibit 132 as duplicative of

Exhibit 131.

FMCTI objects to Plaintiffs' Exhibits Numbers 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, and 144 on the grounds of relevance, prejudice and confusion.  FED. R EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibits Numbers 146, 147, and 148 on the grounds of relevance, prejudice and confusion.  FED. R EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibits Numbers 149, 150, 151, and 152 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802.  FMCTI further objects to Plaintiffs' Exhibits Numbers 151 and 152 on the grounds of lack of authenticity.  FED. R. EVID. 901.

FMCTI objects to Plaintiffs' Exhibit Number 153 on the grounds of relevance, prejudice and confusion.  FED. R EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibits Numbers 154, 155, 156, and 157 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802, 805.  FMCTI further objects to Exhibits 154 and 157 on the grounds that they lack authenticity.  FED. R EVID. 901.  FMCTI further objects to Exhibit 155 on the grounds that it is material prepared in anticipation of litigation, and therefore constitutes privileged work product.

FMCTI objects to Plaintiffs' Exhibit Number 159 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802.  FMCTI further objects to Exhibit 159 on the grounds that it is duplicative of Exhibit 29.

FMCTI objects to Plaintiffs' Exhibits Numbers 160 and 161 on the grounds of relevance, prejudice and confusion.  FED. R EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibit Number 163 on the grounds of hearsay. FED. R EVID. 801, 805.  FMCTI further objects to Exhbit 163 in that it is duplicative of Exhibit 94 and is material prepared in anticipation of litigation, and therefore constitutes privileged work product.

FMCTI objects to Plaintiffs' Exhibits Numbers 165, 166, 167, 168, 169, 170, and 171 on the grounds of relevance, prejudice and confusion.  FED. R EVID. 401, 402, 403. FMCTI further objects to Plaintiffs' Exhibit Number 170 on the grounds of hearsay. FED. R EVID. 802.

FMCTI objects to Plaintiffs' Exhibits Numbers 172, 173, and 174 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802.

FMCTI objects to Plaintiffs' Exhibit Number 177 as duplicative of Exhibit 176.

FMCTI objects to Plaintiffs' Exhibit Number 178 on the grounds of relevance, and prejudice and confusion.  FED. R EVID. 401, 402, 403.  FMCTI further objects to Exhibit 178 as duplicative of Exhibit 161.

FMCTI objects to Plaintiffs' Exhibits Numbers 183 and 184 on the grounds of relevance, prejudice and confusion.  FED. R EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibits Numbers 185, 186, and 187 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802.

FMCTI objects to Plaintiffs' Exhibit Number 189 on the grounds of relevance, prejudice and confusion.  FED. R. EVID. 401, 402, 403.  FMCTI further objects to Plaintiffs' Exhibit Number 189 in that it has not been properly identified by description or Bates number, and FMCTI cannot ascertain to which document this exhibit references.

FMCTI objects to Plaintiffs' Exhibit Number 193 on the grounds of relevance,

prejudice and confusion.  FED. R EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibit Number 195 on the grounds of relevance, prejudice and confusion.  FED. R EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibit Number 197 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802.

FMCTI objects to Plaintiffs' Exhibit Number 201 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802.

FMCTI objects to Plaintiffs' Exhibit Number 202 on the grounds of relevance, prejudice and confusion, and lack of authenticity.  FED. R EVID. 401, 402, 403, 901.

FMCTI objects to Plaintiffs' Exhibit Number 203 on the grounds of relevance, prejudice and confusion, and lack of authenticity.  FED. R EVID. 401, 402, 403, 901.

FMCTI objects to Plaintiffs' Exhibit Number 209 on the grounds of relevance, prejudice and confusion.  FED. R EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibits Numbers 210 and 211 on the grounds of relevance, prejudice and confusion, and lack of authenticity.  FED. R EVID. 401, 402, 403, 901.  FMCTI further objects to Exhibit 211 as duplicative of Exhibit 210.

FMCTI objects to Plaintiffs' Exhibit Number 212 on the basis of optional completeness.  The plaintiffs have included documents Bates numbered 01668-01670 for this exhibit, but this is an incomplete document.  The full document can be found at Bates number 06799-06802.

FMCTI objects to Plaintiffs' Exhibit Number 213 on the basis of optional completeness.  The plaintiffs have included documents Bates numbered 02306-02310 for this exhibit, but the full document also includes document Bates numbered 02311.

FMCTI objects to Plaintiffs' Exhibit Number 214 on the basis of optional completeness.  The plaintiffs have included documents Bates numbered 02312-02316 for this exhibit, but the full document also includes documents Bates numbered 02317-02318.

FMCTI objects to Plaintiffs' Exhibit Number 215 on the basis of optional completeness.  The plaintiffs have included documents Bates numbered 02319-02324 for this exhibit, but the full document also includes documents Bates numbered 02325-02330.

FMCTI objects to Plaintiffs' Exhibit Number 217 on the basis of optional completeness.  The plaintiffs have included documents Bates numbered 02332-02335 for this exhibit, but the full document also includes documents Bates numbered 02331, 02336-02343.

FMCTI objects to Plaintiffs' Exhibit Number 218 on the basis of optional completeness.  The plaintiffs have included documents Bates numbered 02344-02347 for this exhibit, but the full document also includes document Bates numbered 02348-02350.

FMCTI objects to Plaintiffs' Exhibit Number 220 on the grounds of relevance, prejudice and confusion.  FED. R EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibit Number 222 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802, 805.

FMCTI objects to Plaintiffs' Exhibit Number 223 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802.  FMCTI further objects to Exhibit 223 on the grounds of authenticity in that the description of the exhibit does not match the bates number listed.  FED R. EVID. 901.

FMCTI objects to Plaintiffs' Exhibits Numbers 228 and 229 on the grounds of relevance, prejudice and confusion.  FED. R EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibits Numbers 231 and 232 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 801.

FMCTI objects to Plaintiffs' Exhibits Numbers 233 and 234 on the grounds of relevance, prejudice and confusion.  FED. R EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibits Numbers 235, 236, and 237 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802. FMCTI further objects to these exhibits as they were previously used as exhibits and contain allegations raised in a prior lawsuit brought by Plaintiff Grice against FMCTI, for which FMCTI was granted summary judgment on all claims, and they, therefore, are barred by res judicata.  Furthermore, the allegations contained in these exhibits are barred by the applicable statute of limitations.  *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004).

FMCTI objects to Plaintiffs' Exhibit Number 238 on the grounds of hearsay. FED. R EVID. 802, 805.  FMCTI further objects to Exhibit 238 on the grounds that it is material prepared in anticipation of litigation, and therefore constitutes privileged work product.

FMCTI objects to Plaintiffs' Exhibits Numbers 240, 241, 242, 243, 244, 245, and 246 on the grounds of hearsay.  FED. R EVID. 802.  FMCTI further objects to these exhibits on the grounds that they contain material prepared in anticipation of litigation, and therefore constitute privileged work product.

FMCTI objects to Plaintiffs' Exhibit Number 247 on the grounds of relevance,

prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802.

FMCTI objects to Plaintiffs' Exhibits Numbers 248 and 249 on the grounds of hearsay.  FED. R EVID. 802, 805.  FMCTI further objects to these exhibits on the grounds that they contain material prepared in anticipation of litigation, and therefore constitute privileged work product.

FMCTI objects to Plaintiffs' Exhibit Number 250 as duplicative of Exhibit 194.

FMCTI objects to Plaintiffs' Exhibit Number 251 as duplicative of Exhibit 180

FMCTI objects to Plaintiffs' Exhibits Numbers 252 and 253 on the grounds of hearsay.  FED. R EVID. 802, 805.  FMCTI further objects to these exhibits on the grounds that  they contain material prepared in anticipation of litigation, and therefore constitute privileged work product.  FMCTI further objects to Plaintiffs' Exhibit Number 153 as it is duplicative of Exhibit 72.

FMCTI objects to Plaintiffs' Exhibit Number 256 on the grounds of relevance, prejudice and confusion.  FED. R EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibit Number 257, as identified by Bates number, on the grounds of relevance, prejudice and confusion.  FED. R EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibit Number 258 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802.

FMCTI objects to Plaintiffs' Exhibit Number 260 as duplicative of Exhibit 259.

FMCTI objects to Plaintiffs' Exhibits Numbers 263, 264, and 265 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802. FMCTI further objects to Plaintiffs' Exhibit Number 265 on the grounds that it contains material prepared in anticipation of litigation, and therefore constitutes privileged work

product.

FMCTI objects to Plaintiffs' Exhibit Number 266 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 801.

FMCTI objects to Plaintiffs' Exhibit Number 267 as duplicative of Exhibit 266.

FMCTI objects to Plaintiffs' Exhibits Numbers 268 and 269 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 801.

FMCTI objects to Plaintiffs' Exhibit Number 270 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 801.  FMCTI further objects to Exhibit 270 on the basis of optional completeness.  The plaintiffs have included documents Bates numbered 00869-00871 for this exhibit, but the full document also includes document Bates numbered 00872-00874.

FMCTI objects to Plaintiffs' Exhibit Number 271 on the grounds of relevance, prejudice and confusion.  FED. R EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibit Number 272 on the grounds of relevance, prejudice and confusion.  FED. R EVID. 401, 402, 403.  FMCTI further objects to Exhibit 272 as duplicative of Exhibit 271.

FMCTI objects to Plaintiffs' Exhibit Number 273 on the grounds of relevance, prejudice and confusion.  FED. R EVID. 401, 402, 403.

FMCTI objects to Plaintiffs' Exhibit Number 274 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403.  FMCTI further objects to Exhibit 274 as duplicative of Exhibit 167.

FMCTI objects to Plaintiffs' Exhibits Numbers 279, 280, 281, 282, and 283 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402,

403, 802.  FMCTI further objects to Exhibit 283 in that it is identified by an incorrect Bates number reference.

FMCTI objects to Plaintiffs' Exhibit Number 287 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802.  FMCTI further objects to Exhibit 287 on the grounds that it is duplicative of Exhibit 197.

FMCTI objects to Plaintiffs' Exhibits Numbers 293 and 294 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802, 805.

FMCTI objects to Plaintiffs' Exhibit Number 295 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802.

FMCTI objects to Plaintiffs' Exhibit Number 298 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802, 805.  FMCTI further objects to Exhibit 298 as it is duplicative of Exhibit 29.

FMCTI objects to Plaintiffs' Exhibit Number 300 on the grounds of hearsay. FED. R EVID. 802, 805.  FMCTI further objects to this exhibit on the grounds that it contains material prepared in anticipation of litigation, and therefore constitutes privileged work product.

FMCTI objects to Plaintiffs' Exhibit Number 301 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 801.  FMCTI further objects to this exhibit on the grounds that it contains material prepared in anticipation of litigation, and therefore constitutes privileged work product.

FMCTI objects to Plaintiffs' Exhibit Number 302 on the grounds of relevance, prejudice and confusion.  FED. R EVID. 401, 402, 403.  FMCTI further objects to this exhibit in that it was used in a previous lawsuit brought by Plaintiff Grice against

FMCTI, for which FMCTI was granted summary judgment on all claims, and it, therefore, is barred by res judicata.

FMCTI objects to Exhibit 308 as duplicative of Exhibit 307.

FMCTI objects to Plaintiffs' Exhibit Number 310 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802.

FMCTI objects to Exhibit 312 as duplicative of Exhibit 104.

FMCTI objects to Plaintiffs' Exhibits Numbers 313, 314, 315, 316, 317, 318 and 319 on the grounds of relevance, prejudice and confusion, and hearsay.  FED. R EVID. 401, 402, 403, 802.  FMCTI further objects to Exhibit 214 in that, per its description, it is identified by the wrong Bates numbers.

FMCTI objects to Plaintiffs' Exhibit Number 321 on the grounds of hearsay. FED. R EVID. 802.

FMCTI objects to Plaintiffs' Exhibit Number 323 as duplicative of Exhibit 188.

Of Counsel:

Kelley Edwards
State Bar No. 24041775
Federal ID No.  560755
Sarah Stoffregen
State Bar No. 24066151
Federal ID No. 966164
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)


Lynn Kappelman (appearing *Pro Hac Vice*)
MA State Bar No. 642017
MA Federal ID No. 642017
SEYFARTH SHAW, LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
617.946.4888 (Telephone)
617.790.5360 (Telecopier)

Respectfully submitted,


*/s/ Kerry E Notestine* (by permission KRE)

Kerry E Notestine (Attorney-in-Charge)
State Bar No. 15116950
Federal ID No. 2423
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)


ATTORNEYS FOR THE DEFENDANT
FMC TECHNOLOGIES, INC.

<u>CERTIFICATE OF SERVICE</u>

I certify that I sent a copy of this document to the following on this 8th day of October, 2010 via the Court's electronic filing system:

Joshua D. Boxer
Steven L. Robinson
LAW OFFICES OF MAYOR JOSEPH L.
ALIOTO & ANGELA ALIOTO
jboxer@aliotolawoffices.com
srobinson@aliotolawoffices.com

James M. Cleary, Jr.
W. Jackson Wisdom
MARTIN, DISIERE JEFFERSON & WISDOM, L.L.P.
cleary@mdjwlaw.com
wisdom@mdjwlaw.com

_____*/s/ Kelley Edwards*_____
Kelley Edwards

Firmwide:97855983.1 042176.1117