UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| BORIS BRYANT, DARREN MAYO, EDWARD PIERRE, LAWRENCE GRICE, KEVIN MCINTYRE, MAURICE GALIMORE, JAMES BROWN, CARLOS BEATTY, MARCUS PAREJO, LAMAR NEWTON, JOHN LUCAS, CARLTON SYKES,<br><br>    Plaintiffs,<br><br>    v.<br><br>FMC TECHNOLOGIES, INC., PROSTAFF PERSONNEL ACQUISITION CORP.,<br><br>    Defendants. | Case No. 04:08-CV-03744<br><br>PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES <u>IN OPPOSITION TO DEFENDANT PRO-STAFF'S MOTIONS IN LIMINE</u> |

I.     **INTRODUCTION**

Defendant Pro Staff brings a total of 28 motions in limine, many of which are duplicative of each other and of other motions in limine brought by the Defendant FMC.

Plaintiff responds as follows:

II.    **DEFENDANT Pro Staff'S MOTION IN LIMINE**

**PRO-STAFF MOTION IN LIMINE No. 1**

Exclusion of settlement negotiations.

**PLAINTIFFS' RESPONSE**

The Plaintiffs do not oppose this motion.

**PRO-STAFF MOTION IN LIMINE No. 2**

Any reference or testimony to the fact that the lawyers for Defendant Pro Staff (1) Specializes in representing management of large companies; (2) Specializes in the defense of lawsuits or employment lawsuits; and (3) Is a large firm.  That has used any number o f lawyers or received any amount of fees in defending the lawsuit.

**PLAINTIFFS' RESPONSE**

The Plaintiffs represent that they will offer no evidence or testimony on this subject.

**PRO-STAFF MOTION IN LIMINE No. 3**

Any reference to or testimony concerning alleged wrongful behavior by Pro Staff which Plaintiffs did not disclose in their depositions.

**PLAINTIFFS' RESPONSE**

The Plaintiffs oppose this motion in that it works to exclude the evidence from third party witnesses whose knowledge and perceptions differ from the Plaintiffs. To the extent Plaintiffs' trial testimony differs from their deposition, Defendant Pro Staff has the remedy of impeachment.

**PRO-STAFF MOTION IN LIMINE No. 4**

"Any reference to or testimony concerning any complaints about conduct of Pro Staff employees which do not involve Plaintiffs. Additionally, any evidence or testimony regarding investigations conducted by Pro Staff regarding claims raised by, or relating to, individuals other than Plaintiffs." Basis for motion is relevance and Fed R. Evid R. 403 (E.g. unfair prejudice).

**PLAINTIFFS' RESPONSE**

Pro Staff moves for a blanket exclusion from evidence of racial discrimination or harassment as to any other current or former employee (i.e., "me too evidence") based on the claim that such evidence is inadmissible.

In **Sprint/United Management Co. v. Mendelsohn**, (2007) 552 U.S. 379, the United States Supreme Court held that such "me too evidence" is neither per se admissible or inadmissible. Id at 387.

> The question whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case. Applying Rule 403 to determine if evidence is prejudicial also requires a fact-intensive, context-specific inquiry. Id.

In cases, such as the present, in which the plaintiffs present claims of intentional discrimination, it can be an abuse of discretion for a trial court to exclude evidence of the atmosphere in which the Plaintiffs were compelled to work. **Ratliff v. Governor's Safety Program** (5th Cir, 1986) 791 F.2d 394, 402; **Kelly v. Boeing Petroleum Servs., Inc.**, supra, 61 F.3d at 358.

Evidence of other wrongs or acts may be admissible to prove, for example, defendant's motive, intent, plan, knowledge or absence of mistake in an employment discrimination case. **Fed. R. Evid. 404(b)**; **Burks v. Oklahoma Publ. Co.,** (10th Cir, 1996) 81 F.3d 975, 981; **Spulak v. K Mart Corp.,** (10th Cir, 1990) 894 F.2d 1150, 1156; **Heyne v. Caruso** (9th Cir, 1995) 69 F.3d. 1475, 1479-1480. ["[B]ecause an employer's past

discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted at trial."]; **Hawkins v. Hennepin Technical Center** (8th Cir, 1990) 900 F.2d. 153, 155-156.

Consistent with the teachings of **Mendelsohn**, supra, **Wyvill v. Waldrop** (5th Cir, 2000) 212 F.3d 296, is not to be understood as supporting a *per se* rule excluding "me too evidence" but is, instead, a fact based determination of relevancy in a very specific context.  Courts in the Fifth Circuit have declined to apply **Wyvill** when confronted with different facts. **Lewis v. Home Depot U.S.A., Inc.**, (WD Tx, 2007) 2007 U.S. Dist. LEXIS 26691*5,  89 Empl. Prac. Dec. (CCH) P42,821.

In this case, the facts are markedly different than in **Wyvill**.  Here, all of the proffered witnesses were employed in the same workplace as the plaintiffs and worked under the same supervisors.  Further, this case, as opposed to **Wyvill**, is based in part on a hostile environment theory. Many of the so called "me too" witnesses will be testifying as to the same environment experienced by the plaintiffs.

Pro Staff also challenges "me too evidence" on **FRE  Rule 403** grounds. That challenge is not well taken. 'Undue prejudice' exists when there is a  "'possibility that the evidence will excite the jury to make a decision on the  basis of a factor other the issues properly before it.'[citation]" **Heyne v. Caruso** (9th Cir, 1995) 69 F.3d. 1475, 1481. There, the court found that there would be no undue prejudice; "There is a direct link between the issue before the jury - the employer's motive  behind firing the Plaintiff - and the factor on which the jury's decision is based - the harassment of other female employees." Id.

The defense argues that there should be a blanket exclusion of all testimony or evidence regarding harassing acts the Plaintiffs did not themselves personally witness. Regardless of the ultimate admissibility of the proffered evidence, this approach of blanket exclusion is fundamentally unfair to the Plaintiffs because it essentially prevents

them from proving their case. For this reason, such blanket exclusions are disfavored.

Appellate courts have advised caution in excluding evidence in discrimination cases because of "undue prejudice" because such blanket evidentiary exclusions can cripple an employee's ability to present his case. **Estes v. Dick Smith, Inc.** (8th Cir., 1988) 856 F.2d. 1097, 1162-1163.

> Circumstantial evidence of discrimination typically includes unflattering testimony about the employer's history and work practices - evidence which in other cases may well unfairly prejudice the jury against the defendant. In discrimination cases, however, such background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive. Id.

There is a policy of judicial hostility to blanket in limine exclusion of evidence in discrimination cases - especially with regard to evidence of discriminatory acts against other employees. **Glass v. Philadelphia Electric Co.** (3d. Cir. 1994) 34 F.3d. 188, 195. Appellate courts closely examine trial court in limine rulings excluding evidence on a blanket basis **Kelly v. Boeing** (5th Cir, 1995) 61 F.3d. 350. 357.  On the other hand, the preferred approach is to examine the proffered testimony or evidence, on a case by case basis, outside the presence of the jury. See Id at 359-360.

The Plaintiffs ask the court deny this blanket in limine challenge.

## PRO-STAFF MOTION IN LIMINE No.  5

Any reference to or testimony concerning Pro Staff's alleged treatment of other employees that were not similarly situated to Plaintiff or speculative testimony from supervisors or coworkers who were not involved in the employment decision concerning Plaintiffs.

## PLAINTIFFS' RESPONSE

_____Plaintiffs oppose this motion for the same reason they oppose motion in limine No. 4, supra, as such evidence is generally admissible in cases of race or national origin discrimination. Plaintiffs also oppose the exclusion of so called "speculative testimony."

Testimony from supervisors and co-workers may admissible if t hey are aware of evidence of discriminatory animus or of disparate treatment in the work place (i.e., co-worker not in the protected class treated more favorably that Plaintiff). In addition, co-workers or supervisors may testify as to their lay opinion of the Plaintiffs' job performance based upon their own obsrvations and experience. **FRE R 71.** "F.R.E. 701 requires only that opinions by lay witnesses be "rationally based on the perception of the witness and . . . helpful to . . . the determination of a fact in issue." **Hansard v. Pepsi Cola Metro Bottling, Co.** (5th Cir, 1989) 865 F.2d 1461, 1466.

### PRO-STAFF MOTION IN LIMINE No. 6

Evidence of other harassment or discrimination lawsuits, or EEOC charges brought against Pro Staff by current or former Pro Staff employees on grounds of relevance and unfair prejudice. However, Pro Staff wishes to use evidence of such administrative or judicial litigation to impeach witnesses to testify against it.

### PLAINTIFFS' RESPONSE

This evidence is admissible for the same reasons as described in Plaintiffs' response to Motion in Limine number 4, supra.

### PRO-STAFF MOTION IN LIMINE No. 7

Any reference to or testimony concerning the hanging of nooses, graffiti and drawings displayed on walls and machinery, the wearing of a Ku Klux Klan hat, the viewing of racist websites, the displaying of a swastika, rebel flag or Aryan nation spider tatoo, the killing of James Byrd in Jasper, Texas etc. unless such information has previously been disclosed to the Defendant, on grounds of unfair prejudice pursuant to **FRE 403.**

### PLAINTIFFS' RESPONSE

The Plaintiffs request that this motion be denied. The Plaintiffs request the Court not make a blanket ruling at this time, but to approach the evidence on a case by case basis.

This case involves hostile work environment claims with events occurring on an ongoing, daily and continuing basis. The Plaintiffs represent that they have disclosed all

types of harassing conduct upon which they base their claims.  However, it is conceivable that specific instances of certain ongoing and continuing conduct might surface during trial that have not previously been disclosed. Thus, although persistent racial graffiti is, in part, the basis for the Plaintiffs' hostile work environment claims, it is conceivable that a witness might testify to seeing racial graffiti on a specific date or a specific restroom that was not previously disclosed.

**PRO-STAFF MOTION IN LIMINE No. 8**

_____Any reference to racial slurs, jokes or other statements concerning race unless such information has been previously disclosed.

**PLAINTIFFS' RESPONSE**

The Plaintiffs request that this motion be denied.  The Plaintiffs request the Court not make a blanket ruling at this time, but to approach the evidence on a case by case basis.

This case involves hostile work environment claims with events occurring on an ongoing, daily and continuing basis.  The Plaintiffs represent that they have disclosed all *types* of harassing conduct upon which they base their claims.  However, it is conceivable that specific instances of certain ongoing and continuing conduct might surface during trial that have not previously been disclosed. Thus, although there may be evidence that has previously been disclosed that a specific employee used the epithet "nigger" frequently, it is conceivable that a witness may have heard the witness use that epithet on a different occasion that what has previously been testified to.  There is no undue prejudice in allowing such evidence as it is a different instance of conduct already disclosed. To the extent it is of a witness who has previously testified in deposition, the remedy of Defendant Pro Staff is impeachment rather than a blanket exclusionary order.

**PRO-STAFF MOTION IN LIMINE No. 9**

_____Any reference to or testimony concerning or from any expert who was not properly designated.

**PLAINTIFFS' RESPONSE**

      The Plaintiffs intend to offer no expert opinion testimony, other than those which have previously, ans timely, designated by them.

**PRO-STAFF MOTION IN LIMINE No. 10**

      The fact that this Motion in Limine has been filed or any ruling by the Court of this motion.

**PLAINTIFFS' RESPONSE**

      The Plaintiffs do not oppose this motion.

**PRO-STAFF MOTION IN LIMINE No. 11**

      The relative financial condition or net worth of Plaintiffs and Defendants.

**PLAINTIFFS' RESPONSE**

      The Plaintiffs oppose this motion as the financial condition of the Defendants is relevant.

      The Plaintiffs are seeking punitive damages. They assert state law claims [Texas Labor Code Section 21.051]. Under Texas law, the relative net worth of a Defendant is relevant in the assessment of punitive damages. Tex. Civ. Prac. & Rem. Code § 41.011(6).

      Net worth is also relevant in determining punitive damages as to the Plaintiffs' Federal law claims.   **Hunter v. Copeland**, (ED La, 2004)  2004 U.S. Dist. LEXIS 12992 [Citing **Honda Motor Co. v. Oberg,** (1994)512 U.S. 415 and  **Smith v. Wade**, (1983)  461 U.S. 30]**.**

**PRO-STAFF MOTION IN LIMINE No. 12**

      Any reference to or testimony concerning any document or tangible item that Plaintiff intends to introduce into evidence or use as demonstrative evidence that was not timely produced in response to any of Defendants' discovery requests.

**PLAINTIFFS' RESPONSE**

      Plaintiffs do not oppose this motion.

**PRO-STAFF MOTION IN LIMINE No. 13**

      Any discovery dispute or pretrial ruling on discovery matters concerning Defendants' production or non production of documents or tangible items.

**PLAINTIFFS' RESPONSE**

   Plaintiffs do not oppose this motion but request the court extend it to all parties.

**PRO-STAFF MOTION IN LIMINE No. 14**

  Any speculation, comment or argument on the failure by Defendants to call a witness on the substance of the testimony if such witness had been called to testify.

**PLAINTIFFS' RESPONSE**

  Plaintiff opposes this motion as it runs contrary to the common law inference drawn against spoliators or suppressors of evidence. **Broomfield v. Texas General Indem. Co.,** (5h Cir, 1953)  201 F.2d 746, 748. **Trevino v. Ortega,** (Tx, 1998)  969 S.W.2d 950, 952-953.

**PRO-STAFF MOTION IN LIMINE No. 15**

   Any reference to objections to interrogatories or requests for production of documents or any denial of a request for admission made by Defendants.

**PLAINTIFFS' RESPONSE**

   Plaintiffs do not oppose this motion, provided it be applied to all parties.

**PRO-STAFF MOTION IN LIMINE No. 16**

   Any reference to or testimony concerning any hearsay statement, specifically comments from other employees or former employees of Defendants concerning any alleged discriminatory or wrongful act or statement for which no exception has been established.

**PLAINTIFFS' RESPONSE**

  The subject of this motion is best addressed on a case by case basis.

  Many instances of statements offered will not be hearsay at all.  In other words, evidence that an individual used an offensive racial epithet is not hearsay , it is not offered for "the truth of the matter stated." Rather, it is or can be offered to show: that Plaintiff was exposed to it; and/or as racial animus on the part of the speaker; and/or as a verbal act.

**PRO-STAFF MOTION IN LIMINE No. 17**

  Any portions of a deposition constituting hearsay evidence or opinions for which no predicate has been established.

**PLAINTIFFS' RESPONSE**

  The subject of this motion is best addressed on a case by case basis.

Many instances of statements offered will not be hearsay at all. In other words, evidence that an individual used an offensive racial epithet is not hearsay, it is not offered for "the truth of the matter stated." Rather, it is or can be offered to show: that Plaintiff was exposed to it; and/or as racial animus on the part of the speaker; and/or as a verbal act.

**PRO-STAFF MOTION IN LIMINE No. 18**

Any evidence of alleged retaliation given that those claims were dismissed by Court in its Memorandum Opinion and Order Dated September 16, 2010.

**PLAINTIFFS' RESPONSE**

The Plaintiffs do not oppose this motion insofar as it seeks to exclude all references to retaliation in this matter.

However, the facts underlying the retaliation claims may support other claims for which summary judgment was denied. Accordingly, the Plaintiffs oppose any this motion on that basis.

The Plaintiffs request the Court consider the subject of this motion on a case by case basis.

**PRO-STAFF MOTION IN LIMINE No.19**

Any evidence of alleged discrimination suffered by Plaintiffs Beatty, Brown and McIntyre given that summary judgment was granted as to those claims.

**PLAINTIFFS' RESPONSE**

The Plaintiffs oppose this motion on the grounds stated in their response to Defendant Pro Staff's motion in limine number 4 supra.

The testimony of Beatty, Brown and McIntyre may be relevant as to the claims of those Plaintiffs for which summary judgment was denied. Accordingly, Plaintiffs request the court deny this blanket in limine motion and rule on a case by case basis.

**PRO-STAFF MOTION IN LIMINE No. 20**

Any evidence of an alleged hostile work environment in regards to any plaintiff other than Plaintiffs Galimore, Parejo and Pierre.

**PLAINTIFFS' RESPONSE**

The Plaintiffs oppose this motion on the grounds stated in their response to Defendant Pro Staff's motion in limine number 4 supra.

The testimony of other Plaintiffs may be relevant to show facts relevant to the claims of Galimore, Parejo or Pierre. Accordingly, Plaintiffs request the court deny this blanket in limine motion and rule on a case by case basis.

**PRO-STAFF MOTION IN LIMINE No. 21**

Any evidence making reference to "time barred" conduct.

**PLAINTIFFS' RESPONSE**

Plaintiffs oppose this motion.

The first reason is that the motion is overly broad. If granted it would exclude evidence admissible under the continuing violation doctrine. **National Railroad Passenger Railroad Corporation v. Morgan** (2002) 536 U.S. 101.

Under that doctrine, the proscribed employment practice is the racially hostile work environment, which can consist of numerous specific acts, such as racial epithets, that combine to create an unlawful employment practice for purposes of **Title VII.** "The "unlawful employment practice" therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." Id at 115.

Under **Morgan**, acts occurring more than 300 days before the filing of the requisite administrative complaint may be considered as part of a hostile work environment claim, pursuant to a theory of continuing violation,. Id at 118-119. Thus, harassing acts, such as slurs or epithets, occurring before the statute of limitations, are admissible for liability purposes. To the extent Pro Staff's motion seeks exclusion of such evidence, it should be denied.

The second reason is this in limine request seeks exclusion of relevant, and admissible, "background evidence." While discriminatory acts occurring before December 26, 2004, may not form the basis for liability for disparate treatment under **§ 1981** or **Title VII**, they may still be admissible as "background evidence" of unlawful employment practices continuing into

the limitations period. **Morgan**, supra, 536 U.S. at 113 ["Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim."]. **Lopez v. Kempthorne**, (SD Tx,, 2010) 684 F. Supp. 2d 827, 852. **Ramsey v. Henderson,** (5th Cir, 2002) 286 F.3d 264, 268 ["Discriminatory incidents outside of the filing period may be relevant background information to current discriminatory acts."]

**PRO-STAFF MOTION IN LIMINE No. 22**

Exclusion of so called "stray remarks."

**PLAINTIFFS' RESPONSE**

The Plaintiffs oppose this motion for a blanket exclusionary orders. Statements of discriminatory intent or animus may be relevant for multiple purposes, such as to show a racially hostile work environment or to show evidence of animus on the part of a decison maker. The Plaintiffs request this court consider the evidence on a case by case basis rather than issuing a specific, blanket order.

**PRO-STAFF MOTION IN LIMINE No. 23**

Any evidence of statements made outside the witness's personal knowledge.

**PLAINTIFFS' RESPONSE**

It is well established that the finder of fact "[m]ay consider evidence of other acts of harassment of which a plaintiff becomes aware during the period of his or her employment, even if the other acts were directed at others and occurred outside of the plaintiff's presence." **Hawkins v. Anheuser- Busch** (6th Cir, 2008) 517 F.3d 321, 335-336. **Torres v. Pissano** (2d Cir, 1997) 116 F.3d 625, 633 [Fact that sexually harassing statements were made "outside [plaintiff's] presence is .... no matter. An employee who knows that her boss is saying things of this sort behind her back may reasonably find her working environment hostile."] **Schwapp v. Town of Avon**, (2d Cir, 1997) 118 F.3d 106, 111-12 [holding that a plaintiff's second-hand knowledge of racially derogatory comments or jokes can impact the work environment]. **Rodgers v. W.S. Life Ins, Co.** (7th Cir, 1993) 12 F. 3d 668, 673-675 {Racial epithets targeted at other employees relevant to a plaintiff's hostile environment claim and considering epithets made outside plaintiff's presence]. See also **Lockett v. Home Depot** (D

Miss, 2007) 2007 U.S. Dist LEXIS 89838*16-17

"Evidence of other acts of harassment is extremely probative as to whether the harassment was sexually discriminatory and whether [the employer] knew or should have known that sexual harassment was occurring despite the formal existence of an anti-harassment policy. Neither of these questions depends on the plaintiff's knowledge of incidents; instead, they go to the motive behind the harassment, which may help the jury interpret otherwise ambiguous acts, and to the employer's liability..." **Hurley v. Atlantic City Police Dept** (3d Cir, 1999) 174 F.3d 95, 110-112.

**PRO-STAFF MOTION IN LIMINE No. 24**

Any evidence as to the subjective beliefs as to the plaintiffs, their coworkers and/or their supervisors that they were discriminated against or harassed based upon their race.

**PLAINTIFFS' RESPONSE**

Defendant Pro Staff moves for an im limine order precluding the Plaintiffs from testifying as to their "subjective" beliefs as to whether they were discriminated against or harassed on account of their race. This motion is ill considered as a plaintiff's "subjective" belief is an element of their hostile work environment.

"The Plaintiffs must subjectively perceive the harassment as sufficiently severe or pervasive, and this subjective perception must be objectively reasonable." **Frank v. Xerox Corp.,** (5th Cir, 2003) 347 F.3d 130, 138 [citing **Harris v. Forklift Sys.,** (1993) Inc., 510 U.S. 17].

Thus, testimony of co-workers that a plaintiff expressed upset over a particular act of harassment (e.g., the display of a hangman's noose) is admissible testimony as to the subjective element of the hostile environment claim.

Pro Staff has the right to defend itself - not by exclusion of evidence showing the subjective belief - but by evidence tending to show the subjective perception of the plaintiffs might not be reasonable and not be excluding evidence that is not only relevant, but is an essential element of the Plaintiffs' case.

**PRO-STAFF MOTION IN LIMINE No. 25**

Exclusion of subjective opinions as to Plaintiffs job performance.

**PLAINTIFFS' RESPONSE**

Pro Staff moves this Court to exclude all testimony as to Plaintiffs' job performances from individuals not their supervisors. Pro Staff makes a convoluted argument that testimony from such witnesses would be inadmissible as those witnesses would not be aware of the "job performances relative to the performances of other similarly situated employees," then it makes a **FRE 403** argument that such evidence would "only serve to confuse and mislead the jury, which would substantially prejudice the defendant" and finally it makes a relevancy argument.

However, lay opinion testimony is admissible. "F.R.E. 701 requires only that opinions by lay witnesses be "rationally based on the perception of the witness and . . . helpful to . . . the determination of a fact in issue." **Hansard v. Pepsi Cola Metro Bottling, Co.** (5th Cir, 1989) 865 F.2d 1461, 1466.

The Plaintiffs will offer testimony of co-workers who observed Plaintiffs' performance in the Pro Staff work place, as to their work habits, efficiency, and skill[1]. Since satisfactory job performance is an element of Plaintiffs' discrimination cases,[2] such testimony is relevant.

As to Defendant's other arguments, the contention that any witness testifying as to a particular Plaintiff's job performance would be unaware of the job performance of other similarly situated individuals in the work place is an argument that addresses the weight of the testimony, not its admissibility. As to the **Rule 403** argument, the defendant offers no factual basis for the argument that evidence of the Plaintiffs job performance would somehow be mislead the jury. To the contrary, such evidence is not only relevant, it is an element of Plaintiffs discrimination claim.

**PRO-STAFF MOTION IN LIMINE No. 26**

Exclude all evidence of punitive damages as to Pro-Staff.

**PLAINTIFFS' RESPONSE**

---

[1] **Hansard**, a case cited by Pro Staff, not only supports the admission of lay opinion testimony as to the Plaintiffs' job performance but is authority for the proposition that opinion testimony as to a person's intent or motivation may be admissible in cases of employment discrimination. 865 F.2d at 1467.

[2] **Texas Dept. of Community Affairs v. Burdine,** (1981) 450 U.S. 248, 254, fn. 7.

First of all, Plaintiffs have evidence that Pro Staff acted with reckless indifference. Evidence will be presented showing that Pro Staff knew of racial harassment in the relevant work place as early as 2001, but took no action to remedy or rectify it. Furthermore, Pro Staff consistently refused to take action when its employees complained of harassment by FMC employees.

To the extent Pro Staff claims it is shielded from punitive damages liability because it published written policies proscribing unlawful discrimination or harassment, it is mistaken.

A defendant is not absolved from punitive damages solely because it publishes an anti-harassment policy or holds an occasional, pro forma meeting. "Although the implementation of a written or formal anti-discrimination policy is relevant to evaluating an employer's good faith efforts at Title VII compliance, it is not sufficient in and of itself to insulate an employer from a punitive damages award." **Bruso v. United Airlines Inc.** (7th Cir, 2001) 239 F.3d 848, 858.

In **Cadena v. Pacesetter** (5th Cir, 2000) 224 F.3d 1203, the court upheld punitive damages to a "good faith compliance" challenge because Cadena had "presented substantial evidence suggesting that Pacesetter knew about [the] sexually harassing conduct but failed to take any action to stop it." Id at 1210.

Evidence that repeated complaints to managers were ineffective in stopping serial acts of harassment creates a jury issue as to the employer's good faith efforts to enforce an anti-discrimination policy. **Hertzberg v. SRAM Corp., (**5th Cir, 2001) 261 F.3d 651, 663-664. This is precisely the case here, where despite repeated complaints by plaintiffs, and others, FMC management was unable to eradicate racial epithets or graffiti from the workplace, in addition to the repeated appearances of hangman's nooses. Evidence that an employer disregarded its formal "zero tolerance for discrimination" policy also creates a jury question as to an employer's good faith. **Bruso v. United Airlines Inc.**, supra, 239 F.3d at 861.

**PRO-STAFF MOTION IN LIMINE No. 27**

Exclusion of evidence as to damages or the computation of damages not previously disclosed.

**PLAINTIFFS' RESPONSE**

_____Plaintiffs do not oppose this motion.

**PRO-STAFF MOTION IN LIMINE No. 28**

_____Exclude evidence or argument of what Pro Staff's policies and practices should be.

**PLAINTIFFS' RESPONSE**

Pro Staff having put their policies at issue, the Plaintiffs should be entitled to controvert those claims by showing (1) The policies themselves are not adequate to prevent discrimination; and (2) That the policies were not adequately put into practice at the work place. In other words, Plaintiffs dispute that Pro Staff did what was "reasonable" under the circumstances.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Date: October 11, 2010 | THE LAW OFFICES OF JOSEPH L. ALIOTO & ANGELA ALIOTO |

    /s/ Angela Alioto
ANGELA ALIOTO, California Bar No. 130328
Southern Texas US District Bar No. 957811
Attorney-in-Charge
**Law Offices of Mayor Joseph L. Alioto
& Angela Alioto**
700 Montgomery Street
    San Francisco, CA  94111
Telephone: (415) 434-8700
Facsimile: (415) 438-4638
THE LAW OFFICES OF JOSEPH L.
ALIOTO & ANGELA ALIOTO