UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| BORIS BRYANT, DARREN MAYO, EDWARD PIERRE, LAWRENCE GRICE, KEVIN MCINTYRE, MAURICE GALIMORE, JAMES BROWN, CARLOS BEATTY, MARCUS PAREJO, LAMAR NEWTON, JOHN LUCAS, CARLTON SYKES,<br><br>Plaintiffs,<br><br>v.<br><br>FMC TECHNOLOGIES, INC., PROSTAFF PERSONNEL ACQUISITION CORP.,<br><br>Defendants. | Case No. 04:08-CV-03744<br><br>PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES <u>IN OPPOSITION TO</u> DEFENDANT FMC'S MOTION TO BAR NON-PLAINTIFF WITNESSES FROM TESTIFYING AS TO RACIAL DISCRIMINATION & HARASSMENT |

1. **INTRODUCTION**

In a motion in limine filed on October 20, 2010, Defendant FMC renews a motion in limine it previously made, and lost, for a blanket exclusion of all non-Plaintiff ("me too") witnesses from testifying as to any racial discrimination or harassment experienced by them in the FMC work place.

The witnesses whose testimony FMC challenges are former co-plaintiffs, as well as co-workers, each of whom worked in the same work place as the remaining plaintiffs

and who encountered the same supervisors and harassing co-workers as the Plaintiffs.

The Plaintiffs oppose this motion on the ground that testimony from such witnesses can be potentially have high probative values. Such evidence can be so highly relevant, there would be no undue or unfair prejudice to the Plaintiffs.

This Court should deny the current incarnation for the same reason it denied the prior version.

## 2. A BLANKET EXCLUSION OF "ME TOO EVIDENCE" IS NOT PERMISSABLE

FMC moves for a blanket exclusion from evidence of racial discrimination or harassment by any other current or former employee (i.e., "me too evidence") based on the claim that such evidence is *per se* inadmissible. This is in direct contradiction to U.S. Supreme Court precedent.

In **Sprint/United Management Co. v. Mendelsohn**, (2007) 552 U.S. 379, the United States Supreme Court held that such "me too evidence" is neither per se admissible or inadmissible. Id at 387.

> The question whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case. Applying Rule 403 to determine if evidence is prejudicial also requires a fact-intensive, context-specific inquiry. Id.

Significantly, in this second motion on the same subject FMC makes no mention whatsoever of **Mendelsohn**, even though the opinion in that case explicitly instructs lower courts that admissibility of "me too" evidence is fact specific and that any per se rule of exclusion is inappropriate.

When plaintiffs present claims of intentional discrimination, it can be an abuse of discretion for a trial court to exclude evidence of the atmosphere in which the Plaintiffs were compelled to work. **Ratliff v. Governor's Safety Program** (5th Cir, 1986) 791 F.2d 394, 402; **Kelly v. Boeing Petroleum Servs., Inc.**, supra, 61 F.3d at 358.

Evidence of other wrongs or acts may be admissible to prove, for example, defendant's motive, intent, plan, knowledge or absence of mistake in an employment discrimination case. **Fed. R. Evid. 404(b)**; **Burks v. Oklahoma Publ. Co.,** (10th Cir, 1996) 81 F.3d 975, 981; **Spulak v. K Mart Corp.,** (10th Cir, 1990) 894 F.2d 1150, 1156; **Heyne v. Caruso** (9th Cir, 1995) 69 F.3d. 1475, 1479-1480. ["[B]ecause an employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted at trial."]; **Hawkins v. Hennepin Technical Center** (8th Cir, 1990) 900 F.2d. 153, 155-156.

Consistent with the teachings of **Mendelsohn**, supra, **Wyvill v. Waldrop** (5th Cir, 2000) 212 F.3d 296, is not to be understood as supporting a *per se* rule excluding "me too evidence" but is, instead, a fact based determination of relevancy in a very specific context. Courts in the Fifth Circuit have declined to apply **Wyvill** when confronted with different facts. **Lewis v. Home Depot U.S.A., Inc.,** (WD Tx, 2007) 2007 U.S. Dist. LEXIS 26691*5, 89 Empl. Prac. Dec. (CCH) P42,821.

**Rashid v. Jack in the Box, Inc** (5th Cir, 2004) 376 F.3d 305, a case relied upon by FMC, is unhelpful to its argument. There, the Fifth Circuit held that evidence other employees were fired for the same alleged offense as the plaintiff did not support summary judgment in favor of *the employer* in a discrimination case. Id at 314. The **Rashid** Court did *not* hold the evidence of treatment of other employees was inadmissible at trial, only that its relevance as mitigated by the fact that the firings of other employees occurred in other work places or by other managers. Id. After citing **Wyvill**, the **Rashid** court provides a fact specific analysis of the proffered evidence, precisely the sort of fact based inquiry mandated by **Mendelsohn**, supra, 552 U.S. 379, and urged by the Plaintiffs in this case.

Nor does **Goff v. Continental Oil Co.** (5th Cir, 1982) 678 F.2d 593, help FMC. There, evidence from non-plaintiff witnesses was excluded. "[b]ecause none had

worked in Goff's department, their testimony would not have concerned the same supervisors of whom Goff complained." Id at 596. Here, however, the testimony of the former plaintiffs and other co-workers concern events in *the same* work place as Plaintiffs, the same co-workers and the same harassing co-worker. These are the very same facts that distinguish the present case from **Wyvill**.

### 4.   "ME TOO EVIDENCE' IS POTENTIALLY HIGHLY RELEVANT

FMC's renewed challenge to the "me too evidence as unduly prejudice simply does not come to grips with the fact that such evidence is potentially highly relevant.

In **Hurley v. Atlantic City Police Dep't,** supra, 174 F.3d at 110-112, the court found evidence that women other than the plaintiff were subjected to a hostile work environment was "in Rule 403 terms, this evidence is highly probative, hence it is unlikely that any putative prejudice therefrom will be unfair or will outweigh its value."

'Undue prejudice' exists when there is a "'possibility that the evidence will excite the jury to make a decision on the basis of a factor other the issues properly before it.'[citation]." **Heyne v. Caruso,** supra, 69 F.3d. at 1481. There, the court found that there would be no undue prejudice; "There is a direct link between the issue before the jury - the employer's motive behind firing the Plaintiff - and the factor on which the jury's decision is based - the harassment of other female employees." Id.

The Plaintiffs ask the court deny this blanket in limine challenge.

### 5.   THERE SHOULD BE NO BLANKET EXCLUSIONARY ORDER

FMC argues that there should be a blanket exclusion of all testimony or evidence regarding harassing acts the Plaintiffs did not themselves personally witness. Regardless of the ultimate admissibility of the proffered evidence, this approach of blanket exclusion is fundamentally unfair to the Plaintiffs because it essentially prevents them from proving their case. For this reason, such blanket exclusions are disfavored.

Appellate courts have advised caution in excluding evidence in discrimination cases because of "undue prejudice" because such blanket evidentiary exclusions can cripple an employee's ability to present his case. **Estes v. Dick Smith, Inc.** (8th Cir., 1988) 856 F.2d. 1097, 1162-1163.

> Circumstantial evidence of discrimination typically includes unflattering testimony about the employer's history and work practices - evidence which in other cases may well unfairly prejudice the jury against the defendant. In discrimination cases, however, such background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive. Id.

There is a policy of judicial hostility to blanket in limine exclusion of evidence in discrimination cases - especially with regard to evidence of discriminatory acts against other employees. **Glass v. Philadelphia Electric Co.** (3d. Cir. 1994) 34 F.3d. 188, 195. Appellate courts closely examine trial court in limine rulings excluding evidence on a blanket basis **Kelly v. Boeing** (5th Cir, 1995) 61 F.3d. 350. 357. On the other hand, the preferred approach is to examine the proffered testimony or evidence, on a case by case basis, outside the presence of the jury. See Id at 359-360.

6. **CONCLUSION**

For all the reasons listed above, the renewed motion in limine should be denied.

Respectfully Submitted,

Date: October 20, 2010

THE LAW OFFICES OF JOSEPH L. ALIOTO & ANGELA ALIOTO


   /s/ Angela Alioto
ANGELA ALIOTO, California Bar No. 130328
Southern Texas US District Bar No. 957811
Attorney-in-Charge
**Law Offices of Mayor Joseph L. Alioto & Angela Alioto**
700 Montgomery Street
San Francisco, CA 94111
Telephone: (415) 434-8700
Facsimile: (415) 438-4638
THE LAW OFFICES OF JOSEPH L. ALIOTO & ANGELA ALIOTO